IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., AS CO-ADMINISTRATIVE AGENT, AND SPECTRUM COMMERCIAL FINANCE LLC, AS CO-ADMINISTRATIVE AGENT,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., RONALD BURKLE, JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,<br><br>　　　　　　　　　Defendants. | Adv. Proc. No. 14-50971 (CSS)<br><br><br><br><br>Hearing Date: No hearing will be held unless requested or ordered by the Court<br>Objection Deadline: March 5, 2015 at 4:00 p.m. (ET)<br><br>Ref. Docket Nos.: |

**MOTION FOR ORDER, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018, AUTHORIZING DEFENDANTS TO (I) FILE UNDER SEAL PORTIONS OF (A) DEFENDANTS' ANSWER AND COUNTERCLAIMS AND (B) YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., AND RONALD BURKLE'S MOTION TO DISMISS, AND (II) FILE UNDER SEAL ANY FUTURE CONFIDENTIAL DOCUMENTS OR MATERIALS RELATING TO THE ADVERSARY PROCEEDING**

01:13920360.1

Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P., Yucaipa American Alliance Fund II, L.P., and Yucaipa American Alliance (Parallel) Fund II, L.P. (collectively, "Yucaipa"), and individuals Jos Opdeweegh, Derex Walker, Jeff Pelletier, Ira Tochner, Joseph Tomczak, and Ronald Burkle (such individuals, the "Individual Defendants," and collectively with Yucaipa, "Defendants"), by and through their undersigned counsel, hereby move this Court (the "Seal Motion") for entry of an order, pursuant to § 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing Defendants to file under seal certain portions of (a) Defendants' Answer and Counterclaims (collectively with any exhibits attached thereto, the "Answer") and (b) Yucaipa American Alliance Fund II, L.P., Yucaipa American Alliance (Parallel) Fund II, L.P., and Ronald Burkle's Motion to Dismiss (collectively with the supporting brief, the "Motion")[1] in response to the Complaint [Adv. D.I. 1] filed by the Plaintiffs in the above-captioned adversary proceeding (the "Adversary Proceeding"), and (ii) granting Defendants a protective order to file under seal any confidential documents or information relating to the Adversary Proceeding that are filed in the future by Defendants. In support of this Seal Motion, Defendants respectfully represent as follows:

---

[1] Defendants Yucaipa American Alliance Fund II, L.P., Yucaipa American Alliance (Parallel) Fund II, L.P., and Ronald Burkle have moved to dismiss the claims against them in their concurrently filed Motion. They therefore do not join in the Answer. Instead, if it becomes necessary for any of them to respond further to the Complaint, their response will be made in accordance with Federal Rule of Bankruptcy Procedure 7012(a). Both the Answer and Motion are being filed concurrently with this Seal Motion.

2

01:13920360.1

## JURISDICTION

1. This Court has jurisdiction to hear the Seal Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are § 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## BACKGROUND

2. On May 17, 2012, BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 Ltd., and Spectrum Investment Partners, L.P. (the "Petitioning Creditors") filed involuntary petitions against Debtor Allied Holdings and its subsidiary Allied Systems, Ltd. (L.P.) under chapter 11 of the Bankruptcy Code with this Court. On June 10, 2012, the remaining Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. This Court entered an order directing the joint administration of the Debtors' chapter 11 cases on June 11, 2012.

3. On June 20, 2012, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code.

4. On October 18, 2012, Debtor Allied Systems Holdings, Inc. commenced Adversary Proceeding No. 12-50947 (CSS) (the "Debtor Adversary Proceeding") by filing its *Verified Complaint for Declaratory Judgment and Injunctive Relief.* Yucaipa and the Petitioning Creditors are defendants in the Debtor Adversary Proceeding.

5. On January 25, 2013, BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 Ltd., and Spectrum Investment Partners, L.P. (the "Petitioning Creditors") commenced Adversary Proceeding No. 13-50499 (CSS).

3

01:13920360.1

6. On February 1, 2013, the Committee commenced Adversary Proceeding No. 13-50530 (CSS) (the "Committee Adversary Proceeding") by filing its *Complaint for (i) Equitable Subordination, (ii) Recharacterization, (iii) Breach of Contract, (iv) Specific Performance, (v) Breaches of Fiduciary Duties, (vi) Aiding and Abetting Breaches of Fiduciary Duties, (vii) Avoidance and Recovery of Avoidable Transfers, and (viii) Disallowance of Certain Claims*.

