## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.* | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLIED SYSTEMS HOLDINGS, INC. and its affiliated debtors, | Adv. Proc. No. 13-50530 (CSS) |
| Plaintiff, | **Ref. No. 363** |
| BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., AND SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK, | |
| Defendants. | |
| BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., AS CO-ADMINISTRATIVE AGENT, AND SPECTRUM COMMERCIAL FINANCE LLC, AS CO-ADMINISTRATIVE AGENT | Adv. Proc. No. 14-50971 (CSS) |
| | **Ref. No. 84** |
| Plaintiffs, | |
| v. | |

YUCAIPA AMERICAN ALLIANCE FUND I, L.P.,
YUCAIPA AMERICAN ALLIANCE (PARALLEL)
FUND I, L.P., YUCAIPA AMERICAN ALLIANCE
FUND II, L.P., YUCAIPA AMERICAN ALLIANCE
(PARALLEL) FUND II, L.P., RONALD BURKLE, JOS
OPDEWEEGH, DEREX WALKER, JEFF PELLETIER,
IRA TOCHNER, and JOSEPH TOMCZAK

                    Defendants.

## AGREED AMENDED SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned

adversary proceedings (the "Adversary Proceedings"),

**IT IS HEREBY ORDERED** that:

1.      **Applicability to Adversary Proceeding No. 13-50530 and Adversary**

**Proceeding No. 14-50971.** This Amended Scheduling Order shall govern both Adversary

Proceedings No. 13-50530 and No. 14-50971.

2.      **Extensions of Deadlines for Responsive Pleadings.** Any extension of

time to file a responsive pleading is not effective unless approved by Order of the Court. Any

motion for extension of time to file a responsive pleading or stipulated order for such an

extension must be filed with the Court no later than ten (10) days before the Initial Scheduling

Conference in the Adversary Proceedings.

3.      **Fact Discovery.** All fact discovery shall be completed no later March 16,

2016.

4.      **Expert Discovery.** The parties shall provide expert reports for any issue

on which they bear the burden of proof no later than 30 days after the close of fact discovery.

Any party's expert report intended to rebut any other expert report shall be provided no later than

50 days after the close of fact discovery. All reports shall provide the information required by

Fed. R. Civ. P. 26(a)(2)(B). All expert discovery-including expert depositions-shall be completed, and discovery shall close, 80 days after the close of fact discovery.

5.    **Dispositive Motions.** All dispositive motions shall be filed and served no later than 45 days after the close of all discovery as specified in Paragraphs 3 and 4 above and shall be subject to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

6.    **Pre-Trial Procedures.** The parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceedings Set for Trial Before Judge Christopher S. Sontchi. The parties shall file, no later than three (3) business days prior to the earlier of date set for (i) pretrial conference (if one is scheduled) or (ii) trial, their Joint Pre-Trial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Sontchi's chambers.

7.    **Trial Date.** The Court shall set a status conference to take place within 60 days after the close of discovery, or as soon thereafter as the Court's schedule permits. At that conference, the Court shall set the Adversary Proceedings for trial and may, in its discretion, schedule a pre-trial conference.

8.    **Status Updates.** The Plaintiffs shall immediately notify Chambers upon the settlement, dismissal, or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiffs in each of the Adversary Proceedings shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. The Plaintiffs in each of the Adversary Proceedings

shall immediately advise Chambers, in writing, of any occurrence or circumstance which such

Plaintiffs believe may suggest or necessitate the adjournment or other modification of the trial

setting.

9.     **Extension of Deadlines.**  Deadlines contained in this Scheduling Order

may be extended only by the Court and only upon written motion for good cause shown.

10.     **Service of this Amended Scheduling Order.**  The Plaintiffs in each

Adversary Proceeding shall serve this Amended Scheduling Order on each Defendant within five

(5) business days after the entry of this Order.

DATED: _____8/26_____, 2015
            Wilmington, DE

_____
CHRISTOPHER S. SONTCHI
U.S. BANKRUPTCY JUDGE