**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Yucaipa American Alliance Fund I, L.P., and Yucaipa American Alliance (Parallel) Fund I, <br><br> Appellants-Defendants, <br><br> v. <br><br> BDCM Opportunity Fund II, L.P., Black Diamond CLO 2005-1 Ltd., Spectrum Investment Partners, L.P., Black Diamond Commercial Finance, L.L.C., as Co-Administrative Agent, and Spectrum Commercial Finance, LLC, as Co-Administrative Agent, <br><br> Appellees-Plaintiffs. | Chapter 11 <br><br> Case No. 12-11564 (CSS) <br><br> (Jointly Administered) <br><br> Adv. Proc. No. 14-50971 <br><br> C.A. No. _____ <br><br> ECF Case |

**APPELLANTS-DEFENDANTS YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.'S MOTION FOR LEAVE TO APPEAL**

Appellants-Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. ("Yucaipa"), by and through their undersigned counsel, hereby move pursuant to 28 U.S.C. § 158(a)(3), Federal Rules of Bankruptcy Procedure 8002(a) and 8004(a), and Rule 8001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware for leave to appeal the Bankruptcy Court's dismissal with prejudice of Yucaipa's counterclaim for equitable subordination (the "Counterclaim") against BDCM Opportunity Fund II, L.P., Black Diamond CLO 2005-1 Ltd., and Black Diamond Commercial Finance, L.L.C. (collectively, "Black Diamond"), and

01:17649232.1

Spectrum Investment Partners, L.P. and Spectrum Commercial Finance, LLC ("Spectrum," and together with Black Diamond, "BD/S"), in adversary proceeding No. 14-50971.

Copies of the Bankruptcy Court's relevant Opinion (A.P. No. 14-50971, 82-1 ("Op.")) and Order (A.P. No. 14-50971, 82) are attached hereto as Exhibits 1 and 2, respectively.

## I.     STATEMENT OF FACTS

The background of this appeal is set forth in greater detail in Yucaipa's concurrently filed memorandum in support of this motion (the "Memorandum"). The underlying dispute between the parties arises out of the Allied[1] bankruptcy case and the related adversary proceedings pending in the Bankruptcy Court and in this Court.

On November 19, 2014, BD/S filed the specific adversary action out of which Yucaipa's appeal arises, No. 14-50971 (the "BD/S Action"). The BD/S Action seeks equitable subordination of Yucaipa's first lien claims. BD/S also pleaded causes of action against Yucaipa and former Allied directors for breach of fiduciary duty, breach of contract, and tortious interference. (A.P. No. 14-50971, D.I. 1.)[2]

On February 19, 2015, Yucaipa filed an equitable subordination counterclaim against BD/S. (A.P. No. 14-50971, D.I. 19.) Yucaipa's counterclaim details how BD/S has schemed its way to turn a relatively small investment in Allied into huge profits by (i) once Yucaipa acquired the majority of first lien debt, preventing Yucaipa from acting as Requisite Lender or taking other actions to benefit Allied and its stakeholders, because those actions would have prevented the windfall recovery that BD/S seeks; (ii) filing the involuntary bankruptcy petition against Allied in 2012, supported by false affidavits concealing illegal claims trading and Black Diamond's bribe to Spectrum in the form of a claims transfer, and (iii) pursuing a baseless

---

[1] "Allied" refers, collectively, to Allied Systems Holdings, Inc., its affiliates, the debtors in the prior bankruptcy, and the debtors in the present bankruptcy (*In re ASHINC Corp.*, No. 12-11564 (Bankr. D. Del. May 17, 2013).

[2] The Committee of Unsecured Creditors also brought a similar action against Yucaipa and certain Allied directors, Adversary Proceeding No. 13-50530.

01:17649232.1

equitable subordination strategy in bankruptcy court, which BD/S conceived of even before Yucaipa acquired any first lien debt. (*Id.* ¶¶ 8–11.)

Separately, Yucaipa filed a civil action against BD/S in this Court on May 8, 2015, alleging violations of civil RICO, fraud, and tortious interference (the "RICO Action"). (D. Ct. No. 15-cv-00373-SLR, D.I. 1.) Yucaipa's factual allegations in the RICO Action are substantially similar to those in its Counterclaim in the BD/S Action.

BD/S moved to dismiss Yucaipa's Counterclaim under FRBP 7012. (A.P. No. 14-50971, D.I. 41.) The bankruptcy court granted BD/S's motion without a hearing and dismissed Yucaipa's counterclaim with prejudice on August 21, 2015. (A.P. No. 14-50971, D.I. 82.) In a separate Opinion, the court effectively adopted all of BD/S's arguments (*see* Op.), dismissing Yucaipa's counterclaim on four main grounds:

*First*, the bankruptcy court ruled that Yucaipa had not plausibly alleged BD/S's scheme under the *Iqbal-Twombly* standard. (Op., pp. 61–62.) *Second*, the court held that a contractual covenant not to sue bars Yucaipa's claims against any other lender (including BD/S). (*Id.* at pp. 30–34.) *Third*, the court also applied an expansive reading of a contractual "appearance prohibition" to prevent Yucaipa from asserting any counterclaims whatsoever. (*Id.* at pp. 43–44.) *Fourth*, the court held that Yucaipa was collaterally estopped from alleging certain facts based on an identity of issues between a prior cross-claim for declaratory relief that the bankruptcy court dismissed in 2013, and Yucaipa's current counterclaim describing the initial steps in BD/S's scheme. (*Id.* at pp. 50–51.)

