IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ALLIED SYSTEMS HOLDINGS INC., et al.,<br><br>        Debtors. | )<br>)<br>) Bank. No. 12-11564-CSS<br>)<br>) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLIED SYSTEMS HOLDINGS INC.,<br><br>        Plaintiff,<br><br>v.<br><br>MARK GENDREGSKE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 13-1010-SLR<br>) Adv. No. 13-50530-CSS<br>)<br>)<br>) |
| YUCAIPA AMERICAN ALLIANCE FUND I, LP, et al.,<br><br>        Appellants-Defendants,<br><br>v.<br><br>BLACK DIAMOND CLO 2005-1 LTD., et al.,<br><br>        Appellees-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>) Misc. No. 15-232-SLR<br>) Adv. No. 14-50971-CSS<br>)<br>)<br>)<br>)<br>) |

BLACK DIAMOND CLO 2005-1 LTD., )
et al., )
 )
      Plaintiffs, )
 )
v. ) Civ. No. 15-256-SLR
 ) Adv. No. 14-50971-CSS
YUCAIPA AMERICAN ALLIANCE FUND I, )
LP, et al., )
 )
      Defendants. )

# ORDER

At Wilmington this 13th day of November, 2015, having reviewed the status of the above-captioned cases vis a vis the status of the related adversary proceedings currently pending before Judge Sontchi in the United States Bankruptcy Court for the District of Delaware; and concluding that the complex business relationships and litigation history shared by the parties to such cases warrant special consideration in order to promote the interests of justice and of judicial economy;

NOW, THEREFORE, IT IS ORDERED that:

1. The motion to withdraw the reference filed by the Yucaipa parties in Civ. No. 15-256 (D.I. 1) is denied, as is the motion for interlocutory appeal filed by the Yucaipa parties in Civ. No. 15-232 (D.I. 1). There are two adversary proceedings that relate to the general dispute between the parties, one filed by the Official Committee of Unsecured Creditors of Allied Systems Holdings Inc. against, *inter alia*, the Yucaipa parties ("the Committee adversary," Adv. No. 13-50530), and one filed by the Black Diamond/Spectrum parties against, *inter alia*, the Yucaipa parties ("the BD/S

adversary," Adv. No. 14-50971). These proceedings involve at least some overlapping claims and certainly involve overlapping facts. Rather than have piecemeal litigation - either discrete withdrawals or interlocutory appeals - I conclude that it makes more sense to have the entire dispute resolved in the first instance by Judge Sontchi,[1] with this court taking one comprehensive review of the dispute rather than attenuated glances. This procedure avoids as well the risk of inconsistent rulings.

2. To be more consistent with the above decision, the Committee's action against defendant Gendregske will be referred back to the bankruptcy court through the summary judgment motion practice.

_United States District Judge_

---

[1] Recognizing, of course, that some of Judge Sontchi's decisions will be in the form of proposed findings of fact and conclusions of law.

3