# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., AS CO-ADMINISTRATIVE AGENT, AND SPECTRUM COMMERCIAL FINANCE LLC, AS CO-ADMINISTRATIVE AGENT,<br><br>    Plaintiffs,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., RONALD BURKLE, JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,<br><br>    Defendants. | Adv. Proc. No. 14-50971 (CSS) |

## DECLARATION OF KAHN SCOLNICK
## IN SUPPORT OF YUCAIPA DEFENDANTS' MOTION TO COMPEL THE
## PRODUCTION OF DOCUMENTS AND RESPONSES TO DISCOVERY REQUESTS
## FROM BLACK DIAMOND AND SPECTRUM

1

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
John T. Dorsey, Esquire (No. 2988)
Michael R. Nestor, Esquire (No. 3526)
Sharon M. Zieg, Esquire (No. 4196)
Michael S. Neiburg, Esquire (No. 5275)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
mnestor@ycst.com

- and-

GIBSON, DUNN & CRUTCHER LLP
Maurice M. Suh (*Pro Hac Vice*)
Robert A. Klyman (*Pro Hac Vice*)
Kahn Scolnick (*Pro Hac Vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
msuh@gibsondunn.com

*Attorneys for Plaintiffs Yucaipa American Alliance Fund I, L.P., and Yucaipa American Alliance (Parallel) Fund I, L.P.*

2

## DECLARATION OF KAHN SCOLNICK

I, Kahn Scolnick, hereby declare as follows:

1. I am an attorney duly admitted to practice before this Court *pro hac vice*, and I am a Partner at the law firm of Gibson, Dunn & Crutcher LLP, attorneys of record for Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P. (collectively, "Yucaipa"), Jos Opdeweegh, Derex Walker, Jeff Pelletier, Ira Tochner and Joseph Tomczak (collectively, the "Director Defendants" and with Yucaipa, the "Yucaipa Defendants"). I submit this declaration in support of the Yucaipa Defendants' Motion to Compel the Production of Documents and Responses to Discovery Requests.

2. I have personal knowledge of the facts set forth in this declaration, except for those stated upon information and belief, and if called to testify, I could and would competently testify to them.

3. Counsel has complied with the meet and confer requirement for this Motion pursuant to Local Rule 7026-1. Over the past year, the parties have exchanged correspondence on the issues that comprise this Motion and have engaged in telephone calls and an in-person meeting in a good faith effort to obtain the contested discovery without Court action. These efforts culminated in a lengthy in-person meeting on June 9, 2016, in New York, and subsequent confirming correspondence attached as Exhibits 25 and 26 to this Declaration. The parties have thus met and conferred and resolved many of their disputes, but have reached an impasse on these remaining issues.

4. On May 20, 2015 Yucaipa served its First Set of Requests for Production of Documents ("Requests for Production") on BDCM Opportunity Fund II, L.P. and Black Diamond CLO 2005-1 LTD ("Black Diamond") and Spectrum Investment Partners, L.P.

("Spectrum," and collectively with Black Diamond, "BD/S"), true and correct copies of which are attached hereto as **Exhibits 1 and 2**.

5. On June 10, 2015, the Yucaipa Defendants served their First Set of Interrogatories ("Interrogatories") on BD/S, true and correct copies of which are attached hereto as **Exhibits 3-1, 3-2, 3-3, 3-4, 3-5, 3-6 and 4-1, 4-2, 4-3, 4-4, 4-5, 4-6**.

6. Also on June 10, 2015, Yucaipa served its First Set of Requests for Admission (the "Requests for Admission") on BD/S, true and correct copies of which are attached hereto as **Exhibits 5 and 6**.

7. On June 19, 2015, BD/S served their Responses and Objections to Yucaipa's Requests for Production. BD/S objected to Requests for Production Nos. 1, 2, 36-37, 39-46 and 56 ("Disputed Requests for Production") on the basis of relevance, overbreadth, vagueness and undue burden, and refused to conduct a search for documents responsive to these requests. True and correct copies of BD/S's Responses and Objections are attached hereto as **Exhibits 7 and 8**.

8. On July 10, 2015, upon BD/S's request, Yucaipa agreed to extend the response deadline for the Interrogatories and Requests for Admission to July 31, 2015. A true and correct copy of this stipulation is attached hereto as **Exhibit 9**.

9. On July 31, 2015, BD/S served their Responses and Objections to Yucaipa's Requests for Admission. True and correct copies of BD/S's Responses and Objections are attached hereto as **Exhibits 10 and 11**.

10. Also on July 31, 2015, counsel for Yucaipa sent a letter to BD/S's counsel explaining, among other things, the relevance of the Disputed Requests for Production. A true and correct copy of that letter dated July 31, 2015 is attached hereto as **Exhibit 12**.

11. On August 1, 2015, BD/S served their initial privilege logs.

12. On August 13, 2015, counsel for Yucaipa sent counsel for BD/S a letter notifying BD/S that they had missed the deadline to object to the Yucaipa Defendants' Interrogatories, and therefore waived any objections. Counsel for Yucaipa requested that BS/S serve their responses without objections promptly. A true and correct copy of that letter dated August 13, 2015 is attached hereto as **Exhibit 13**.

13. On August 31, 2015, BD/S served their Responses and Objections to the Yucaipa Defendants' Interrogatories. They objected and refused to respond to 82 Interrogatories, collectively. For 38 Interrogatories, they objected on the grounds that they sought information "in support of allegations that Yucaipa is collaterally estopped from asserting[,]" among other things. They objected to an additional seven Interrogatories on the basis of overbreadth, irrelevance, and vagueness. They also refused to respond to 35 contention Interrogatories from the Director Defendants. True and correct copies of BD/S's Responses and Objections are attached hereto as **Exhibits 14-1, 14-2, 14-3, 14-4, 14-5, 14-6 and 15-1, 15-2, 15-3, 15-4, 15-5, and 15-6**.

