EXHIBIT 19

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Kahn A. Scolnick
Direct: +1 213.229.7656
Fax: +1 213.229.6656
KScolnick@gibsondunn.com

November 4, 2015

VIA ELECTRONIC MAIL

Robert J. Ward
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022

Re:  Black Diamond and Spectrum's Responses to Yucaipa Defendants' Discovery Requests (Adv. Proc. No. 14-50971)

Dear Bob:

I write as counsel for the Yucaipa Defendants pursuant to the parties' ongoing discovery meet-and-confer efforts in the BD/S Action, Committee Action, and RICO Action. Specifically, I write in response to your correspondence dated August 31 (which concerned Black Diamond and Spectrum's ("BD/S") responses and objections to the Yucaipa Defendants' interrogatories and requests for admissions) and your correspondence dated September 2 (which concerned BD/S's responses to the Yucaipa Defendants' requests for production of documents). This letter does not purport to be an exhaustive list of all deficiencies in, or outstanding issues with, BD/S's responses, and the Yucaipa Defendants reserve the right to raise additional issues as they become apparent.

A.  **BD/S's Responses to the Yucaipa Defendants' Requests for Production of Documents ("RFPs")**

As an initial matter, it has now been more than four months since BD/S agreed to search for documents responsive to Yucaipa's RFP Nos. 50 and 51 (document holds and evidence of changes to retention policies). And two months ago, in your September 2 letter, you stated that BD/S would be producing documents responsive to these RFPs "in short order." Yucaipa still awaits those documents.

1.  **Confirmation of Adherence to Discovery Protocol**

In February 2013, Yucaipa served 244 RFPs on Black Diamond and Spectrum (the "2013 RFPs"). On May 20, 2015, Yucaipa served Black Diamond and Spectrum with an additional 57 RFPs (the "2015 RFPs"). Both sets of RFPs were served with detailed instructions and protocols covering the search for, and production of, responsive documents. BD/S did not specifically object to those protocols in their responses. For convenience, I

GIBSON DUNN

Robert J. Ward
November 4, 2015
Page 2

have attached the protocols (substantially identical other than search terms) that were served along with the 2013 and 2015 RFPs.

With respect to 39 of the Yucaipa Defendants' 2015 RFPs, BD/S refused to produce any responsive documents because, according to BD/S, all responsive documents were previously produced in response to the 2013 RFPs. Assuming that is true, the Yucaipa Defendants are concerned that BD/S's previous collection/production efforts were deficient.[1]

Accordingly, please confirm that BD/S adhered to the attached protocols in collecting documents and responding to the 2013 and 2015 RFPs. Such confirmation would at least narrow the range of issues that the Yucaipa Defendants may need to address with the Court concerning BD/S's document collections and productions.[2]

### B.    Inapplicability of Collateral Estoppel

BD/S have taken the position that many of the Yucaipa Defendants' discovery requests concerning the RICO Action (including 13 RFPs, along with 38 interrogatories and one request for admission) are irrelevant because Judge Sontchi's August 21, 2015 Order dismissing Yucaipa's counterclaim in the BD/S Action serves as a collateral estoppel bar to the claims in Yucaipa's RICO Action. (*See* September 2 Letter at 1-2 & n.1 (acknowledging the relevance of these discovery requests in the RICO Action, but refusing to produce documents because "[t]he allegations in Yucaipa's RICO Complaint are the same as the allegations raised in its Counterclaims, and thus subject to collateral estoppel.").[3]

---

[1] Among other indicia giving rise to the Yucaipa Defendants' concerns, we have noted: (1) the relatively low number of documents produced by BD/S relative to the Yucaipa Defendants' production (Black Diamond has produced approximately 2,500 documents and Spectrum has produced approximately 3,000 documents, whereas Yucaipa has produced approximately 55,000 documents to date); and (2) certain gaps or inconsistencies in the BD/S productions (*e.g.*, we have identified multiple instances where Black Diamond or Spectrum have not produced communications on which their custodians were included).

[2] To the extent BD/S did not comply fully with the protocols, please describe the steps that BD/S took to search for, collect, and/or produce documents in 2013 and 2015, including the search terms BD/S employed.

[3] The requests at issue deal with, among other topics: BD/S's acquisition and sale of first lien debt; equitable subordination; the treatment of other lenders' claims for reimbursement; the treatment of Yucaipa's claims for reimbursement; any transfers of first lien debt between Black Diamond and Spectrum; the SBDRE entity; and transaction structures proposed by BD/S for Allied. These topics, as explained in detail in my letter of July 31, are directly relevant to Yucaipa's RICO claims. Additionally, these topics are at the core of Yucaipa's defense of unclean hands.

