EXHIBIT 29

**Exhibit 29 to Declaration of Kahn A. Scolnick: Requests at Issue Propounded Upon Black Diamond**

**Requests for Production**

| Request No. | Text of Request | Text of Response |
|---|---|---|
| 1 | All Documents, other than those produced in response to previous requests, Concerning Your potential or actual acquisition of First Lien Debt, including without limitation, the identity of the seller, the price paid, the amount of debt acquired and the date of acquisition. | Black Diamond objects to this request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 2 | All Documents, other than those produced in response to the previous requests, Concerning Your potential or actual sale or disposal of First Lien Debt, including without limitation, the identity of the buyer, the price obtained, the amount of debt sold and the date of the sale. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 36 | All Documents, other than those produced in response to the previous requests, Concerning the equitable subordination of First Lien Debt held by any Lender other than Yucaipa. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 37 | All Documents, other than those produced in response to the previous requests, evidencing any attempt to estimate | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, seeks irrelevant |

| | | |
|---|---|---|
| | or value Your or any other Lender's investment in Allied. | information that is not reasonably calculated to the lead to the discovery of admissible evidence, and seeks information that is confidential, sensitive, proprietary, subject to trade secret protection, or otherwise protected from disclosure pursuant to applicable federal or state law. |
| **38** | All Documents, other than those produced in response to the previous requests, concerning any transfer of First Lien Debt between Spectrum and Black Diamond. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Black Diamond responds that it will conduct a reasonable search for and produce, to the extent they exist, non-privileged documents relating to the transfer of Fist Lien Debt between Spectrum and Black Diamond pursuant to the Cooperation Agreement. |
| **39** | All Documents, other than those produced in response to the previous requests, Concerning any Lender's claim for reimbursement of legal expenses under the First Lien Credit Agreement. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| **40** | All Documents, other than those produced in response to the previous requests, Concerning any Yucaipa's claims for reimbursement of legal expenses under the First Lien Credit Agreement. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| **41** | All Documents, other than those produced in response to the previous requests, Concerning the Credit Bid. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |

| 42 | All Documents, other than those produced in response to the previous requests, Concerning the formation or purpose of SBDRE LLC. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
|---|---|---|
| 43 | All Documents, other than those produced in response to the previous requests, Concerning the voting rights, equity, and corporate governance of SBDRE LLC. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 44 | All Documents, other than those produced in response to the previous requests, Concerning the SBDRE Memorandum. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 45 | All Documents, other than those produced in response to the previous requests, Concerning any potential or actual transaction structure proposed by Black Diamond and Spectrum for Allied, including without limitation any credit bid for all or substantially all the assets of Allied. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 46 | All Documents, other than those produced in response to the previous requests, Concerning the New Issuance. | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 56 | All Documents, other than those produced in response to the previous requests, Relating to any Lender's investment | Black Diamond objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to |

| | in, or cost basis for, the First Lien Debt. | the lead to the discovery of admissible evidence. |

**Interrogatories**

| Propounding Party and Request No. | Text of Request | Text of Response |
|---|---|---|
| **Yucaipa 1** | State each of the date(s) on which You acquired or sold any Allied First Lien Debt or Second Lien Debt. | Black Diamond objects to this Interrogatory on the grounds that it is overbroad and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |
| **Yucaipa 2** | For each of the acquisitions or sales identified in Your response to Interrogatory Number 1, Identify the Person(s) from whom You acquired or sold such Debt. | Black Diamond objects to this Interrogatory on the grounds that it is overbroad, confidential and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |
| **Yucaipa 3** | For each of the acquisitions or sales identified in Your response to Interrogatory Number 1, state the purchase price paid or received by You in connection with each acquisition or sale and the form of purchase price paid or received. | Black Diamond objects to this Interrogatory on the grounds that it is overbroad and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |

4

| Yucaipa 8 | Describe in detail Your understanding of the value of Yucaipa's equity in Allied as of August 21, 2009. | Black Diamond objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information that is already in Yucaipa's possession, or otherwise available from sources to which Yucaipa also has access or sources that are more convenient, less burdensome, and/or less expensive.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information pertaining to persons or entities other than Black Diamond.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is premature to the extent that it is properly the subject of expert discovery, not fact discovery. |
| --- | --- | --- |
| Yucaipa 9 | State the value You assigned Your First Lien Debt as of August 21, 2009. | Black Diamond objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is premature to the extent that it is properly the subject of expert discovery, not fact discovery. |
| Tochner 18 | Describe in detail all every one of the "strategies to enforce the rights of the Parties as Lenders under the First Lien Credit Agreement" contemplated by the Cooperation | Black Diamond objects to this Interrogatory on the grounds that the phrase "contemplated by the Cooperation Agreement" is vague and ambiguous. |

