# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*[1],<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 12-11564 (KBO)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS<br><br>　　　　　　　Plaintiff,<br><br>BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>　　　　　　　Intervenors,<br><br>　　　　　v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES | Adv. Proc. No. 13-50530<br><br>**Ref. Docket Nos. 339, 364, 373, 393, 401, 409, 419, 422, 446, 480, 515, 590, 645, & 674** |

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

| | |
|---|---|
| FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,<br><br>                Defendants. | |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>                Plaintiff,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., RONALD BURKLE, JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,<br><br>                Defendants. | Adv. Pro. No. 14-50971 (KBO)<br><br>**Ref. Docket Nos. 24, 85, 102, 116, 181, 207, 217, 221, 239, 267, 293, 356, 402, & 438** |

## AGREED AMENDED SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceedings (the "Adversary Proceedings"),

**IT IS HEREBY ORDERED** that:

1. **Applicability to Adversary Proceeding No. 13-50530 and Adversary Proceeding No. 14-50971**. This Amended Scheduling Order shall govern both Adversary Proceedings No. 13-50530 and No. 14-50971.

2.      **Extensions of Deadlines for Responsive Pleadings**. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court.  Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the Adversary Proceedings.

3.      **Fact Discovery**. All fact discovery, including the depositions of fact witnesses, shall be completed no later than July 26, 2019.

4.      **Expert Discovery**. The parties shall provide affirmative expert reports, if any, no later than September 27, 2019.  Any party's expert report intended to rebut any other expert report shall be provided no later than November 12, 2019. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).  All expert discovery including expert depositions shall be completed, and discovery shall close, on December 20, 2019; provided, however, solely with respect Jonathan R. Macey and Yvette R. Austin Smith, expert discovery shall be completed on January 10, 2020.

5.      **Dispositive Motion Schedule**. All dispositive motions shall be filed and served according to the following briefing schedule, and shall be subject to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware[2]:

      **5.1**      **<u>Opening briefs due April 3, 2020;</u>**

      **5.2**      **<u>Opposition briefs due May 15, 2020;</u>**

      **5.3**      **<u>Reply briefs due June 15, 2020.</u>**

6.      **Dispositive Motion Page Limits.  Yucaipa shall have up to 80 pages combined for their dispositive motion(s), to be allocated in Yucaipa's discretion; the Trustee shall have**

---

[2] **<u>Bolded and Underlined</u>** dates have been updated from this Court's February 27, 2020 scheduling order entered in these cases.

**a total of 80 pages combined to oppose Yucaipa's dispositive motion(s); and Yucaipa shall have up to 40 pages combined for their reply (or replies). Dispositive motions filed by any other party shall be subject to the following page limits: up to 40 pages for dispositive motions; up to 40 pages for oppositions; and up to 20 pages for replies.**

7. **Status Conference**. The Court shall set a conference to take place within sixty (60) days after the close of discovery, or as soon thereafter as the Court's schedule permits.

8. **Status Updates**. The Plaintiffs shall immediately notify Chambers upon the settlement, dismissal, or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiffs in each of the Adversary Proceedings shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. The Plaintiffs in each of the Adversary Proceedings shall immediately advise Chambers, in writing, of any occurrence or circumstance which such Plaintiffs believe may suggest or necessitate the adjournment or other modification of the trial setting.

9. **Extension of Deadlines**. Deadlines in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

**Dated: March 16th, 2020**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

Active\108667508.v1-3/16/20