May 1, 2020

VIA CM/ECF

The Honorable Karen B. Owens
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

Re:   Allied Litigation Motions for Summary Judgment (Adv. Proc. Nos. 13-50530-KBO, 14-50971-KBO)

Dear Judge Owens:

    I write as counsel for Defendants Yucaipa American Alliance Fund I, L.P., and Yucaipa American Alliance (Parallel) Fund I, L.P. (collectively, "Yucaipa"), and individual Defendants Ron Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner (together, "Individual Defendants," and with Yucaipa, the "Yucaipa Defendants") in the two above-referenced adversary proceedings.

    This letter accompanies the two Motions for Summary Judgment filed today by the Yucaipa Defendants, which seek complete or partial summary judgment as to most of the claims asserted against them in the two operative complaints: *The Official Committee of Unsecured Creditors of Allied Sys. Holdings, Inc. v. Yucaipa Am. Alliance Fund I, L.P. et al.*, Adversary Proceeding No. 13-50530 (the "Estate Complaint") and *BDCM Opportunity Fund II, LP et al. v. Yucaipa Am. Alliance Fund I, L.P. et al*, Adversary Proceeding No. 14-50971 (the "Lender Complaint").[1]

    The first motion is filed on behalf of Yucaipa (the "Entities' Motion"), and addresses all the claims against Yucaipa in both the Estate and the Lender Complaints. The second motion is filed on behalf of the Individual Defendants (the "Individuals' Motion," and with the Entities' Motion, the "Motions"), and addresses all the claims against the Individual Defendants in both the Estate and Lender Complaints.

---

[1] While these Motions address the claims raised in both adversary proceedings, the Court has previously determined that the two cases have been coordinated and consolidated for discovery and scheduling purposes only. They remain separate actions, and are not consolidated for any other purpose.

The Honorable Karen B. Owens
May 1, 2020
Page 2

     We would respectfully suggest that the Court review the Entities' Motion first, and then the Individuals' Motion. The Entities' Motion contains the main factual background, and—for some arguments that apply to both Yucaipa and the Individual Defendants—a more detailed recitation of the applicable law. The Individuals' Motion incorporates the entirety of the Entities' Motion.[2]

     For the Court's convenience, we also have included two attachments with this letter that are intended to make the Court's review of the Motions more efficient.

- Attachment 1 is a glossary of defined terms used in both Motions.
- Attachment 2 is a chart that provides a visual, short-hand representation of the arguments presented in both Motions. The chart sets forth the claim within the Complaints that each argument addresses, the basis for summary judgment (or partial summary judgment), on behalf of which defendant the argument is made, and what part of the claim, if any, would remain if the argument is successful. The chart is organized by claim and is color-coded according to the applicable argument. Page 4 of Attachment 2 contains a key to the color-coding.

We hope that the Court finds these attachments useful in conducting its review.

     To summarize briefly here, if the Court agrees with the Yucaipa Defendants' arguments, as laid out in the accompanying Motions and the chart in Attachment 2, then only the following claims would remain after summary judgment/partial summary judgment:

<u>Adversary Proceeding 13-50530 (Estate Complaint)</u>
1. Equitable Subordination against Yucaipa;
2. Equitable Subordination against Yucaipa for harm to First Lien and Second Lien Lenders;
3. Breach of Fiduciary Duty against (a) Derex Walker, (b) Jos Opdeweegh for conduct before October 29, 2009, and (c) Ira Tochner for conduct before January 2008 and after April 2009, but (d) excluding allegations relating to (i) payment of fees by Allied to or on behalf of Yucaipa; (ii) the failure to consider potential transactions; and (iii) the failure to ensure compliance with credit agreements.
4. Aiding and Abetting Breach of Fiduciary Duty against Yucaipa;

---

[2] Among the evidence submitted in support of these Motions are declarations signed by each of the Individual Defendants. Due to logistical issues, we were unable to submit Ron Burkle's signed declaration with today's filings, but we intend to file it promptly next week.

The Honorable Karen B. Owens
May 1, 2020
Page 3

5. Avoidance and Recovery of Intentional and Constructive Fraudulent Transfers against Yucaipa Pursuant to 11 U.S.C. §§ 548(a) and 550 for transfers that occurred after May 2010;
6. Avoidance and Recovery of Intentional and Fraudulent Transfers and Conveyances against Yucaipa Pursuant to 11 U.S.C. §§ 544(b) and 550 for transfers that occurred after August 2009;
7. Preferential Transfers against Yucaipa Pursuant to 11 U.S.C. §§ 547 and 550; and
8. Disallowance of Claim against Yucaipa.

Adversary Proceeding 14-50971 (Lender Complaint)
1. Equitable Subordination against Yucaipa for harm to First Lien and Second Lien Lenders.

Respectfully,

*/s/ Michael S. Neiburg*

Michael S. Neiburg

MSN