**Appendix 1**
**Defined Terms**

| | |
|---|---|
| *Allied* | ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) and its related entities in bankruptcy. This term refers to both the current debtors and the prior debtors from the 2005 bankruptcy. |
| *Allied Adversary Proceeding* | *Allied System Holdings, Inc.v. American Money Management Corp.*, Adversary Proceeding No. 12-50947 in the United States Bankruptcy Court for the District of Delaware, commenced on October 18, 2012 between Plaintiff Allied System Holdings, Inc., and Defendants American Money Management Corp.; Avenue Capital Group; BDCM Opportunity Fund II, LP; Bennett Management; Black Diamond CLO 2005-1 Ltd.; Del Mar Distressed Opportunities Master Fund; MJX Asset Management, LLC; Par-Four Investment Management; Spectrum Investment Partners LP; Teak Hill – Credit Capital Investments, LLC; The CIT Group/Business Credit, Inc.; The Official Committee of Unsecured Creditors; Yucaipa American Alliance Fund II, L.P.; and Yucaipa American Alliance (Parallel) Fund II, L.P. |
| *ASHINC Litigation Trust* | The trust established pursuant to the Litigation Trust Agreement filed in Case No. 12-50947 dated September 8, 2015, and marked as Deposition Exhibit 385. |
| *BD/S* | Black Diamond and Spectrum, collectively. |
| *Black Diamond* | BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 Ltd., and Black Diamond Commercial Finance, L.L.C. |
| *Capital Contribution Claims* | Claim 4 for Specific Performance of the Third Amendment (Contribution Provision) and Claim 5 for Breach of the Third Amendment (Contribution Provision) in the Estate Complaint. |

| | |
|---|---|
| *Capital Contribution Provision* | Section 2.7(e) of the Third Amendment, which added (in relevant part) subsection 10.6(j)(iii) to the FLCA and provides that the Restricted Sponsor Affiliate (Yucaipa), "upon succeeding to an interest in the Terms Loans . . . agrees further that no later than ten days after the date of such assignment or transfer of such Term Loans (or, if a Default or Event of Default occurs during such ten day period, the three Business Days after such Restricted Sponsor Affiliate has knowledge of the occurrence of such Default or Event of Default but in no event later than the last day of such ten day period), such Restricted Sponsor Affiliate shall make a capital contribution to Borrowers of no less than 50% of the aggregate principal amount of such Term Loans in accordance with Section 10.6(k)." |
| *CIT* | The CIT Group/Business Credit, Inc. |
| *Contract-Based Claims* | Claim 2 for Breach of Contract and Claim 3 for Breach of the Covenant of Good Faith and Fair Dealing in the Lender Complaint. |
| *Estate Complaint* | The Official Committee of Unsecured Creditors' Amended Complaint for (I) Equitable Subordination, (II) Recharacterization, (III) Breach of Contract, (IV) Specific Performance, (V) Breaches of Fiduciary Duty, (VI) Aiding and Abetting Breaches of Fiduciary Duties, (VII) Avoidance and Recovery of Avoidable Transfers, and (VIII) Disallowance of Certain Claims filed by the Official Committee of Unsecured Creditors in Adversary Proceeding No. 13-50530, dated March 14, 2013. |
| *FLCA* | The "Amended and Restated First Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement," as amended and restated as of May 15, 2007, between Allied Holdings Inc. and Allied Systems Ltd. (L.P.) as Borrowers, the Lenders from time to time party thereto, and The CIT Group Business Credit, Inc., as Administrative Agent and Collateral Agent, among others, and marked as Deposition Exhibit 133. |
| *Fourth Amendment* | Amendment No. 4 to the FLCA, dated as of August 21, 2009, and marked as Deposition Exhibit 26. |

