# Exhibit 75

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALLIED SYSTEMS HOLDINGS, INC., *et al.*,[1] | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
| ALLIED SYSTEMS HOLDINGS, INC. | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 12-50947 (CSS) |
| AMERICAN MONEY MANAGEMENT CORP., AVENUE CAPITAL GROUP, BDCM OPPORTUNITY FUND II, LP, BENNETT MANAGEMENT, BLACK DIAMOND CLO 2005-1 LTD., DEL MAR DISTRESSED OPPORTUNITIES MASTER FUND, MJX ASSET MANAGEMENT, LLC, PAR-FOUR INVESTMENT MANAGEMENT, SPECTRUM INVESTMENT PARTNERS LP, TEAK HILL – CREDIT CAPITAL INVESTMENTS, LLC, THE CIT GROUP/BUSINESS CREDIT, INC., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, YUCAIPA AMERICAN ALLIANCE FUND II, L.P. and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P. | Obj. Deadline: Nov. 1, 2012 at 4:00 p.m. (EDT) |
| Defendants. | |

---

[1]   The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (875688228); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

RLF1 7348007v.1

**MOTION OF DEBTOR ALLIED SYSTEMS HOLDINGS, INC. FOR ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR THIRD PARTIES PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE**

Allied Systems Holdings, Inc. ("**Allied Holdings**") hereby moves this Court (the "**Motion**"), pursuant to sections 105 and 362 of the Bankruptcy Code, for the entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the automatic stay to enjoin the above-captioned Defendants, American Money Management Corp., Avenue Capital Group, BDCM Opportunity Fund II, LP, Bennett Management, Black Diamond CLO 2005-1 LTD., Del Mar Distressed Opportunities Master Fund, MJX Asset Management, LLC, Par-Four Investment Management, Spectrum Investment Partners LP, Teak Hill – Credit Capital Investments, LLC, The CIT Group/Business Credit, Inc., Yucaipa American Alliance Fund II, L.P., Yucaipa American Alliance (Parallel) Fund II, L.P. (collectively, the "**First Lien Lenders**") and the Official Committee of Unsecured Creditors ("**Committee**" and together with the First Lien Creditors, the "**Adversary Defendants**"), from the commencement or continuation of claims pertaining to the determination of the identity of the Requisite Lender and the Requisite Lender status under Allied Holdings' Amended and Restated First Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement (the "**First Lien Credit Agreement**"), including the enforceability and interpretation of provisions impacting that determination, outside of Allied Holdings' chapter 11 proceedings.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Active 20144389v2 002872.111292
RLF1 7348007v.1

**RELIEF REQUESTED**

2. By this Motion, Allied Holdings requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105 and 362 of the Bankruptcy Code, extending the automatic stay to the Adversary Defendants to enjoin the commencement or continuation of claims pertaining to the determination of the identity of the Requisite Lender and the Requisite Lender status under the First Lien Credit Agreement, including the enforceability and interpretation of provisions impacting that determination, outside of Allied Holdings' chapter 11 proceedings.

**BASIS FOR RELIEF**

3. Contemporaneously herewith, Allied Holdings is filing its Brief in Support of this Motion which includes relevant factual information and citations to the applicable authorities and a discussion of their application to this Motion.

**NOTICE**

4. Notice of this Motion has been provided via facsimile, overnight delivery service, electronic transmission or same-day messenger service to: (i) the U.S. Trustee; (ii) counsel for the agent for the Debtors' debtor-in-possession lenders; (iii) counsel for First Lien Lenders; (iv) counsel for The Bank of New York Mellon, in its capacity as administrative agent and collateral agent under the Debtors' second lien credit agreement; (v) counsel for the Committee; and (vi) all other persons requesting notices.

**NO PRIOR REQUEST**

5. Allied Holdings has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, for the reasons stated in its supporting Brief, Allied Holdings respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**:

- A. extending the automatic stay of section 362(a) of the Bankruptcy Code to the Adversary Defendants;

- B. enjoining the Adversary Defendants from the commencement or continuation of any and all claims pertaining to the determination of the identity of the Requisite Lender and the Requisite Lender status under the First Lien Credit Agreement, including the enforceability and interpretation of provisions impacting that determination, outside of Allied Holdings' chapter 11 proceedings;

- C. granting such other and further relief as the Court deems just and proper.

