REDACTED

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 12-11564 (KBO)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS<br><br>Plaintiff,<br><br>BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>Intervenors,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,<br><br>Defendants. | Adv. Proc. No. 13-50530 |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM | Adv. Pro. No. 14-50971 (KBO) |

COMMERCIAL FINANCE LLC, as co-administrative agent,

                Plaintiff,

v.

YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., RONALD BURKLE, JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,

                Defendants.

## DECLARATION OF DEREX WALKER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Michael R. Nestor (No. 3526)
Edmon L. Morton (No. 3856)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
mnestor@ycst.com

- and-

GIBSON, DUNN & CRUTCHER LLP
Maurice M. Suh (*Pro Hac Vice*)
Robert A. Klyman (*Pro Hac Vice*)
Kahn Scolnick (*Pro Hac Vice*)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
msuh@gibsondunn.com

*Attorneys for Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American*

2

*Alliance (Parallel) Fund I, L.P., Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner*

**DECLARATION OF DEREX WALKER**

I, Derex Walker, hereby declare as follows:

1. I submit this declaration in support of the motions for summary judgment filed by Yucaipa American Alliance Fund I, LP, Yucaipa American Alliance (Parallel) Fund I, LP (collectively, the "Yucaipa Defendants"), Ronald Burkle, Jos Opdeweegh, Ira Tochner, Jeff Pelletier, and myself. I have personal knowledge of the facts set forth in this declaration and if called to testify, I could and would competently testify to them.

2. I am a transaction partner at an affiliate of the Yucaipa Defendants (referred to here as the "Yucaipa Firm"), where I am responsible for various aspects of the Yucaipa Firm's distressed debt investments. I have been a transaction partner at the Yucaipa Firm since January 2006.

3. In a series of transactions during Allied Systems Holdings, Inc.'s ("Allied") first bankruptcy in 2006 and 2007, the Yucaipa Defendants acquired approximately ▮▮▮▮ of Allied's ▮▮▮▮ in pre-petition senior unsecured notes and became Allied's largest creditor. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4. After Allied emerged from its first bankruptcy in May 2007, the Yucaipa Defendants became Allied's largest shareholder. I was appointed as the chairman of the Allied board of directors and served in that role from May 2007 through December 2013.

5. In August 2009, the Yucaipa Defendants acquired the majority of Allied's first lien debt from ComVest Investment Partners III, L.P. ("ComVest"). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████ Therefore, as of August 2009, I believed that the Yucaipa Defendants' acquisition of ComVest's position was necessary to increase the confidence of Allied's customers, who were concerned about Allied's stability. Maintaining Allied's stability was an important factor in being able to continue Allied's stream of revenue through its transportation agreements.

6. In order to effectuate the Yucaipa-ComVest transaction in August 2009, I understood that there would need to be a Fourth Amendment to Allied's First Lien Credit Agreement ("FLCA"). From all of the facts and circumstances that I was aware of in connection with this transaction, I believed that the Fourth Amendment was valid and appropriate from a business and legal perspective. Those facts and circumstances included, but were not limited to:

- ███████████████████████████████████████ ███████████████████████████████████████ █████████████████████████████████ ; and

- My prior knowledge and experience with credit agreements. Before joining the Yucaipa Firm, I had general experience with credit agreements and worked in the restructuring groups of various investment banks. I was also previously a corporate

attorney at Skadden, Arps, Slate, Meagher and Flom LLP, where I worked on restructuring matters.

7. From the time the Fourth Amendment was executed in August 2009 until March 2013, I understood and believed that it was legally valid. In November 2012, I learned that a New York court held the Fourth Amendment to be invalid. Notwithstanding the New York Court's ruling or subsequent rulings by other courts, I continue to believe that as of August 2009, the Fourth Amendment and the Yucaipa Defendants' debt purchase was in the best interest of Allied and all of its stakeholders, and mutually beneficial for Allied and the Yucaipa Defendants.

8. Between late 2011 and mid-2012, the Yucaipa Defendants were negotiating with another carhaul company, Jack Cooper Transport ("JCT"), regarding JCT's potential acquisition of the Yucaipa Defendants' debt in Allied.[1] At that time, I believed and understood that the contemplated transaction between the Yucaipa Defendants and JCT could be mutually beneficial for the Yucaipa Defendants and Allied.

9. Further, I understand that at paragraph 139 of the "Lender Complaint," the Trustee alleges that with respect to Allied, I was "not pursuing in good faith the legitimate profit-seeking activities of Yucaipa or [Allied]," but rather, was trying to benefit myself "individually at the expense of [Allied] and [its] stakeholders." None of these allegations are true. I never acted to advance my own personal financial interest over the interests of the Yucaipa Defendants or Allied. From my prior work experience described in paragraph 6, above, as well as the advice received from Troutman, I well understood that I was not permitted to, and did not, advance my own personal interests over the interests of the Yucaipa Defendants.

---

[1] There had also been previous negotiations among various parties concerning JCT's potential acquisition of Allied or Allied's first lien debt.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on this 30th day of April 2020, at Los Angeles, California.

Derex Walker