# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*, | Case No. 12-11564 (KBO) (Jointly Administered) |
| Debtors. | |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS<br><br>Plaintiff,<br><br>BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>Intervenors,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,<br><br>Defendants. | Adv. Proc. No. 13-50530 |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM | Adv. Pro. No. 14-50971 (KBO) |

| |
|---|
| COMMERCIAL FINANCE LLC, as co-administrative agent, |
| Plaintiff, |
| v. |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., RONALD BURKLE, JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK, |
| Defendants. |

**DECLARATION OF IRA TOCHNER IN SUPPORT OF MOTION FOR <u>SUMMARY JUDGMENT</u>**

> YOUNG CONAWAY
> STARGATT & TAYLOR, LLP
> Michael R. Nestor (No. 3526)
> Edmon L. Morton (No. 3856)
> Michael S. Neiburg (No. 5275)
> Rodney Square
> 1000 North King Street
> Wilmington, DE  19801
> Telephone: (302) 571-6600
> mnestor@ycst.com
>
> - and-
>
> GIBSON, DUNN & CRUTCHER LLP
> Maurice M. Suh (*Pro Hac Vice*)
> Robert A. Klyman (*Pro Hac Vice*)
> Kahn Scolnick (*Pro Hac Vice*)
> 333 South Grand Avenue
> Los Angeles, CA  90071
> Telephone: (213) 229-7000
> msuh@gibsondunn.com
>
> *Attorneys for Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American*

2

*Alliance (Parallel) Fund I, L.P., Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner*

## DECLARATION OF IRA TOCHNER

I, Ira Tochner, hereby declare as follows:

1. I submit this declaration in support of the motions for summary judgment filed by Yucaipa American Alliance Fund I, LP, Yucaipa American Alliance (Parallel) Fund I, LP (collectively, the "Yucaipa Defendants"), Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and myself. I have personal knowledge of the facts set forth in this declaration and if called to testify, I could and would competently testify to them.

2. I am a transaction partner at Yucaipa. The Yucaipa Defendants are two funds that are associated with Yucaipa. I have worked at Yucaipa since 1991, and I have been a partner since 2001. Yucaipa is not a "corporate raider"—instead Yucaipa traditionally invests in companies with the goal of working with management and labor unions to improve operations and financial performance over time. Yucaipa historically has brought jobs and investments back into economically depressed regions of the United States. It traditionally has not invested in distressed assets.

3. After Allied Systems Holdings, Inc. ("Allied") emerged from bankruptcy in May 2007, I served twice on the board of directors of Allied. I first served on the Allied board between May 2007 and January 2008. I then served on the Allied board again from April 2009 through December 2013. I was not a director of Allied between January 2008 and April 2009.

4. In August 2009, while I was a member of the Allied board, the Yucaipa Defendants acquired the majority of Allied's first lien debt from ComVest Investment Partners III, L.P. ("ComVest"). At the time, I knew that Allied's customers were concerned about Allied's stability. I believed that the Yucaipa Defendants' acquisition of ComVest's position

4

was necessary to calm customer concerns and to enable Allied to avoid a second bankruptcy, which I believed would have been detrimental to Allied and its stakeholders.

5. In order to consummate the Yucaipa-ComVest transaction in August 2009, I understood that there would need to be an amendment to Allied's First Lien Credit Agreement ("FLCA"). I understood that the Fourth Amendment to the FLCA was legally valid and appropriate from a business perspective. My understanding was based on the advice of Allied's long-time legal counsel, Troutman Sanders.

6. Simply put, from the time when the Fourth Amendment was executed in August 2009 all the way until March 2013, I understood and believed that it was legally valid. I also know that in March 2013, a New York court deemed the Fourth Amendment invalid for reasons I do not fully understand. Notwithstanding the New York Court's ruling or subsequent rulings by other courts, I continue to believe that the Fourth Amendment and the Yucaipa Defendants' debt purchase in August 2009 was in the best interest of Allied and all of its stakeholders, and mutually beneficial for Allied and the Yucaipa Defendants.

7. Between late 2011 and mid-2012, the Yucaipa Defendants were negotiating with Jack Cooper Transport ("JCT") regarding JCT's potential acquisition of the Yucaipa Defendants' debt in Allied.[1] At that time, I believed and understood that the contemplated transaction between the Yucaipa Defendants and JCT would be mutually beneficial for the Yucaipa Defendants and Allied.

8. I understand that at paragraph 139 in the "Lender Complaint," the Trustee asserts that with respect to Allied, I was "not pursuing in good faith the legitimate profit-seeking

---

[1] There had also been previous negotiations among various parties concerning JCT's potential acquisition of Allied or Allied's first lien debt.

activities of Yucaipa or [Allied]" but rather, was trying to benefit myself "individually at the expense of [Allied] and [its] stakeholders." However, these allegations are not true. I never acted to advance my own personal financial interest with respect to Allied or any of the allegations that are at issue in this case.

I declare under penalty of perjury under the laws of the Unites states that the foregoing is true and correct, and that this Declaration was executed on the 29<u>th</u> day of April 2020, at Los Angeles, California.

*Ira Tochner*