# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 12-11564 (KBO)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS<br><br>        Plaintiff,<br><br>BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>        Intervenors,<br><br>        v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,<br><br>        Defendants. | Adv. Proc. No. 13-50530 |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM | Adv. Pro. No. 14-50971 (KBO) |

| |
|---|
| COMMERCIAL FINANCE LLC, as co-administrative agent, |
| Plaintiff, |
| v. |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., RONALD BURKLE, JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK, |
| Defendants. |

**DECLARATION OF RONALD BURKLE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    YOUNG CONAWAY
STARGATT & TAYLOR, LLP
Michael R. Nestor (No. 3526)
Edmon L. Morton (No. 3856)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600
mnestor@ycst.com

- and-

GIBSON, DUNN & CRUTCHER LLP
Maurice M. Suh (*Pro Hac Vice*)
Robert A. Klyman (*Pro Hac Vice*)
Kahn Scolnick (*Pro Hac Vice*)
333 South Grand Avenue
Los Angeles, CA  90071
Telephone: (213) 229-7000
msuh@gibsondunn.com

*Attorneys for Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American*

*Alliance (Parallel) Fund I, L.P., Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner*

## DECLARATION OF RONALD BURKLE

I, Ronald Burkle, hereby declare as follows:

1.     I submit this declaration in support of the motions for summary judgment filed by Yucaipa American Alliance Fund I, LP, Yucaipa American Alliance (Parallel) Fund I, LP (collectively, the "Yucaipa Defendants"), Jos Opdeweegh, Derex Walker, Jeff Pelletier, Ira Tochner, and myself.  I have personal knowledge of the facts set forth in this declaration and if called to testify, I could and would competently testify to them.

2.     I am the founder and managing member of Yucaipa, which is a group of investment entities that include the Yucaipa Defendants in this case.  The Yucaipa Defendants first invested in Allied Systems Holdings, Inc. ("Allied") during Allied's first bankruptcy.

3.     After ComVest Investment Partners III, L.P. ("ComVest") acquired the majority of Allied's first lien debt, I believed that ComVest intended to take Allied into bankruptcy. Around the same time, I understood that Allied's customers were becoming concerned about Allied's stability—███████████████████████████████████████████████████████████████████████████████████████ ███.

4.     I believed that if ComVest continued to hold the majority of Allied's first lien debt, Allied likely would find itself in a second bankruptcy and liquidation, ███████████ ██████████████████████████ which I believed would have been detrimental to Allied and all of its stakeholders, including debtholders.

5.      Based on my discussions with Allied's customers, I believed that if the Yucaipa Defendants acquired ComVest's first lien debt position, it would calm Allied's customers'

concerns; I also believed that the transaction would provide Allied with a stable financial platform for it to continue to conduct its business.

6. From the time the Yucaipa Defendants purchased Allied's first lien debt from ComVest, and up until a New York court held otherwise, I understood and believed that there was no legal impediment to purchasing ComVest's debt. Notwithstanding the New York court's ruling or subsequent rulings by other courts, I continue to believe that the Yucaipa Defendants' debt purchase in August 2009 was in the best interest of Allied and all of its stakeholders, and mutually beneficial for Allied and the Yucaipa Defendants.

7. I understand that at paragraph 139 of the "Lender Complaint," the Trustee asserts that I was "not pursuing in good faith the legitimate profit-seeking activities of Yucaipa or [Allied]," but rather was trying to benefit myself "individually at the expense of [Allied] and [its] stakeholders." These allegations are not true. At no time was I acting to advance my own personal interest at the expense of Allied, its stakeholders, or the Yucaipa Defendants, with respect to any of the actions alleged in this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on this __8th__ day of May 2020, at Los Angeles, California.

_____
Ronald Burkle