## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*, | Case No. 12-11564 (CSS) (Jointly Administered) |
| Debtors. | |

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS | Adv. Proc. No. 13-50530 (CSS) |
| Plaintiff, | |
| BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK, | |
| Defendants. | |

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co- | Adv. Pro. No. 14-50971 (CSS) |

administrative agent, and SPECTRUM
COMMERCIAL FINANCE LLC, as co-
administrative agent,

                         Plaintiff,

v.

YUCAIPA AMERICAN ALLIANCE FUND I, L.P.,
YUCAIPA AMERICAN ALLIANCE (PARALLEL)
FUND I, L.P., YUCAIPA AMERICAN ALLIANCE
FUND II, L.P., YUCAIPA AMERICAN ALLIANCE
(PARALLEL) FUND II, L.P., RONALD BURKLE,
JOS OPDEWEEGH, DEREX WALKER, JEFF
PELLETIER, IRA TOCHNER, and JOSEPH
TOMCZAK,

                         Defendants.

**DEFENDANTS YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA
AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.'S REPLY IN FURTHER
<u>SUPPORT OF ITS OBJECTIONS TO THE ENTRY OF JUDGMENT</u>**

## INTRODUCTION

Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (collectively, "Yucaipa"), by and through their counsel, respectfully submit this response in further support of *Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.'s Objection to Entry of Judgment and Additional Objections to the Proposed Form of Judgment Submitted by the Litigation Trustee; Request for Stay in the Alternative* (the "Objection").[1]   Adv. Proc. No. 13-50530 ("Estate Action"), D.I. 830; Adv. Proc. No. 14-50971 ("Lender Action"), D.I. 568.  Yucaipa's Objection explained, among other things, that the Litigation Trustee's breach of contract claims (Estate Claim 5 and Lender Claim 2) resolved on summary judgment are non-core claims, so this Court lacks authority to issue a final judgment on them, and instead it may issue only proposed findings and conclusions to the District Court for *de novo* review.   In response to Yucaipa's Objections, the Court asked the Litigation Trustee by e-mail to answer the questions below, to which the Litigation Trustee responded in the *Litigation Trustee's Memorandum in Response to: Yucaipa's Objections to Summary Judgment Opinion and Order, Entry of Judgment, and Proposed Form of Judgment, and (2) Questions from the Court*.  Estate Action, D.I. 836; Lender Action, D.I. 574 (the "Memorandum").[2]  Yucaipa's answers to those same questions follow:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objections.

[2] Although Yucaipa disputes most of the assertions and arguments made by the Litigation Trustee in the Memorandum, Yucaipa has intentionally limited this Reply to the specific questions raised by the Court.  Yucaipa reserves all of its rights with respect to the other issues and arguments made in the Memorandum.  For reasons including those stated in the Objections and Rule 9033 Objection [Estate Action, D.I. 828; Lender Action, D.I. 566], Yucaipa opposes the Litigation Trustee's unfounded and last-minute attempt to obtain additional interest, including at a rate based on quarterly compounded interest at the average Federal Reserve discount rate plus 5% on its fraudulent transfer claims, which is inconsistent with the authorities cited in the Litigation Trustee's own memorandum in support of partial summary judgment.  Estate Action, D.I. 712, Lender Action, D.I. 465 at 37 (*citing In re Opus E., LLC*, 528 B.R. 30, 108-09 (Bankr. D. Del. 2015) (awarding prejudgment interest *at federal judgment rate*, per 28 U.S.C. 1961, on fraudulent transfers accruing from the date on which it occurred.).

1.   **Whether Yucaipa consented to this court exercising its jurisdiction over the contract claims by not preserving the right to an Article III judge in their first responsive pleading.**

     **Yucaipa Response:** The Liquidating Trustee concedes that the Court lacks authority to enter a final judgment on the non-core contract claims in the Lender Action.  In the Estate Action, Yucaipa never expressly consented to this Court's entry of final orders or judgments on the non-core claims nor could it have impliedly consented thereto, as the Bankruptcy Rules applicable in 2013 (and ignored by the Litigation Trustee in her briefing) made clear that express consent was required in a responsive pleading to permit the Court to enter a final judgment as to non-core claims.  Moreover, since the Estate breach of contract claim "subsumes the Lender Claims," *see* Opinion, at p. 46, n. 122, it would be entirely inefficient and prejudicial for the Court to enter a final partial judgment on the Estate claim and findings and conclusions on the Lender claims.

