# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC CORPORATION, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br><br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS<br><br>    Plaintiff,<br><br>BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>    Intervenors,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>    Defendants. | Adv. Proc. No. 13-50530 (CSS) |

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58- 0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90- 0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45 5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38 2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).

1

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>                      Plaintiff,<br><br>                      v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>                      Defendants. | Adv. Proc. No. 14-50971 (CSS) |

**DEFENDANTS YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.'S MOTION FOR STAY OF <u>PROCEEDINGS PURSUANT TO BANKRUPTCY RULE 8007(e)</u>**

Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (collectively, "<u>Yucaipa</u>") by and through their undersigned counsel, hereby respectfully move this Court (the "<u>Motion</u>"), pursuant to Rule 8007(e) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an order suspending the continuation of proceedings in the above-captioned adversary proceedings (the "<u>Adversary Proceedings</u>") pending Yucaipa's appeal of the Court's *Judgment* dated June 23, 2021 [Adv. Proc. No. 13-50530 ("<u>Estate Action</u>"), D.I. 841; Adv. Proc. No. 14-50971 ("<u>Lender Action</u>"), D.I. 579] (together, the

"Judgment").[2] The Judgment was issued in connection with the Yucaipa Summary Judgment Motion[3] and the Trustee Summary Judgment Motion[4] and in furtherance of the Court's Opinion thereon [Estate Action, D.I. 825; Lender Action, D.I. 563], denominated findings of fact and conclusions of law and the related Order thereon [Estate Action, D.I. 826; Lender Action, D.I. 564] filed on May 4, 2021.[5] In support of this Motion, Yucaipa respectfully states as follows:

**Preliminary Statement**

1.      By this Motion, Yucaipa requests that the Court suspend the continuation of the Adversary Proceedings – and to vacate the scheduled trial date – pending the District Court's resolution of Yucaipa's appeal of the Judgment for two independent reasons. First, consistent with the Court's prior rulings, Yucaipa submits that the filing of its notice of appeal with respect to the Judgment divested the Court of jurisdiction over those aspects of the case that are at issue in the appeal. *See Carickhoff v. Goodwin (In re Decade S.A.C., LLC)*, No. 18-11668, Adv. Proc. No. 19-50095, 2020 Bankr. LEXIS 702 at *6 (Bankr. D. Del. March 18, 2020) (Sontchi, J.). Due to the overlapping nature of the adjudicated and unadjudicated claims, which all share the same basic factual predicates and seek overlapping remedies to address, at least in part, the same alleged harm, each of the remaining claims to be tried before this Court relate to the matters on appeal. Accordingly, Yucaipa respectfully submits that this Court has been divested of jurisdiction over

---

[2] On September 13, 2021, Yucaipa's counsel filed a letter with the Court, which explained that Yucaipa intended to file its Motion to Withdraw the Reference and other filings in connection with the Adversary Proceedings. [Estate Action, D.I. 879].

[3] Estate Action, D.I. 696; Lender Action, D.I. 453 (the "Yucaipa Summary Judgment Motion").

[4] Estate Action, D.I. 705; Lender Action, D.I. 462 (pursued by the "Trustee" and referred to herein as "Trustee Summary Judgment Motion" and together with Yucaipa Summary Judgment Motion, the "Cross-Motions for Summary Judgment").

[5] Yucaipa timely objected to the Opinion and Order pursuant to Bankruptcy Rule 9033 [*see* Estate Action, D.I. 828; Lender Action, D.I. 566 ("Rule 9033 Objection")] as well as to entry of the Judgment and the proposed form thereof [*see* Estate Action, D.I. 830; Lender Action, D.I. 568 ("Entry of Judgment Objection")].

the Adversary Proceedings and that a stay of further proceedings before this Court should, therefore, be ordered. Importantly, a stay of the Adversary Proceedings pending resolution of Yucaipa's appeal is necessary to avoid what would almost certainly be continuing and repeated disputes regarding the extent to which the Court has been divested of jurisdiction over the remaining claims, all of which relate to and will be impacted by the appeal. The Court has scheduled a trial on the remaining claims on February 7, 2022. Absent a stay, any further developments in the Adversary Proceedings might well need to be revisited due to this Court's lack of jurisdiction.