7. On March 21, 2013, the Court entered an order [Main Case D.I. 1015] granting the Petitioning Creditors' request to intervene as plaintiffs, on behalf of themselves and not on behalf of the Debtors' estates, in the Committee Adversary Proceeding.

8. On March 25, 2013, the Court entered a Protective Order (the "Protective Order") in both the Debtor Adversary Proceeding [Adv. D.I. 171] and the Committee Adversary Proceeding [Adv. D.I. 86] governing the production and use of information and documents that may contain or otherwise consist of proprietary or confidential information.

9. During the course of discovery in the Committee Adversary Proceeding, subject to the terms and conditions of the Protective Order, the parties produced documents.

10. On November 19, 2014, the Plaintiffs commenced this Adversary Proceeding by filing their Complaint against the Defendants.

11. Contemporaneously with this Seal Motion, the undersigned are filing the Answer and Motion, which themselves contain, or attach certain exhibits that contain, or otherwise refer to documents and/or information that have been designated or marked as "Confidential" or "Professionals Only" pursuant to the terms of the Protective Order.

### RELIEF REQUESTED

12. Pursuant to § 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b), the Defendants respectfully request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) authorizing Defendants to file under seal, certain

4

portions of the Motion and Answer (including certain exhibits) to protect the confidential nature of certain information that is contained in the Answer, Motion, and related exhibits, (ii) granting the Defendants a protective order to file under seal, without need for any further order of the Court, any future confidential documents or information (collectively, the "Sealed Documents") that they file in connection with the instant Adversary Proceeding, and (iii) directing that the Sealed Documents, including, without limitation, the complete and unredacted Motion, Answer, and related exhibits, shall remain under seal and confidential and not be made available to anyone, except for the Court, the United States Trustee, the Debtors, the Committee, the Plaintiffs, or others upon further order of the Court.[2]

## BASIS FOR RELIEF REQUESTED

13.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1)  protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)  protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

---

[2] In accordance with Local Rule 9018-1(b), Defendants will deliver true and accurate copies of all Sealed Documents, including, without limitation, the Answer, Motion, and exhibits thereto, in complete and unredacted form to Chambers. The Defendants will also serve the Debtors, the Committee, and the Plaintiffs with true and accurate copies of all Sealed Documents, including, without limitation, the Motion, Answer, and exhibits thereto, in complete and unredacted form.

14. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018.

15. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in § 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Id.* Courts in this district have defined commercial information as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*).

16. Sufficient cause exists for the Court to grant the relief requested herein. Portions of the Motion, Answer, and certain of the exhibits thereto, contain confidential sensitive information. Specifically, the redacted portions of the Motion, Answer (and certain exhibits attached thereto) were designated as confidential by certain of the Plaintiffs pursuant to the Protective Order entered by this Court in both the Debtor Adversary Proceeding [Adv. D.I. 171]

01:13920360.1

and the Committee Adversary Proceeding [Adv. D.I. 86]. The filing of the redacted versions of these documents is the least intrusive means of protecting confidential sensitive information. As such, the Defendants are filing the redacted versions of the Answer (and certain exhibits) and Motion to protect the confidential information contained therein.

17. For the reasons set forth above, Defendants submit that good cause exists for the Court to grant the relief requested herein and that approval of this Seal Motion is necessary and appropriate.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Seal Motion and such other and further relief as is just and proper.

Dated: February 19, 2015
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Michael R. Nestor*
John T. Dorsey, Esquire (No. 2988)
Michael R. Nestor, Esquire (No. 3526)
Sharon M. Zieg, Esquire (No. 4196)
Michael S. Neiburg, Esquire (No. 5275)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
MNestor@ycst.com

- and-

GIBSON, DUNN & CRUTCHER LLP
Robert A. Klyman
Maurice M. Suh
Kahn Scolnick
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
RKlyman@gibsondunn.com

*Attorneys for Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P., Yucaipa American Alliance Fund II, L.P., Yucaipa American Alliance (Parallel) Fund II, L.P., Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, Ira Tochner, and Joseph Tomczak*