BD/S also moved to dismiss the RICO Action. Its motion is fully briefed and pending before this Court, and contains arguments that are identical to the arguments in its motion to dismiss Yucaipa's counterclaim. (*Compare* D. Ct. No. 15-cv-00373-SLR, D.I. 16, *with* A.P. No. 14-50971, D.I. 41.)

## II.     QUESTIONS PRESENTED

(1) Did Yucaipa plead sufficient factual content to plausibly state a claim for equitable subordination of BD/S's debt, premised on BD/S's multi-step, wrongful plan to harm Yucaipa?

(2) Is it sufficiently plausible that it would be "unrealistic" for other lenders to pursue these claims against BD/S, such that Yucaipa may proceed under the public-policy exception to the covenant not to sue?

(3) Did the bankruptcy court correctly interpret the contractual appearance prohibition to foreclose Yucaipa from asserting claims for willful misconduct against non-debtors in an adversary case?

(4) Did the bankruptcy court properly give collateral estoppel effect to its 2013 dismissal of Yucaipa's cross-claims?

## III.    RELIEF SOUGHT

Yucaipa respectfully requests that the Court enter an order granting Yucaipa leave under 28 U.S.C. § 158(a)(3) to appeal the bankruptcy court's Opinion and Order dismissing Yucaipa's counterclaim with prejudice.

## IV.    REASONS WHY THE COURT SHOULD GRANT LEAVE TO APPEAL

Yucaipa sets forth its arguments in greater detail in its Memorandum in Support of this Motion.  Simply put, Yucaipa's four questions of law are "controlling" because the bankruptcy court's incorrect disposition of any of them would be reversible error on appeal.  *See*, *e.g.*, *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) ("A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal.").

Furthermore, this Court should hear these issues on an interlocutory basis because their immediate resolution may materially advance the termination of the litigation, conserving the time and resources of the bankruptcy court, this Court, the Third Circuit, and the parties.  *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005)

01:17649232.1

("[C]ourts have tended to make the 'controlling question' requirement the same as the requirement that [the] determination [of the appeal] 'may materially advance the ultimate termination of the litigation.'").  In particular, given the unique procedural posture and the overlap of issues between the adversary proceeding below and the matters currently before this Court (including Yucaipa's RICO Action and its pending motion to withdraw the reference of the underlying adversary proceeding), an immediate appeal is the only way to ensure consistent, efficient management of these various matters.  *See Katz*, 496 F.2d at 755 (conserving time and expense is "a highly relevant factor").  Conversely, denying an interlocutory appeal will almost certainly lead to duplication of effort and possibly retrials.

There are also substantial grounds for differences of opinion as to the dismissal of Yucaipa's counterclaim.  *First*, the bankruptcy court concluded that BD/S's scheme as detailed in the counterclaim was "implausible."  In so doing, the court misapplied the *Iqbal-Twombly* standard—declining to accept Yucaipa's allegations as true and resolving various inferences against Yucaipa.  *Second*, the bankruptcy court's application of the contractual "covenant not to sue" violates settled public policy.  The court effectively immunized BD/S's willful misconduct and erroneously rejected Yucaipa's allegations as to the various reasons why it would be unrealistic to expect other lenders to bring this claim.  *Third*, the bankruptcy court's novel construction of the "appearance prohibition" is likewise contrary to public policy and the plain text of the contract.  *Fourth*, the bankruptcy court's application of collateral estoppel is faulty for a number of reasons, not the least of which is that the prior ruling on which the court relied is not sufficiently "final" for purposes of estoppel.

In short, and as the Memorandum details, this appeal presents controlling questions of law, resolution of which will materially advance the termination of the various litigations pending in this Court and the bankruptcy court.  And there are substantial grounds for differences of opinion.  The Court should hear Yucaipa's interlocutory appeal from the dismissal of its counterclaim.

01:17649232.1

## V.    D. DEL. L.R. 7.1.1 STATEMENT

Undersigned counsel avers that a reasonable effort has been made to reach agreement with BD/S regarding the subject matter of this Motion.

*     *     *

**WHEREFORE**, for the reasons set forth above and as further discussed in the Memorandum, Yucaipa respectfully request that this Court: (i) enter an order granting Yucaipa leave to appeal the bankruptcy court's Opinion and Order, each dated August 21, 2015; and (ii) grant such other and further relief as the Court deems necessary or proper.

Dated: September 4, 2015

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edmon L. Morton*

Michael R. Nestor (No. 3526)
Edmon L. Morton (No. 3856)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
mnestor@ycst.com

- and-

GIBSON, DUNN & CRUTCHER LLP
Robert A. Klyman (*Pro Hac Vice*)
Maurice M. Suh (*Pro Hac Vice*)
Kahn Scolnick (*Pro Hac Vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
RKlyman@gibsondunn.com

*Attorneys for Appellants-Defendants
Yucaipa American Alliance Fund I, L.P., and
Yucaipa American Alliance (Parallel) Fund I, L.P.*

01:17649232.1