14. Also on August 31, 2015, BD/S's counsel responded to Yucaipa's August 13, 2015 letter stating that their failure to respond to the Interrogatories by the agreed-upon and extended deadline did not result in a waiver of objections. BD/S pointed out that this Court had ruled in a prior action in a different adversary proceeding that "that late service of discovery responses does not constitute waiver of objections without a showing of prejudice." A true and correct copy of that letter dated August 31, 2015 is attached hereto as **Exhibit 16**.

15. On September 2, 2015, BD/S's counsel responded to Yucaipa's July 31, 2015 letter regarding BD/S's responses and objections to the Disputed Requests for Production. In that letter, BD/S asserted that the Disputed Requests for Production—as well as Request for

Production No. 38, for which they had agreed to search for documents previously—were "barred by collateral estoppel" based on this Court's dismissal of Yucaipa's counterclaim against BD/S in one of the adversary proceedings. BD/S also asserted that certain of the requests were an improper attempt to seek discovery in support of allegations made in a related, stayed action in Delaware Chancery Court. BD/S also maintained that Requests for Production Nos. 36 and 37 were irrelevant, vague and overbroad. A true and correct copy of that letter dated September 2, 2015 is attached hereto as **Exhibit 17**.

16.     On October 22, 2015, the Yucaipa Defendants' counsel sent counsel for BD/S a letter addressing various deficiencies in their privilege logs, including their improper withholding of various documents on the basis of the common-interest doctrine. A true and correct copy of that letter dated October 22, 2015 is attached hereto as **Exhibit 18**.

17.     On November 4, 2015, in a further attempt to resolve this dispute without judicial intervention, counsel for Yucaipa sent BD/S's counsel another letter explaining that they could not refuse to respond to relevant discovery requests based on collateral estoppel, and that these requests sought documents relevant to—and indeed at the core of—Yucaipa's unclean hands defense in the adversary proceedings. A true and correct copy of that letter dated November 4, 2015 is attached hereto as **Exhibit 19**.

18.     On November 10, 2015, counsel for BD/S replied to the October 22, 2015 letter from the Yucaipa Defendants' counsel regarding deficiencies in BD/S's privilege logs. BD/S agreed to correct some of the deficiencies the Yucaipa Defendants had noted, but continued to assert privilege over documents that they maintained were subject to the common-interest doctrine. A true and correct copy of that letter dated November 10, 2015 is attached hereto as **Exhibit 20**.

19. Also on November 10, 2015, BD/S served their revised privilege logs. Charts setting forth each of Black Diamond and Spectrum's privilege log entries that is at issue in this Motion are attached hereto as **Exhibits 21 and 22**.[1]

20. On December 15, 2015, counsel for Yucaipa sent BD/S another letter addressing their refusals to respond to Yucaipa's discovery requests on various grounds, and their improper assertion of the common-interest doctrine. A true and correct copy of that letter dated December 15, 2015 is attached hereto as **Exhibit 23**.

21. On December 18, 2015, counsel for BD/S sent a letter stating that they intended to stand on their objections to the discovery requests and on their assertions of the common-interest doctrine. A true and correct copy of that letter dated December 15, 2015 is attached hereto as **Exhibit 24**.

22. Over the next six months, the parties continued to meet and confer on various outstanding discovery issues in an attempt to resolve or narrow their disputes before engaging in motion practice. The parties ultimately agreed to an in-person meet and confer to conclude their discussions and, once that was done, to move forward with any necessary motions.

23. On June 9, 2016, counsel for BD/S and counsel for Yucaipa, along with counsel for the Official Committee of Unsecured Creditors and counsel for Mark Gendregske (another defendant in the adversary proceedings), met in person for several hours in New York. While the parties succeeded in resolving many of their disputes, they could not reach agreement on the issues that comprise this motion.

---

[1] Yucaipa has attached charts containing only the relevant portions of BD/S's privilege logs to this Declaration because of the voluminous nature of the logs in their entirety. However, Yucaipa can make BD/S's complete privilege logs available upon request.

24. On June 22, 2016, counsel for Yucaipa sent counsel for BD/S a letter summarizing the parties' positions and agreements from the June 9, 2016, meet and confer session. A true and correct copy of that letter dated June 22, 2016 is attached hereto as **Exhibit 25.**

25. On July 15, 2016 counsel for BD/S responded to Yucaipa's June 22, 2016 letter confirming the parties' positions. A true and correct copy of that letter dated July 15, 2016 is attached hereto as **Exhibit 26.**

26. Attached as **Exhibit 27** hereto is a true and correct of a document Bates-stamped MJX 0005250, produced in connection with these adversary proceedings.

27. Attached as **Exhibit 28** hereto is a true and correct of a document Bates-stamped SPEC0004312–16, produced in connection with these adversary proceedings.[2]

28. Pursuant to Local Rule 37.1, attached as **Exhibit 29** hereto is a chart setting forth each discovery request and response pertaining to Black Diamond that is at issue in this Motion.

---

[2] Exhibits 27 and 28 were designated "confidential" by the producing parties. As such, the Yucaipa Defendants are filing these Exhibits under seal, pursuant to this Court's order dated March 10, 2015 (Adv. No. 14-50971-CSS, D.I. 27).

29. Pursuant to Local Rule 37.1, attached as **Exhibit 30** hereto is a chart setting forth each discovery request and response pertaining to Spectrum that is at issue in this Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on this 21st day of July 2016, at Los Angeles, California.

Kahn Scolnick (*Pro Hac Vice*)