GIBSON DUNN

Robert J. Ward
November 4, 2015
Page 3

This objection is not well taken and appears to be little more than a stall tactic. For one thing, BD/S have not sought to dismiss the RICO Action on the basis of collateral estoppel, so they should not be relying on such an argument as a ground for refusing to respond to relevant discovery. In any event, collateral estoppel is an affirmative defense, not a proper ground for objecting to discovery. *Mezu v. Morgan State University*, 269 F.R.D. 565, 575 (D.Md. 2010). Furthermore, you explicitly argued to Yucaipa's prior counsel in 2013—in persuading them to dismiss their appeal from the bankruptcy court's order dismissing Yucaipa's cross-claim—that the order was interlocutory. As such, the order remains subject to appeal and is not yet sufficiently final for purposes of collateral estoppel.

Accordingly, please (i) withdraw BD/S's collateral estoppel objection to the Yucaipa Defendants' discovery requests, (ii) produce responsive documents subject to that objection, or (iii) confirm that BD/S intend to stand on this objection and withhold responsive documents, so that we may raise this issue promptly with Judge Robinson.

**B.    Outstanding Issues with Respect to Written Discovery (Interrogatories and RFAs)[4]**

BD/S improperly object to the interrogatories regarding BD/S's claims that Messrs. Tomczak, Opdeweegh, Pelletier, Tochner, and Walker (collectively, the "Director Defendants") violated their duties of loyalty and care to Allied.[5]

For example, BD/S object to and refuse to answer Walker Interrogatories 1–5, which seek information related to any instances where Mr. Walker allegedly took actions as a member of Allied's Board that were detrimental to Allied, to the benefit of Yucaipa, or demonstrate a failure to comply with fiduciary duties. BD/S object on the ground that they are not asserting breaches of fiduciary duties against Mr. Walker (presumably this is a relevance objection). Yet, both Black Diamond and Spectrum have joined the Committee

---

[4] BD/S served their responses to the Yucaipa Defendants' interrogatories on August 31, 2015—more than a month after the agreed-to (and extended) deadline. Contrary to BD/S's suggestion, Judge Sontchi's previous ruling regarding waiver in the Committee Action (13-50530) does not establish a blanket rule that authorizes the parties to ignore discovery deadlines in that or related cases without consequence.

[5] BD/S also object to these interrogatories on the basis that they are "improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure." As you know, Messrs. Tomczak, Opdeweegh, Pelletier, Tochner, and Walker each are separately named party-defendants, and therefore are each entitled under FRCP 33 to serve up to 25 interrogatories of their own.

GIBSON DUNN

Robert J. Ward
November 4, 2015
Page 4

Action (13-50530) as intervenor-plaintiffs; that action expressly asserts breaches of fiduciary duty against Mr. Walker. Discovery propounded in the BD/S Action has been coordinated with discovery in the Committee Action (and RICO Action) by agreement of the parties. That agreement to coordinate exists so that the parties are not forced to serve piecemeal or duplicative discovery requests in each related action—which is exactly what would be required if BD/S continue to stand on this improper objection.

Furthermore, BD/S's objections to Interrogatories 3, 4, and 5 are unfounded. Those Interrogatories request certain details regarding instances in which the Director Defendants allegedly used their positions on the Allied board to benefit Yucaipa or harm Allied. Such requests are directly relevant to (and indeed, closely mirror) BD/S's claims in the BD/S Action (paragraphs 33-37) that the Director Defendants "acted in [their] capacity as a director at the direction of and for the benefit of Yucaipa and Burkle." The BD/S complaint goes on to allege that the Director Defendants induced multiple breaches of the First Lien Credit Agreement and that they did so to "benefit themselves individually at the expense of the Debtors and their stakeholders." (¶¶ 33-37, 132-141.) The Yucaipa Defendants' Interrogatories 3, 4, and 5 are therefore directly relevant to BD/S's allegations and claims.

Please withdraw this objection and/or provide a response subject to the objection. Otherwise, please confirm that BD/S intend to stand on the objection and refuse to answer accordingly, so that the Yucaipa Defendants may seek the Court's guidance.

***

We look forward to working with you to sort through the issues outlined in this letter, and generally in continuing to advance these various cases.

# GIBSON DUNN

Robert J. Ward
November 4, 2015
Page 5

Sincerely,

Kahn A. Scolnick

cc: Adam G. Landis
Kerry Mumford
Nick Lagemann

KAS/irg

Attachments