|  |  |  |
|---|---|---|
|  | Agreement. | Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Tochner, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Tochner 19** | Describe in detail all reasons You did not sign the Cooperation Agreement prior to January 2012. | Black Diamond objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Tochner, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Tochner 20** | Identify the amount You were paid by Spectrum for the transfer of $4,239,486.90 in First Lien Debt. | Black Diamond objects to this Interrogatory on the grounds that it is neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |

| | | |
|---|---|---|
| | | Black Diamond further objects to this Interrogatory on the grounds that it is vague, ambiguous and lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Tochner, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Tochner 21** | Describe in detail all reasons You sold $4,239,486.90 in First Lien Debt to Spectrum. | Black Diamond objects to this Interrogatory on the grounds that it is vague, ambiguous and lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Tochner, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 12** | Describe in detail all reasons You sold $4,239,486.90 in | Black Diamond objects to this Interrogatory on the |

| | First Lien Debt to Spectrum. | grounds that it is vague, ambiguous and lacks foundation. |
|---|---|---|
| | | Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure. |
| | | Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 13** | Identify any other trades You considered pursuant to the Cooperation Agreement but did not execute, including identifying whether You offered Spectrum a pro rata right to share in those trades. | Black Diamond objects to this Interrogatory on the grounds that the phrase "other trades" is vague and ambiguous to the extent that it is undefined and susceptible to multiple interpretations. |
| | | Black Diamond further objects to this Interrogatory on the grounds that the term "considered" is vague, ambiguous and overbroad. |
| | | Black Diamond further objects to this Interrogatory on the grounds that it lacks foundation. |
| | | Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant |

| | | |
|---|---|---|
| | | to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 14** | Describe in detail all reasons You did not disclose the transfer of the $4,239,486.90 in First Lien Debt in the Black Diamond and Spectrum Affidavits. | Black Diamond objects to this Interrogatory on the grounds that it is vague, ambiguous, compound and lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory to the extent that it calls for an answer about an affidavit filed by another entity.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 15** | Describe in detail all reasons You did not disclose the transfer of the $4,239,486.90 in First Lien Debt in connection with the filing of the involuntary bankruptcy filing in May 2012 or in response to related discovery. | Black Diamond objects to this Interrogatory on the grounds that it is vague, ambiguous, compound and lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is |

| | | improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
|---|---|---|
| **Pelletier 17** | State the price You paid for the First Lien Claims You held (and the amount of such claims held) at the time of the involuntary bankruptcy filing in May 2012. | Black Diamond objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |
| **Pelletier 19** | Identify the date You first considered seeking equitable subordination of Yucaipa in relation to Your Allied First Lien Claims. | Black Diamond objects to this Interrogatory on the grounds that it is vague, ambiguous and lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 20** | Identify the date You first discussed equitable subordination of Yucaipa in relation to Your Allied First | Black Diamond objects to this Interrogatory on the grounds that it is vague, ambiguous and lacks foundation. |

| | | |
|---|---|---|
| | Lien Claims with any other party, including but not limited to T. Michael Riggs, Kirk Ferguson, or Spectrum. | Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Walker 12** | Describe in detail each reason Mr. Deckoff travelled to Los Angeles from New York on August 18, 2009. | Black Diamond objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Walker, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Walker 13** | Describe in detail each reason Mr. Deckoff met with Ronald Burkle in August 2009. | Black Diamond objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably |

| | | |
|---|---|---|
| | | calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Walker, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Walker 20** | Identify any communications between You and SBDRE in SBDRE's role as Administrative Agent regarding Yucaipa's expense reimbursement claim. | Black Diamond objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible to the extent that SBDRE is not, and never has been, the Administrative Agent.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Walker, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Walker 21** | Describe in detail every reason Your expenses and those | Black Diamond objects to this Interrogatory on the grounds that it is vague and ambiguous to the extent that it |

| | | |
|---|---|---|
| | of the other Lenders were reimbursed but not Yucaipa's. | does not identify which "expenses" were purportedly "reimbursed," nor does it identify who reimbursed such unidentified expenses.

Black Diamond further objects to this Interrogatory on the grounds that it lacks foundation.

Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Walker, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Walker 22** | Identify every reason You, at the time of the Credit Bid and in Your purported capacity as Requisite Lender, proposed segregating all of Allied's assets into one tranche to hold the fixed assets and other salable assets (including equipment and real estate) and another tranche for its debt and liabilities (including the collective bargaining agreement), and the basis for not treating all lenders (including Yucaipa) identically with respect to both tranches. | Black Diamond objects to this Interrogatory on the grounds that it is compound, vague, ambiguous, unintelligible and is neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

Black Diamond further objects to this Interrogatory on the grounds that it lacks foundation.