| | |
|---|---|
| *Georgia Action* | *Allied Systems Holdings, Inc. v. The CIT Group/Business Credit, Inc.*, Case No. 2009-CV-177574 in the Georgia Superior Court, commenced on November 18, 2009, between Plaintiffs Allied Systems Holdings, Inc., Yucaipa American Alliance Fund I, LP, and Yucaipa American Alliance (Parallel) Fund I, LP, and Defendant The CIT Group/Business Credit, Inc. |
| *Individual Defendants* | Ronald Burkle, Ira Tochner, Derex Walker, Jeff Pelletier, and Jos Opdeweegh. |
| *JCT Negotiations* | The negotiations between Yucaipa, BD/S, and Jack Cooper Transport Co. in late 2011 and early 2012 described at paragraphs 124–125 and 135(b) of the Lender Complaint. |
| *Lender Complaint* | Complaint for (I) Equitable Subordination, (II) Breach of Contract, (III) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (IV) Tortious Interference with Contract filed by BD/S in Adversary Proceeding No. 14-50971, dated November 19, 2014. |
| *MMSA* | Monitoring and Management Services Agreement entered into by and between Yucaipa American Funds, LLC and Allied Systems Holdings, Inc., dated as of May 29, 2007. |
| *Requisite Lender* | One of more of Lenders having or holding first lien loans representing more than 50% of the sum of the aggregate term loan exposure of all lenders, the aggregate letters of credit exposure of all lenders, and the aggregate revolving exposure of all lenders, as defined in section 1.1, page 41 of the FLCA. |
| *SLCA* | The "Second Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement," as amended and restated as of May 15, 2007, between Allied Holdings Inc. and Allied Systems Ltd. (L.P.) as Borrowers, the Lenders from time to time party thereto, and Goldman Sachs Credit Partners L.P. as Administrative Agent and Collateral Agent, among others. |
| *Special Committee* | The Special Committee of the Allied Board of Directors, consisting of Mark Gendregske and Brian Cullen, first formed on March 31, 2008. |
| *Spectrum* | Spectrum Investment Partners, L.P. and Spectrum Commercial Finance LLC. |

| | |
|---|---|
| *Third Amendment* | Amendment No. 3 to the FLCA, dated as of April 17, 2008, and marked as Deposition Exhibit 136. |
| *Trustee* | Catherine E. Youngman, Litigation Trustee for ASHINC Corporation, as successor to BD/S in Adversary Proceeding No. 14-50971, and as successor to the Official Committee of Unsecured Creditors of ASHINC Corporation and its affiliated debtors in Adversary Proceeding No. 13-50530. |
| *Yucaipa Firm* | A series of investment entities founded by Ronald Burkle, which is referred to colloquially as "Yucaipa" and includes Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. |
| *Yucaipa* | Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P., collectively. |
| *Yucaipa Defendants* | Yucaipa and the Individual Defendants, collectively. |
| *2016 Joint Plan* | The "Modified First Amended Joint Chapter 11 Plan of Reorganization Proposed by the debtors, the Committee and the First Lien Agents," dated as of December 3, 2015, filed at Docket Number 3360 in Case No. 12-11564, and confirmed on December 9, 2015 at Docket Number 3383. |

**ALLIED LITIGATION: Overview of Defendants' Summary Judgment Arguments**

| Complaint | Claim | Basis for SJ | Defendant | What Fails | Notes |
|---|---|---|---|---|---|
| **Lender Complaint** | Breach of Contract (Claim 2) | **Statute of Limitations** | Yucaipa | Entire Claim | |
| | | **No Evidence:** No Evidence of Damages | Yucaipa | All allegations except those relating to the JCT Negotiations and the Capital Contribution Provision | |
| | Breach of the Duty of Good Faith and Fair Dealing (Claim 3) | **Statute of Limitations** | Yucaipa | Entire Claim | |
| | | **No Evidence:** No Evidence of Damages | Yucaipa | All allegations except those relating to the JCT Negotiations and the Capital Contribution Provision | |
| | Tortious Interference with Contract (Claim 4) | **Statute of Limitations** | All Individual Defendants | Entire Claim | |
| | | **No Evidence**: No Evidence of Acting Beyond Scope of Their Agency or "Without Justification" | All Individual Defendants | Entire Claim | |
| | | **No Evidence:** No Evidence of Damages | All Individual Defendants | All allegations except those relating to the JCT Negotiations | |
| | | **Dates of Board Service:** No Involvement When Not on Board | Jeff Pelletier | All alleged wrongdoing before October 29, 2009 | |
| | | | Jos Opdeweegh | All alleged wrongdoing after October 9, 2009 | |