Dated: October 18, 2012
Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Christopher M. Samis (No. 4909)
Marisa A. Terranova (No. 5396)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
E-mail: collins@rlf.com
Email: stearn@rlf.com
E-mail: samis@rlf.com
E-mail: terranova@rlf.com

-and-

Jeffrey W. Kelley (GA Bar No. 412296)
Ezra H. Cohen (GA Bar No. 173800)
Michael E. Johnson (GA Bar No. 395039)
Matthew R. Brooks (GA Bar No. 378018)

Active 20144389v2 002872.111292
RLF1 7348007v.1

- 5 -

         T<small>ROUTMAN</small> S<small>ANDERS</small> LLP
         Bank of America Plaza
         600 Peachtree Street, Suite 5200
         Atlanta, Georgia 30308-2216
         Telephone No.: (404) 885-3000
         Facsimile No.: (404) 885-3900
         E-Mail:  jeffrey.kelley@troutmansanders.com
         E-Mail:  ezra.cohen@troutmansanders.com
         E-Mail:  michael.johnson@troutmansanders.com
         E-Mail:  matthew.brooks@troutmansanders.com

         *Counsel for the Debtors*

# EXHIBIT A

RLF1 7348007v.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**ALLIED SYSTEMS HOLDINGS, INC.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br><br>(Jointly Administered) |
| **ALLIED SYSTEMS HOLDINGS, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN MONEY MANAGEMENT CORP., AVENUE CAPITAL GROUP, BDCM OPPORTUNITY FUND II, LP, BENNETT MANAGEMENT, BLACK DIAMOND CLO 2005-1 LTD., DEL MAR DISTRESSED OPPORTUNITIES MASTER FUND, MJX ASSET MANAGEMENT, LLC, PAR-FOUR INVESTMENT MANAGEMENT, SPECTRUM INVESTMENT PARTNERS LP, TEAK HILL – CREDIT CAPITAL INVESTMENTS, LLC, THE CIT GROUP/BUSINESS CREDIT, INC., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, YUCAIPA AMERICAN ALLIANCE FUND II, L.P. and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P.**<br><br>Defendants. | Adversary Proceeding<br>No. 12-50947 (CSS)<br><br>Re: Docket No. _____ |

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (875688228); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

RLF1 7348007v.1

# ORDER PURSUANT TO SECTIONS 105 AND 326 OF THE BANKRUPTCY CODE EXTENDING AND IMPOSING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR THIRD PARTIES

Upon the motion dated October 18, 2012 (the "**Motion**")[2] of Allied Systems Holdings, Inc. ("**Allied Holdings**") for an order extending the automatic stay to enjoin the above-captioned Defendants, American Money Management Corp., Avenue Capital Group, BDCM Opportunity Fund II, LP, Bennett Management, Black Diamond CLO 2005-1 LTD., Del Mar Distressed Opportunities Master Fund, MJX Asset Management, LLC, Par-Four Investment Management, Spectrum Investment Partners LP, Teak Hill – Credit Capital Investments, LLC, The CIT Group/Business Credit, Inc., Yucaipa American Alliance Fund II, L.P., Yucaipa American Alliance (Parallel) Fund II, L.P. (collectively, the "**First Lien Lenders**") and the Official Committee of Unsecured Creditors ("**Committee**" and collectively with the First Lien Lenders, the "**Adversary Defendants**"), from the commencement or continuation of claims pertaining to the determination of the identity of the Requisite Lender and the Requisite Lender status under Allied Holdings' Amended and Restated First Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement (the "**First Lien Credit Agreement**"), including subsequent amendments, outside of Allied Holdings' chapter 11 proceedings, pursuant to sections 105 and 362 of the Bankruptcy Code, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and in consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

- 2 -

Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED**.

2. The automatic stay provided under 11 U.S.C. § 362 is hereby extended to the Adversary Defendants to the extent that the Adversary Defendants are hereby enjoined from commencing or continuing to prosecute any and all claims pertaining to the determination of the identity of the Requisite Lender and the Requisite Lender status under Allied Holdings' First Lien Credit Agreement, including the enforceability and interpretation of provisions impacting that determination, outside of Allied Holdings' chapter 11 proceedings.

3. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October ___, 2012
      Wilmington, Delaware

                                          THE HONORABLE CHRISTOPHER S. SONTCHI
                                          UNITED STATES BANKRUPTCY JUDGE