2.   **Whether Yucaipa consented to this court exercising its jurisdiction over the contract claims by affirmatively seeking summary judgment on these claims without mentioning or preserving the non-core argument.**

     **Yucaipa Response:** Yucaipa contemporaneously and expressly refused to consent to this Court's entry of a final order on non-core claims in its motions for partial summary judgment, which refutes any alleged implied consent to this Court's jurisdiction.

3.   **Whether the Court can provide proposed findings of fact on summary judgment where the Court ruled in favor of plaintiffs *as a matter of law*. There are no factual findings to propose.**

     **Yucaipa Response:** On summary judgment, courts must determine whether there are *undisputed* facts that warrant judgment as a matter of law in favor of the moving party.  In that context, "proposed findings of fact" refers only to a proposed finding that a particular fact is *undisputed*.  Although, respectfully, the Court's summary judgment opinion ("Opinion") inappropriately resolved certain *disputed* issues of fact, only undisputed facts may be included in the Court's issued proposed finding of facts.

### DETAILED RESPONSES TO COURT'S QUESTIONS

## I.   Yucaipa's First Responsive Pleading in the Estate Action Did Not Fail to Preserve its Right to an Article III Judge With Respect to Non-Core Claims.

The Liquidating Trustee concedes that the Court lacks authority to enter a final judgment on the non-core contract claims (Lender Claims 2 and 3) in the Lender Action, and acknowledges that the Court must issue proposed findings and conclusions with respect thereto.

Despite the identical nature of Lender Claim 2 and Estate Claim 5 in terms of being non-core,[3] however, the Liquidating Trustee asks the Court to enter a final order with respect to Estate Claim 5 based on Yucaipa's alleged consent.

The Court only has authority to enter a final order or judgment with respect to Estate Claim 5 if both parties consented to the entry of final orders by the Bankruptcy Court. *See In re Paragon Offshore PLC*, 598 B.R. 761, 768 (Bankr. D. Del. 2019); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944-45 (2015). Yucaipa never expressly or impliedly consented to this Court's entry of final orders or judgments over the non-core claims in the Estate Action. To the contrary, Yucaipa has repeatedly and for years made clear that it did not consent.

Although Yucaipa did not include an *express* objection to the Court's entry of final orders or judgments on non-core claims in its first responsive pleading in the Estate Action, Yucaipa cannot be deemed to have impliedly consented thereto. At the time Yucaipa filed its answer in the Estate Action on February 11, 2013 (D.I. 16), the Federal Rules of Bankruptcy Procedure made clear that consent to adjudication must be express when made through a responsive pleading in a non-core matter. Fed. R. Bankr. P. 7012(b) (2013) ("In non-core proceedings, final orders and judgments shall not be entered on the bankruptcy judge's order ***except with the express consent of the parties***.") (emphasis added); *see also Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*, 467 B.R. 712, 722 (S.D.N.Y. 2012) ("Under Fed. R. Bankr. P. 7012(b), which requires 'express consent of the parties' for a bankruptcy court to enter final orders and

---

[3] The Court has already expressly determined that Lender Claim 2 is a non-core claim. Lender Action, D.I. 70 ("The Second . . . Claim[] for relief asserted by the Plaintiffs in the Complaint . . . in adversary proceeding number 14-50971, constitute[s] [a] non-core claim[].").  Estate Claim 5 is identical to Lender Claim 2 in terms of being non-core.  Accordingly, the Court only has authority to enter a final order or judgment with respect to Estate Claim 5 if both parties consented to the entry of final orders by the Bankruptcy Court. *See In re Paragon Offshore PLC*, 598 B.R. 761, 768 (Bankr. D. Del. 2019); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944-45 (2015).