2. Second, a stay of the Adversary Proceedings is warranted under Bankruptcy Rule 8007(e). A stay of the Adversary Proceedings is necessary to avoid a substantial risk of duplicative trials, inconsistent rulings, and the expenditure of significant resources by the parties and the Court as a result of trying claims that may be mooted, dismissed, or significantly altered on appeal. If the Court were to rely on the factual findings and rulings underlying the Judgment and Opinion in considering the remaining claims, and any of those findings or conclusions were to be adjudicated differently by the District Court, the entire proceeding would be compromised. Moreover, since certain of the claims and remedies sought in connection with the remaining claims are duplicative of the claims and remedies already decided and awarded in the Judgment that is pending appeal (*e.g.,* preference claims to avoid a subset of the same transfers already avoided by this Court as fraudulent transfers, and a breach of implied covenant claim pled only to the extent that this Court did not uphold the Trustee's breach of contract claims), the Court cannot effectively rule on the remaining claims while the appeal is pending.

3. The Judgment only partially resolved the claims at issue, and issues relevant to the claims to be tried are simultaneously being reviewed on appeal. Thus, an order staying the Adversary Proceedings would not only ensure Yucaipa a meaningful opportunity to exercise its

4

right to appeal, but is clearly in the best interest of judicial economy. The Trustee would suffer no prejudice from a stay. The Trustee's rights to try the remaining claims with the appropriate court would be fully preserved, while both parties avoid the expense of trying claims that may be mooted or dismissed or having to re-try claims altered by a decision on appeal.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[6]

5. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

6. The basis for the relief sought herein is Bankruptcy Rule 8007(e).

**Factual and Procedural Background**

7. Yucaipa respectfully refers the Court to the factual background set forth in the Yucaipa Summary Judgment Motion and the related briefing, the Rule 9033 Objection and the Entry of Judgment Objection, which it incorporates fully herein by reference. The following includes only the background necessary to highlight the need for the relief requested in the Motion.

8. On May 4, 2021, the Court entered the Order granting in part and denying in part, the Trustee Summary Judgment Motion as follows:

- Trustee's Motion on Estate Claims 1 (Equitable Subordination) and 2 (Equitable Subordination) and Lender Claim 1 (Equitable Subordination) is granted, in part, and denied, in part.

---

[6] Yucaipa does not consent to the entry of final orders or judgments by the Court to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5

- Trustee's Motion on Estate Claim 5 (Breach of Contract) and Lender Claim 2 (Breach of Contract) is granted.[7]

- Trustee's Motion on Estate Claims 10 (Constructive Fraudulent Transfers), 11 (Constructive Fraudulent Transfers), and 13 (Disallowance of Claims) are granted.

- Trustee's Motion on Lender Claim 4 (Tortious Interference) is denied.[8]

9. The Court also issued an accompanying Opinion explaining the basis for the rulings it made. *See* Estate Action, D.I. 825; Lender Action, D.I. 563.

10. On May 18, 2021, Yucaipa filed its Rule 9033 Objection and Entry of Judgment Objection. On June 22, 2021, the Trustee filed her Trustee Rule 9033 Response,[9] responding to specific questions the Court posed regarding its ability to enter a final order with respect to the non-core claims in the Estate Action and Lender Action. On June 22, 2021 Yucaipa filed its Entry of Judgment Reply,[10] in which it responded to the Court's questions and explained that the Court did not have authority to enter the Judgment.

11. On June 23, 2021, the Court entered the Judgment on certain counts pursuant to the Order. *See* Estate Action, D.I. 841; Lender Action, D.I. 579. The Judgment directed entry of a

---

[7] Separately, Yucaipa caused the 9033 Objection to be transmitted to the District Court for de novo review of those portions of the Opinion and Order relating to the granting of summary judgment in favor of the Trustee on Lender Claim 2 (Breach of Contract).