Black Diamond further objects to this Interrogatory on the grounds that it assumes unsubstantiated facts. |

| | | |
|---|---|---|
| | | Black Diamond further objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and common interest privilege.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Walker, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Black Diamond further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |

EXHIBIT 30

**Exhibit 30 to Declaration of Kahn A. Scolnick: Requests at Issue Propounded Upon Spectrum**

**Requests for Production**

| Request No. | Text of Request | Text of Response |
|---|---|---|
| 1 | All Documents, other than those produced in response to previous requests, Concerning Your potential or actual acquisition of First Lien Debt, including without limitation, the identity of the seller, the price paid, the amount of debt acquired and the date of acquisition. | Spectrum objects to this request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 2 | All Documents, other than those produced in response to the previous requests, Concerning Your potential or actual sale or disposal of First Lien Debt, including without limitation, the identity of the buyer, the price obtained, the amount of debt sold and the date of the sale. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 36 | All Documents, other than those produced in response to the previous requests, Concerning the equitable subordination of First Lien Debt held by any Lender other than Yucaipa. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 37 | All Documents, other than those produced in response to the previous requests, evidencing any attempt to estimate | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, seeks irrelevant |

| | | |
|---|---|---|
| | or value Your or any other Lender's investment in Allied. | information that is not reasonably calculated to the lead to the discovery of admissible evidence, and seeks information that is confidential, sensitive, proprietary, subject to trade secret protection, or otherwise protected from disclosure pursuant to applicable federal or state law. |
| **38** | All Documents, other than those produced in response to the previous requests, concerning any transfer of First Lien Debt between Black Diamond and Spectrum. | Spectrum objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Spectrum responds that it will conduct a reasonable search for and produce, to the extent they exist, non-privileged documents relating to the transfer of Fist Lien Debt between Spectrum and Spectrum pursuant to the Cooperation Agreement. |
| **39** | All Documents, other than those produced in response to the previous requests, Concerning any Lender's claim for reimbursement of legal expenses under the First Lien Credit Agreement. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| **40** | All Documents, other than those produced in response to the previous requests, Concerning any Yucaipa's claims for reimbursement of legal expenses under the First Lien Credit Agreement. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| **41** | All Documents, other than those produced in response to the previous requests, Concerning the Credit Bid. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |

| 42 | All Documents, other than those produced in response to the previous requests, Concerning the formation or purpose of SBDRE LLC. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
|---|---|---|
| 43 | All Documents, other than those produced in response to the previous requests, Concerning the voting rights, equity, and corporate governance of SBDRE LLC. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 44 | All Documents, other than those produced in response to the previous requests, Concerning the SBDRE Memorandum. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 45 | All Documents, other than those produced in response to the previous requests, Concerning any potential or actual transaction structure proposed by Black Diamond and Spectrum for Allied, including without limitation any credit bid for all or substantially all the assets of Allied. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 46 | All Documents, other than those produced in response to the previous requests, Concerning the New Issuance. | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to the discovery of admissible evidence. |
| 56 | All Documents, other than those produced in response to the previous requests, Relating to any Lender's investment | Spectrum objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks irrelevant information that is not reasonably calculated to the lead to |

3

| | in, or cost basis for, the First Lien Debt. | the discovery of admissible evidence. |
|---|---|---|

**Interrogatories**

| Propounding Party and Request No. | Text of Request | Text of Response |
|---|---|---|
| **Yucaipa 1** | State each of the date(s) on which You acquired or sold any Allied First Lien Debt or Second Lien Debt. | Spectrum objects to this Interrogatory on the grounds that it is overbroad and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |
| **Yucaipa 2** | For each of the acquisitions or sales identified in Your response to Interrogatory Number 1, Identify the Person(s) from whom You acquired or sold such Debt. | Spectrum objects to this Interrogatory on the grounds that it is overbroad, confidential and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |
| **Yucaipa 3** | For each of the acquisitions or sales identified in Your response to Interrogatory Number 1, state the purchase price paid or received by You in connection with each acquisition or sale and the form of purchase price paid or received. | Spectrum objects to this Interrogatory on the grounds that it is overbroad and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |
| **Yucaipa 8** | Describe in detail Your understanding of the value of | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly |

| | | |
|---|---|---|
| | Yucaipa's equity in Allied as of August 21, 2009. | burdensome.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information that is already in Yucaipa's possession, or otherwise available from sources to which Yucaipa also has access or sources that are more convenient, less burdensome, and/or less expensive.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information pertaining to persons or entities other than Spectrum.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is premature to the extent that it is properly the subject of expert discovery, not fact discovery. |
| **Yucaipa 9** | State the value You assigned Your First Lien Debt as of August 21, 2009. | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is premature to the extent that it is properly the subject of expert discovery, not fact discovery. |
| **Tochner 18** | Describe in detail all every one of the "strategies to enforce the rights of the Parties as Lenders under the First Lien Credit Agreement" contemplated by the Cooperation Agreement. | Spectrum objects to this Interrogatory on the grounds that the phrase "contemplated by the Cooperation Agreement" is vague and ambiguous.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably |

| | | |
|---|---|---|
| | | calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Tochner, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Tochner 19** | Describe in detail all reasons You did not sign the Cooperation Agreement prior to January 2012. | Spectrum objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Tochner, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Tochner 20** | Identify the amount You paid Black Diamond for the transfer of $4,239,486.90 in First Lien Debt. | Spectrum objects to this Interrogatory on the grounds that it is neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.<br><br>Spectrum further objects to this Interrogatory on the |

| | | grounds that it is vague, ambiguous and lacks foundation. Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Tochner, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure. Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
|---|---|---|
| **Tochner 21** | Describe in detail all reasons You acquired $4,239,486.90 in First Lien Debt to from Black Diamond. | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous and lacks foundation. Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Tochner, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure. Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 12** | Describe in detail all reasons You acquired $4,239,486.90 in First Lien Debt from Black Diamond. | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous and lacks foundation. |

| | | Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
|---|---|---|
| **Pelletier 13** | Identify any other trades You considered pursuant to the Cooperation Agreement but did not execute, including identifying whether You offered Black Diamond a pro rata right to share in those trades. | Spectrum objects to this Interrogatory on the grounds that the phrase "other trades" is vague and ambiguous to the extent that it is undefined and susceptible to multiple interpretations.<br><br>Spectrum further objects to this Interrogatory on the grounds that the term "considered" is vague, ambiguous and overbroad.<br><br>Spectrum further objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the |

| | | |
|---|---|---|
| | | grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 14** | Describe in detail all reasons You did not disclose the transfer of the $4,239,486.90 in First Lien Debt in the Spectrum and Spectrum Affidavits. | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous, compound and lacks foundation.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory to the extent that it calls for an answer about an affidavit filed by another entity.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 15** | Describe in detail all reasons You did not disclose the transfer of the $4,239,486.90 in First Lien Debt in connection with the filing of the involuntary bankruptcy filing in May 2012 or in response to related discovery. | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous, compound and lacks foundation.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the |

| | | |
|---|---|---|
| | | grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 17** | State the price You paid for the First Lien Claims You held (and the amount of such claims held) at the time of the involuntary bankruptcy filing in May 2012. | Spectrum objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. |
| **Pelletier 19** | Identify the date You first considered seeking equitable subordination of Yucaipa in relation to Your Allied First Lien Claims. | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous and lacks foundation. Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure. Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Pelletier 20** | Identify the date You first discussed equitable subordination of Yucaipa in relation to Your Allied First Lien Claims with any other party, including but not limited to T. Michael Riggs, Kirk Ferguson, or Spectrum. | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous and lacks foundation. Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Pelletier, and is improperly asserted on Yucaipa's behalf to improperly |

| | | circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
|---|---|---|
| **Walker 17** | Identify any communications between You and SBDRE in SBDRE's role as Administrative Agent regarding Yucaipa's expense reimbursement claim. | Spectrum objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible to the extent that SBDRE is not, and never has been, the Administrative Agent.<br><br>Spectrum further objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Walker, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Walker 18** | Describe in detail every reason Your expenses and those of the other Lenders were reimbursed but not Yucaipa's. | Spectrum objects to this Interrogatory on the grounds that it is vague and ambiguous to the extent that it does not identify which "expenses" were purportedly "reimbursed," nor does it identify who reimbursed such unidentified |

| | | |
|---|---|---|
| | | expenses.<br><br>Spectrum further objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Walker, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |
| **Walker 19** | Identify every reason You, at the time of the Credit Bid and in Your purported capacity as Requisite Lender, proposed segregating all of Allied's assets into one tranche to hold the fixed assets and other salable assets (including equipment and real estate) and another tranche for its debt and liabilities (including the collective bargaining agreement), and the basis for not treating all lenders (including Yucaipa) identically with respect to both tranches. | Spectrum objects to this Interrogatory on the grounds that it is compound, vague, ambiguous, unintelligible and is neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.<br><br>Spectrum further objects to this Interrogatory on the grounds that it lacks foundation.<br><br>Spectrum further objects to this Interrogatory on the grounds that it assumes unsubstantiated facts.<br><br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information protected by the attorney- |

| | | |
|---|---|---|
| | | client privilege and common interest privilege.<br><br>Spectrum further objects to this Interrogatory on the grounds that it is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence for, any of the claims against Mr. Walker, and is improperly asserted on Yucaipa's behalf to improperly circumvent Yucaipa's limit of 25 interrogatories pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure.<br><br>Spectrum further objects to this Interrogatory on the grounds that it seeks information in support of allegations that Yucaipa is collaterally estopped from asserting. |