| | | | | | |
|---|---|---|---|---|---|
| **Estate Complaint** | Breach of Capital Contribution Provision - Specific Performance (Claim 4) | **Covenant Not to Sue** | Yucaipa | Entire Claim | |
| | | **Impossibility / Mootness** | Yucaipa | Entire Claim | |
| | Breach of Capital Contribution Provision (Claim 5) | **Covenant Not to Sue** | Yucaipa | Entire Claim | |
| | Specific Performance for Divestiture of Debt (Claim 6) | **Impossibility / Mootness** | Yucaipa | Entire Claim | |
| | Breach of Fiduciary Duty against Yucaipa (Claim 7) | **Statute of Limitations** | Yucaipa | Allegations relating to the MMSA and acquisition of second lien debt. | Based on these arguments, the entire claim fails. |
| | | **Impermissible Collateral Attack** | Yucaipa | Allegations relating to the MMSA | |
| | | **No Evidence** | Yucaipa | Allegations relating to acquisition of second lien debt, failure to consider potential transactions, and structuring transactions nominally in Allied's name | |
| | | **Fails as a Matter of Law** | Yucaipa | Allegations relating to acquisition of first lien debt, structuring transactions nominally in Allied's name, and extraction of fees | |
| | Recharacterization (Claim 3) | **Claim Does Not Apply to Facts** | Yucaipa | Entire Claim | The Trustee's claim fails because it relies on facts related to Yucaipa's acquisition of the first lien debt, not when the debt was |

| | | | | | |
|---|---|---|---|---|---|
| **Estate Complaint** | | | | | first issued, which are the only relevant facts as a matter of law. |
| | Avoidance and Recovery of Intentional and Constructive Fraudulent Transfers and Conveyances (Claims 10, 11) | **Abandonment** | Yucaipa | All transfers made before August 2009 | |
| | | **Statute of Limitations** | Yucaipa | All transfers made before May 17, 2008 | For Claim 10, avoidance of transfers pursuant to 11 U.S.C. § 548, the statute of limitations is two years from the date of the bankruptcy petition. Therefore, this claim would be limited to transfers after May 17, 2010. |
| | Breach of Fiduciary Duty (Claim 8) | **Dates of Board Service:** Not an Allied Director During Alleged Misconduct | Jeff Pelletier | All alleged wrongdoing before October 29, 2009 | Based on this argument, the allegations of fee payments failing as a matter of law, and the absence of evidence for the remaining allegations, this entire claim fails as to Mr. Pelletier. |
| | | | Jos Opdeweegh | All alleged wrongdoing after October 9, 2009 | |
| | | | Ira Tochner | All alleged wrongdoing between January 2008 and April 2009 | |
| | | **Fails As a Matter of Law** | Jeff Pelletier, Jos Opdeweegh, Ira Tochner, and Derex Walker | Allegations of failing to ensure compliance with credit agreement, and allegations of payment of fees by Allied to or on behalf of Yucaipa | Fee payments were mandated by contract. |

3

| | | | | | |
|---|---|---|---|---|---|
| **Estate Complaint** | | **No Evidence** | Jeff Pelletier, Ira Tochner, and Derex Walker | Allegations of failure to consider potential transactions | The JCT Negotiations cannot provide the basis for the breach of fiduciary duty claim because there are no allegations about the JCT Negotiations in the Estate Complaint. |
| | Aiding and Abetting Breach of Fiduciary Duty (Claim 9) | **Dates of Board Service:** No Liability When on Board and No Involvement When Not on Board | Jeff Pelletier and Jos Opdeweegh | Entire Claim | |
| | | | Ira Tochner | All alleged wrongdoing before January 2008 and after April 2009. | Mr. Tochner sat on the board from Allied's emergence from bankruptcy through January 2008, and then from April through December 2013. |
| | | **No Evidence:** No Evidence of Damages | Jeff Pelletier, Ira Tochner, and Jos Opdeweegh | Entire Claim | |

**Key**

| | |
|---|---|
| 🟦 | Statute of Limitations |
| 🟪 | Dates of Board Service |
| 🟧 | No Evidence |
| 🟨 | Abandonment |
| 🟪 | Impermissible Collateral Attack |
| 🟩 | Fails As a Matter of Law |
| 🟧 | Covenant Not to Sue |
| 🟥 | Impossibility/Mootness |
| 🟪 | Claim Does Not Apply to Facts |

4