judgments non-core matters, mere implied consent appears to be insufficient."). Indeed, the Supreme Court in *Wellness* specifically cited Rule 7012 in support of the general rule that "[e]ven though the Constitution does not require that consent be express, . . . [s]tatutes or judicial rules may require express consent where the Constitution does not." *See Wellness*, 135 S. Ct. at 1948, n.13 (citing Fed. R. Bankr. P. 7012). Accordingly, implied consent cannot be found from a party's failure to include a statement of non-consent in a responsive pleading when Rule 7012 mandated that consent be express.[4]

The Trustee's argument that Yucaipa waived its Constitutional right to have non-core claims adjudicated by an Article III court pursuant to then-effective Local Rule 7012-1 is simply wrong. That rule was enacted in 2013, in the wake of *Stern v. Marshall*, 564 U.S. 462, 492 (2011), in which the Supreme Court held that a bankruptcy court may lack authority to adjudicate certain statutorily "core" claims. The 2013 version of Local Rule 7012-1 is titled "Statement in Answer, Motion or Response Thereto Regarding Consent to Entry of Order or Judgment ***in Core Proceeding***," and requires a party to expressly withhold consent to the bankruptcy court's adjudicatory authority over statutorily core "*Stern*" claims or be deemed to waive that right. Local Rule 7012-1 (2013) (emphasis added) ("If no [statement that the filing party does or does not consent to the entry of final orders or judgment by the Court] is included

---

[4] Although the version of Bankruptcy Rule 7012(b) in effect in 2013 required express consent to a bankruptcy court's adjudication of "non-core proceedings," this phrase was applicable also to any non-core claims within, as here, a proceeding involving both "core" and "non-core" claims. *See, e.g.*, *Bennett v. Genoa AG Cntr., Inc. (In re Bennett)*, 154 B.R. 126, 140 (Bankr. N.D.N.Y. 1992) (determining whether each claim in a proceeding with mixed core and non-core claims was a core or non-core proceeding and applying Rule 7012(b)'s express consent standard to each non-core claim); *Penson Fin. Servs. v. O'Connell (In re Arbco Capital Mgmt., LLP)*, 479 B.R. 254, 267 (Bankr. S.D.N.Y. 2012) (finding express consent not obtained with respect to non-core claims or *Stern* claims in a proceeding with mixed claims and concluding that the bankruptcy court lacked authority to finally adjudicate these claims); *see also Wellness*, 135 S. Ct. 1932, 1949 (Alito, J., concurring) (noting that courts will need to consider how to treat *Stern* claims for purposes of Bankruptcy Rule 7012(b)). Thus, the version of Rule 7012 in effect at the time that Yucaipa filed its responses did not permit the Court to adjudicate non-core claims without Yucaipa's ***express*** consent, which was never provided.

in the answer . . . the filing party shall have waived the right to contest the authority of the Court

to enter final orders or judgments."). Just as the Bankruptcy Rule's reference to a "non-core

proceeding" applies to non-core claims, the Local Rule's reference to "Core Proceeding" refers

to core "*Stern*" claims, but does not apply to non-core claims in a mixed proceeding, which are

covered by the Federal Bankruptcy Rule's express consent requirement. Any other reading

would create a direct conflict with the Bankruptcy Rule, which would render the local rule

invalid. *McGowan v. Ries (In re McGowan),* 226 B.R. 13, 19 (B.A.P. 8th Cir. 1998) ("As a

general rule of law, any local rule of bankruptcy procedure that conflicts with a federal rule of

bankruptcy procedure is invalid and of no effect."); *see also Anchorage Assocs. v. V.I. Bd. of Tax*

*Review*, 922 F.2d 168, 173 (3d Cir. 1990) ("District courts are authorized to prescribe rules for

the conduct of court business so long as those rules are consistent with the Acts of Congress and

the Federal Rules of Civil Procedure.").[5] In any event, a local rule should not be read to waive a

party's constitutional right to adjudication before an Article III judge. See *Hanna v. Phila.*

*Asbestos Co.*, 743 F.2d 996, 1000 (3d Cir. 1984) ("rules adopted by individual district courts do

not and cannot affect the *jurisdiction* of the court") (emphasis in original). This is because

"courts must indulge every reasonable presumption against the loss of constitutional rights."

*Illinois v. Allen*, 397 U.S. 337, 343 (1970).