[8] The Order also ruled on Yucaipa's Summary Judgment Motion as follows:

- Yucaipa's Motion on Estate Claim 3 (Recharacterization) is granted.
- Yucaipa's Motion on Estate Claim 4 (Specific Performance) is granted.
- Yucaipa's Motion on Estate Claim 5 (Breach of Contract) and Lender Claim 2 (Breach of Contract) is denied.
- Yucaipa's Motion on Lender Claim 3 (Breach of Duty of Good Faith and Fair Dealing) is denied.
- Yucaipa's Motion on Estate Claim 6 (Specific Performance) is granted.
- Yucaipa's Motion on Estate Claim 7 (Breach of Fiduciary Duty) is denied.
- Yucaipa's Motion on Estate Claims 10 (Constructive Fraudulent Transfers) and 11 (Constructive Fraudulent Transfers) is denied.

[9] Estate Action, D.I. 836; Lender Action, D.I. 574.

[10] Estate Action, D.I. 839; Lender Action, D.I. 576.

final judgment as to less than all of the claims in the Adversary Proceeding after determining that there was no just reason for delay pursuant to Rule 54(b), made applicable by Bankruptcy Rule 7054.

12. On July 6, 2021, Yucaipa timely filed its *Notice of Appeal* pursuant to Bankruptcy Rule 8002(a). *See* Estate Action, D.I. 858; Lender Action, D.I. 594. The appeal is pending in the United States District Court before Judge Connolly as Civil Action Nos. 21-cv-994 and 21-cv-995.

13. On October 4, 2021, Yucaipa filed its Motion to Withdraw the Reference.[11]

**Requested Relief**

14. By this Motion, Yucaipa respectfully requests entry of an order staying the Adversary Proceedings pending exhaustion of Yucaipa's appellate rights pursuant to Bankruptcy Rule 8007(e).

**Legal Argument**

**I. The Court Has Been Divested of Jurisdiction Over the Remaining Claims in the Adversary Proceedings**

15. Filing a notice of appeal is "an event of jurisdictional significance, conferring jurisdiction on the appellate court, and divesting the court of origin of its control over 'those aspects of the case involved in the appeal.'" *Claridge Assocs., LLC v. Schepis (In re Pursuit Capital Mgmt., LLC)*, No. 14-10610, 2017 Bankr. LEXIS 1578, at *16-17 (D. Del. June 9, 2017) (*citing Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985)); *Carickhoff v. Goodwin (In re Decade S.A.C., LLC)*, No. 18-11668, Adv. Proc. No. 19-50095, 2020 Bankr. LEXIS 702 at *6 (Bankr. D. Del. March 18, 2020) (Sontchi, J.) (same). The purpose of the divestment doctrine is to "prevent confusion and inefficiency if two courts were to adjudicate the same claims simultaneously." *Id.*

---

[11] *Motion of Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. for Entry of an Order Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a) Withdrawing the Reference of Adversary Proceedings* [Estate Action, D.I. 890; Lender Action, D.I. 625] (the "Motion to Withdraw the Reference").

16. The remaining claims in the Adversary Proceedings are claims for: equitable subordination; breach of fiduciary duty; aiding and abetting breach of fiduciary duty; breach of the implied covenant of good faith and fair dealing; and avoidance of preferential transfers. The Court is divested of jurisdiction over the remaining claims for at least two reasons.

17. *First*, the remaining claims are inextricably tied to "aspects of the case involved in the appeal" because they will be impacted directly – and could very well be mooted – by the outcome of Yucaipa's appeal of the Judgment, which, among other things, Yucaipa contends was entered in violation of its constitutional rights. In fact, the appeal is determinative of the remaining claims.

18. For example, the Trustee's claim to recover allegedly preferential transfers challenges a portion of the very same transfers that are the subject of the Judgment that is currently on appeal and, therefore, seeks relief that is completely duplicative of relief already granted in the Judgment. Indeed, Count XII of the Estate complaint defines the "Preferential Transfers" that are the subject of the Trustee's preference claim as a subset of "[t]he Fraudulent Transfers that were made within one (1) year of the Petition Date (collectively, the 'Preferential Transfers')." Estate Complaint at par. 218. The Court has already ruled in the Trustee's favor as a matter of law that the allegedly Fraudulent Transfers are avoidable. That ruling is presently being appealed. The Trustee cannot avoid and recover the very same transfers on multiple theories. Accordingly, unless the Court's ruling on the Fraudulent Transfers is upset on appeal, a trial on the preference claim would be entirely unnecessary and should not proceed simultaneously with the appeal.