　　At a minimum, any ambiguities should be construed in favor of Yucaipa as "a litigant's

consent—whether express or implied—must still be knowing and voluntary." *Wellness*, 135 S.

Ct. at 1948. This Court should not brush aside Yucaipa's repeated and express invocations of its

---

[5] Further, the Local Rules in effect in 2013 explicitly recognized that: "These Local Rules shall be followed insofar as they are not inconsistent with the Bankruptcy Code (the "Code") and the Federal Rules of Bankruptcy Procedure." Local Rule 1001-1(b) (2013). Likewise, Federal Rule of Bankruptcy Procedure 9029(a)(1) provides that a bankruptcy court's local rules must be "consistent with" the Federal Bankruptcy Rules.

constitutional right to proceed before an Article III judge – or the express terms of a Federal Bankruptcy Rule – simply because the answer in the Estate Action was silent as to consent.[6]

Finally, a finding of implied consent in the Estate Action would undermine the purpose behind implied consent—to promote the "pragmatic virtues" of "increasing judicial efficiency and checking gamesmanship." *Wellness*, 135 S. Ct. at 1948. Entry of a final order in the Estate Action based on Yucaipa's allegedly implied consent to this Court's entry of a final order to decide Estate Claim 5 while entering proposed findings and conclusions in the Lender Action would be the opposite of "judicial efficiency." In the end, two different courts would rule simultaneously on effectively the same claim, with the district court having to potentially weigh in twice under different standards of review. A finding of implied consent in the Estate Action also is not necessary to "check[] gamesmanship," as Yucaipa has objected to the Court's jurisdiction in various filings for years.[7]

## II.    Yucaipa Did Not Consent to This Court's Jurisdiction Over Non-Core Claims By Moving for Summary Judgment.

Yucaipa's motion for summary judgment includes the following statement: "Yucaipa does not consent to the entry of final orders or judgments by the Court to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution." Estate Action, D.I. 696 at 3-4.[8]

---

[6] The Litigation Trustee's allegations that Yucaipa impliedly consented to this Court's adjudication of non-core claims in the Estate Action by allegedly taking actions in a different proceeding, and by failing to move to withdraw the reference over, or to seek to determine the status of, the Estate Action are unsupported and unpersuasive. A party cannot so easily be deemed to have waived a constitutional right.

[7] *See, e.g.*, Estate Action D.I. 408 at 3; Estate Action D.I. 416 at 3; Estate Action D.I. 429 at 3 n.1; Estate Action D.I. 696 at 3-4. Yucaipa's explicit non-consent remained through summary judgment. *See* Section II, *infra*. By doing so, Yucaipa put the Litigation Trustee and this Court on notice that it did not consent to this Court's final adjudication as to the non-core claims.

[8] The Trustee alleges that Yucaipa's failure to include a "non-consent" reservation in its memorandum of law waived any objection to entry of a final order, but ignores the explicit reservation in the motion itself. The supporting memorandum of law did not need to include an additional non-consent. Moreover, Yucaipa's objection to this Court's adjudicatory authority over non-core claims applied equally to its own motion and the Litigation

Where a motion for summary judgment contains an explicit statement of non-consent, the movant will not be deemed to have consented impliedly to the court's authority. For example, in *USA Gymnastics v. Ace Am. Ins. Co. (In re USA Gymnastics)*, Case No. 18-9108, Adv. No. 19-50012, 2019 Bankr. LEXIS 3972 (Bankr. S.D. Ind. Oct. 24, 2019), the defendant consistently withheld its consent to the bankruptcy court's jurisdiction over non-core claims, including in a footnote to its motion for summary judgment. The bankruptcy court found that in bringing the motion for summary judgment, the insurer had "neither impliedly consented to this court's jurisdiction nor waived its right to entry of final judgment of the District Court." *Id.* at *7. Further, the court recognized that because the district court had not withdrawn the reference, the insurer "filed its Cross-Motion for Summary Judgment here because currently there is no alternative forum available in which to pursue the relief it seeks." *Id.* at *6-7. Accordingly, the Court "ma[de] its proposed findings and conclusions for de novo review by the District Court pursuant to 28 U.S.C. § 157(c)(1)." *Id.* at *7. *See also Breeden v. Bennett (In re Bennett Funding Group, Inc.)*, 367 B.R. 269, 291 (Bankr. N.D.N.Y. 2007) (treating motion for partial summary judgment with respect to a non-core claim as one on which the court could make only proposed findings of fact and conclusions of law where movant "expressly refus[ed] to consent to the entry of a final judgment.").