19. Similarly, the claim for breach of the covenant of good faith and fair dealing overlaps entirely with the Lender and Estate claims for breach of contract. This Court has already ruled in the Trustee's favor as a matter of law on the breach of contract claims, each of which is pending review by the District Court. Unless the Court's rulings on the breach of contract claims

are disturbed on appeal, the breach of covenant claim would be rendered moot and it would be unnecessary to try that claim. *See* Lender Complaint at par. 129 (asserting claim for breach of the implied covenant only "[t]o the extent that Yucaipa's wrongful usurpation of Requisite Lender status and its subsequent actions as purported Requisite Lender were not explicitly prohibited by the First Lien Credit Agreement").

20. Critically, the unadjudicated claim for breach of the covenant and the breach of contract claims currently on appeal are premised on the same exact facts. If any factual or legal finding supporting the Judgment or Order concerning the breach of contract claims is disturbed on appeal, a re-trial of the breach of the covenant would be necessary. In fact, the Lender's claim for breach of contract (which is the subject of the 9033 Objection) is subject to the same defenses as the breach of covenant claim. As a result, if the District Court were to agree with Yucaipa in the Rule 9033 proceeding that the breach of contract claim is barred by the statute of limitations, the claim for breach of the covenant would similarly be barred and a trial on that claim would have been unnecessary.

21. At trial, the Trustee will also seek to equitably subordinate Yucaipa's claims against Allied under section 510(c) of the Bankruptcy Code. The Court concluded in the Opinion that equitable subordination was partially warranted because Yucaipa acted in bad faith by breaching the First Lien Credit Agreement ("FLCA"), which is the very subject of Estate Claim 2 that is included in the Judgment. Opinion at 108-09. If the reviewing court were to find on appeal that Yucaipa is not liable for breaching the FLCA, the very basis for the Trustee's subordination claim would be undermined, together with any pre-appeal trial of the amount to be subordinated.

22. Furthermore, the availability of equitable subordination as a remedy and the extent to which Yucaipa's claims might be subordinated (which has not been adjudicated) will necessarily be impacted by the outcome of the appeal because the subordination damages overlap with the

9

breach of contract damages awarded by the Court. "[A] debtor may not obtain both equitable subordination and an award of money damages which would compensate it for the damages resulting from the same conduct. On the contrary, equitable subordination is a remedy available only when damages cannot be reasonably ascertained." *Century Glove, Inc. v. Iselin (In re Century Glove, Inc.)*, 151 B.R. 327, 332 (Bankr. D. Del. 1993) (citations omitted). The availability and amount of contract damages are directly at issue in the pending appeal. Therefore, the availability of equitable subordination as a remedy – and the extent of the remedy, if any – will depend entirely on the outcome of the appeal.

23. Finally, as with the subordination claim, the *amount* of damages, if any, that can be awarded in connection with the Trustee's claims for breaches of fiduciary duty and the covenant will be dictated by the pending appeal. Those claims arise out of the same conduct and alleged harm that form the basis of the breach of contract claim that is the subject of the Judgment and appeal. The Trustee cannot recover for the same harm twice. *See, e.g., Stayton v. Del. Health Corp.*, 117 A.3d 521, 534 (Del. 2015) ("a plaintiff is entitled to compensation sufficient to make him whole, but no more"). This overlap creates a substantial risk that duplicative review by this Court will be necessary because the amount of damages available to the Trustee, if any, will not be known until the reviewing courts either affirm, reduce, or eliminate the amount of damages already awarded in the Judgment on the breach of contract claim. This also creates a substantial risk of duplicative review by the reviewing courts. For example, the Bankruptcy Court's determination that the Estate suffered $57.4 million in damages is being challenged on appeal. Any ruling by the Court that this alleged loss or any part thereof is recoverable under any of the remaining claims will necessarily bring the same issue of damages before the District Court. Because the outcomes of the appeal and 9033 Objection will in large part determine the fate of the claims remaining before the Bankruptcy Court, the Court has been divested of jurisdiction with

10

respect to those claims and should stay the Adversary Proceedings in order to promote judicial efficiency and preserve its and the parties' resources.