Here, as in *USA Gymnastics*, Yucaipa's explicit and contemporaneous expression of non-consent and inability to seek relief in an alternative forum override any implication that Yucaipa has consented to this Court's adjudication of the non-core claims.

---

*(Cont'd from previous page)*

Trustee's; contrary to the Litigation Trustee's assertions, Yucaipa has not engaged in any "gamesmanship" in preserving its constitutional rights..

### III.    On Summary Judgment, The Court's Proposed Findings of Fact Must Include Only Those Facts That Are Undisputed.

The Court's final question asks whether it can propose factual findings when it ruled in favor of the Litigation Trustee as a matter of law on summary judgment.  In this context, the Court should submit proposed findings of *undisputed* facts.  *See Laspro Consultores LTDA v. Alinia Corp. (In re Massa Falida Do Banco Cruzeiro Do Sul S.A.*, --- B.R. ---, Case No. 14-22974, Adv. No. 16-1315, 2021 Bankr. LEXIS 429, at *11 (Bankr. S.D. Fla. Jan. 15. 2021) (proposing findings of undisputed facts after directing both parties to submit competing proposed findings of fact and incorporating portions of each); *Perkins v. Am. Int'l Specialty Life Ins. Co. (In re Int'l Mgmt. Assocs., LLC)*, Case No. 06-62966, Adv. No. 10-06090, 2012 Bankr. LEXIS 2736, *11, 2012 WL 2105908 (April 3, 2012) (proposing to the district court those findings of facts that "are both undisputed and material").

As Yucaipa explained in its Rule 9033 Objections, *see* Estate Action, D.I. 828 at 10-12; Lender Action, D.I. 566 at 10-12, respectfully, this Court improperly made various factual findings in its summary judgment Opinion by resolving material disputes of fact, overlooking or misconstruing certain evidence, and drawing inferences against Yucaipa.  These *disputed* findings of fact are inappropriate for submission to the District Court.  Rather, the Court's proposed findings of fact should include only those facts that are truly undisputed. [9]

### CONCLUSION

Yucaipa respectfully requests that this Court not enter any judgment at this time on any of the claims resolved in the summary judgment Opinion and Order.

---

[9] The Litigation Trustee states repeatedly in the Memorandum that a final judgment is appropriate at this time because of "serious questions . . . about Yucaipa's efforts to dissipate assets from which it could satisfy a judgment." In fact, no evidence has been presented that Yucaipa is dissipating or will dissipate assets to avoid satisfying a judgment.  The Litigation Trustee's "questions" are wholly unfounded.

Dated:  June 22, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

                                         */s/ Laura Davis Jones*
                                         Laura Davis Jones (DE Bar No. 2436)
                                         David M. Bertenthal (CA Bar No. 167624)
                                         Peter J. Keane (DE Bar No. 5503)
                                         919 N. Market Street, 17th Floor
                                         P.O. Box 8705
                                         Wilmington, DE 19899-8705 (Courier 19801)
                                         Telephone: (302) 652-4100
                                         Fax: (302) 652-4400
                                         Email: ljones@pszjlaw.com
                                              dbertenthal@pszjlaw.com
                                              pkeane@pszjlaw.com

                                         -and-

                                         GLASER WEIL FINK HOWARD AVCHEN &
                                         SHAPIRO LLP
                                         Patricia L. Glaser (*admitted pro hac vice*)
                                         Gali Grant (*admitted pro hac vice*)
                                         Matthew P. Bernstein (*admitted pro hac vice*)
                                         10250 Constellation Blvd.
                                         19th Floor
                                         Los Angeles, CA 90067
                                         Telephone: (310) 553-3000
                                         Fax: (310) 556-2920
                                         Email: pglaser@glaserweil.com
                                              ggrant@glaserweil.com
                                              mbernstein@glaserweil.com

                                         Counsel for Yucaipa