24. ***Second***, factual issues at issue in the appeal and 9033 Objection will also be at issue in any trial of the remaining claims. Much of this case relates to actions allegedly taken by Yucaipa and Allied with respect to the FLCA. The Trustee's breach of contract claims are premised on an alleged breach of the Third Amendment. *See* Opinion at 26. The fraudulent transfer and disallowance claims concern, in part, Yucaipa's alleged "bad faith" in causing Allied to enter into the Fourth Amendment and subsequent related litigation and fees. *See id*. at 52-54, 65-66, 70. The facts and findings made by the Court concerning the Third and Fourth Amendments bear directly on the claims for equitable subordination, breach of fiduciary duty and breach of the covenant of good faith and fair dealing that remain before this Court. Among other things, Yucaipa is challenging on appeal the Court's conclusion that certain facts related to these amendments were undisputed. These disputed factual issues include, without limitation: whether Allied suffered damages and, if so, the amount; whether the Third Amendment required Yucaipa to make any cash contributions; whether Yucaipa would ever have elected to make a cash contribution rather than a debt contribution; and the extent of value Allied received in connection with the alleged fraudulent transfer claims. Estate Action, D.I. 867; Lender Action, D.I. 603. The Opinion, therefore, limits the facts and defenses that Yucaipa will be permitted to argue at trial on the overlapping, remaining claims. Not only will Yucaipa be substantially prejudiced if it is forced to try the remaining claims in accordance with the Court's findings on summary judgment before the District Court reviews those findings, but any contrary finding by the District Court would impact the remaining claims and require a further re-adjudication of the claims.

25. The factual findings made in connection with the Opinion supporting the Judgment necessarily implicate the remaining claims, due to the close relationship and high degree of overlap

11

between the adjudicated and unadjudicated claims, which all share the same basic factual predicates. The District Court might well see the facts (and the law) differently, which could compromise the entire proceeding before this Court. The divestiture doctrine should be applied and the remaining matters stayed pending the outcome of Yucaipa's appeal to avoid continuing disputes over the extent to which this Court has been divested of jurisdiction over the Adversary Proceedings and to avoid the potentially significant waste of judicial and party resources that may result from inconsistent rulings and the need for multiple, duplicative trials.

26. Notably, District Judge Robinson previously acknowledged the overlapping nature of the claims and facts in this case: "These proceedings involve at least some overlapping claims and certainly involve overlapping facts." Case No. 1:13-CV-1010, D.I. 34 at 3 (D. Del. Nov. 13, 2015). Judge Robinson sought to avoid "piecemeal litigation" and "the risk of inconsistent rulings." *Id*.; *see also id.* at n.1 ("Recognizing, of course, that some of Judge Sontchi's decisions [i.e., as to non-core claims] will be in the form of proposed findings of fact and conclusions of law."). These concerns would be alleviated if the Court were to conclude that it was divested of jurisdiction over the Adversary Proceedings when the notice of appeal was filed.

27. For the reasons set forth above, were the Adversary Proceedings to move forward while the appeal is pending, needless confusion and disputes would almost certainly arise with respect to the Court's jurisdiction to adjudicate the remaining claims. It is, therefore, in the interest of the Court, the parties, and judicial economy for the Court to conclude that the Adversary Proceedings should be stayed, and the scheduled trial date vacated, while Yucaipa's appeal and 9033 Objection are pending.

DOCS_LA:338507.14 96991/001

## II. The Court Should Stay the Adversary Proceedings Pending Review By The District Court.

28. Even were the Court to conclude that it has not been divested of jurisdiction over the Adversary Proceedings in their entirety, Yucaipa contends that the pending appeal sufficiently impacts the remaining claims that a stay is appropriate under Bankruptcy Rule 8007(e). Rule 8007(e) provides that "the bankruptcy court may: (1) suspend or order the continuation of other proceedings in the case; or (2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest." Fed. R. Bankr. P. 8007(e).

29. The standard for a stay pending appeal, whether it relates to a stay of enforcement under Bankruptcy Rule 8007(a) or a stay of the remaining claims under Bankruptcy Rule 8007(e) is the same. *In re Franklin*, No. 19-80661, 2020 Bankr. LEXIS 349, at *12 (Bankr. M.D.N.C. Feb. 6, 2020) ("In considering a motion to suspend other proceedings in the case under Rule 8007(e), courts have applied the same standards as those for imposing a stay pending appeal."); 10 COLLIER ON BANKRUPTCY, ¶ 8007.12 n.4 (Richard Levin and Henry J. Sommer, eds., 16th ed.) ("It has been held that the standards governing a stay under subdivision (e) are the same as those governing a stay under subdivision (a).") (*citing In re Michigan Produce Haulers, Inc.*, No. 14-03188, 2015 Bankr. LEXIS 944 (Bankr. W.D. Mich. Mar. 19, 2015)).

30. The Third Circuit has held that courts should consider the following factors in determining whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

31. The Third Circuit in *Revel* endorsed the balancing of each of the four factors. *Revel AC*, 802 F.3d at 568. The *Revel* court provided that the analysis should proceed as follows:

> Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) and (b) will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a sliding scale approach.

*Id*. at 571 (internal quotations and citation omitted).

32. Because each of these factors favors staying the Adversary Proceedings pending appeal, the Court should grant an order issuing such a stay.

### 1. Yucaipa is likely to succeed on the merits of its appeal.

33. Yucaipa discussed at length in its Stay of Execution Motion[12] the first *Revel* factor, likelihood of success on the merits. That discussion is incorporated in full herein by reference. The analysis of the remaining factors, however, differs significantly in the context of the instant Motion.

### 2. Yucaipa will be irreparably harmed if a stay of the Adversary Proceedings is not granted.

34. As set forth above, the remaining claims to be tried will necessarily be impacted by – and could very well be mooted by – the outcome of Yucaipa's appeal. Yucaipa would suffer irreparable harm if it were forced to try the remaining claims before the District Court reviews the factual findings and legal conclusions reached by this Court on substantially overlapping claims.

35. In addition, the substantial risk of duplicative litigation that is present here constitutes irreparable harm. In *Dana Corp. v. Fireman's Fund Ins. Co.*, the district court found that "from the circumstances of this litigation [] such wasteful, expensive and duplicative litigation is irreparable harm." *Dana Corp. v. Fireman's Fund Ins. Co*., No. 83-1153, 1997 U.S. Dist. LEXIS 16414, *5 n.3 (N.D. Ohio 1997). The district court further explained:

---

[12] Estate Action, D.I. 845; Lender Action, D.I. 583 (the "Stay of Execution Motion").

> Federalism and comity are built on the sanctity of judgments and judicial orders. Potentially unbearable stress can be placed on both cornerstones of our jurisprudence whenever duplicative lawsuits in diverse forums create a danger of divergent decisions. The irreparable quality of the harm that the injunction sought to avoid was not merely to Dana, but to federalism and, ultimately, the doctrine of stare decisis from which the common law obtains its strength and our courts their authority.

*Id.*

36. For the reasons discussed above, a stay of these Adversary Proceedings is necessary to avoid what might well be duplicative and unnecessary litigation.

37. Moreover, for the reasons discussed in its Stay of Execution Motion, Yucaipa contends on appeal that the Judgment violates Yucaipa's constitutional rights, which constitutes irreparable harm. *See, e.g., Basank v. Decker*, No. 20-cv-2518, 449 F. Supp. 3d 205, 2020 U.S. Dist. LEXIS 53191, 2020 WL 1481503, at *4 (S.D.N.Y. Mar. 26, 2020) (collecting cases).

38. Notably, Yucaipa filed the Motion to Withdraw the Reference, in which it raised many of the same arguments and concerns described herein as grounds for the District Court to withdraw the reference over the Adversary Proceedings in their entirety. That motion will be decided in due course by the District Court. If that motion were to be granted, all of the remaining claims in the Adversary Proceedings would be resolved in the District Court in the first instance, which further supports a stay of the Adversary Proceedings, and vacating the scheduled trial date, at this time.

### 3. A stay of the Adversary Proceedings pending appeal will not injure the Trustee.

39. The Trustee would not be harmed by a stay of the Adversary Proceedings pending appeal. The Trustee's appellate rights would be preserved and any unadjudicated claims could be tried by the appropriate court upon resolution of the appeal.

40. No delay factors that commonly appear in many chapter 11 cases are present here – there is no pending confirmation of a plan, no sale that needs to close quickly, and no imminent

DOCS_LA:338507.14 96991/001

circumstances that will prejudice the Trustee. Thus, the Trustee will not suffer any harm if a stay is granted, and all of her appeal rights will be preserved and decided by the District Court in the normal course of the appellate process. Further, the remaining claims are largely duplicative of the issues on appeal; accordingly, a stay would benefit all parties, including the Trustee, by preserving the parties' and the Court's resources.

### 4. Granting a stay is in the public interest.

41. Granting a stay is in the public interest because it would avoid wasting judicial and party resources. Indeed, the district court in *Dana Corp.* found that wasteful, expensive and duplicative litigation places "[p]otentially unbearable stress [] on [the] cornerstones of our jurisprudence whenever duplicative lawsuits in diverse forums create a danger of divergent decisions." *Dana Corp.*, 1997 U.S. Dist. LEXIS 16414, *5 n.3.

42. As discussed above, the claims that are the subject of Yucaipa's appeal and the remaining claims share the same basic factual predicates—the gravamen of this case revolves around a handful of key factual issues—and legal and factual questions to be resolved on appeal are determinative of the remaining claims. Absent a stay, the pending appeal might well result in inconsistent rulings and unnecessary and duplicative proceedings. It is in the public interest to eliminate such inefficiencies.

43. Furthermore, granting a stay of the Adversary Proceedings and allowing Yucaipa's appeal to proceed would protect the public interest in ensuring that only an appropriate Article III court may render judgment on non-core claims. Yucaipa will argue on appeal that, because Estate Claim 5 is a non-core claim, this Court lacked authority to enter a final judgment on that claim. And, because the Court's findings and conclusions with respect to that claim impact nearly every other claim at issue in these proceedings, Yucaipa's constitutional rights would be compromised if the remaining issues were not held in abeyance pending the outcome on appeal.

16

**II.     No bond is required to obtain a stay of the Adversary Proceedings.**

44.     A bond is <u>not</u> contemplated with respect to the suspension or continuation of other proceedings in the case under Bankruptcy Rule 8007(e).[13]

**Notice**

45.     Notice of this Motion has been provided to counsel for the Trustee. Yucaipa submits that no other or further notice is required under the circumstances.

**No Prior Request**

46.     No prior request for the relief sought herein has been made to this Court or any other court.

---

[13] The bonding requirement in connection with a stay pending appeal is contained in Bankruptcy Rule 8007(a)(1)(B), which allows the Court to condition a stay pending appeal on the filing of a bond "provided to obtain a *stay of judgment*" upon the motion of the prevailing party. Fed. R. Bankr. P. 8007(a)(1)(B) (emphasis added). Further, it would be impossible to calculate the appropriate bond amount with respect to a stay of the Adversary Proceedings. Even if the Court were otherwise inclined to require a bond, no bond should be required here, for all the reasons discussed in Yucaipa's Stay of Execution Motion at 23-24.

**Conclusion**

WHEREFORE, for the foregoing reasons, Yucaipa respectfully requests that this Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, staying proceedings on the remaining claims pending final resolution of Yucaipa's appeal; and (ii) granting such other and further relief as the Court deems equitable and proper.

| | |
|---|---|
| Dated: October 4, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | David M. Bertenthal (CA Bar No. 167624) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Fax: (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| | dbertenthal@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | |
| | -and- |
| | |
| | GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP |
| | Patricia L. Glaser (*admitted pro hac vice*) |
| | Gali Grant (*admitted pro hac vice*) |
| | Matthew P. Bernstein (*admitted pro hac vice*) |
| | 10250 Constellation Blvd. |
| | 19th Floor |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 553-3000 |
| | Fax: (310) 556-2920 |
| | Email: pglaser@glaserweil.com |
| | ggrant@glaserweil.com |
| | mbernstein@glaserweil.com |
| | |
| | Counsel for Yucaipa |