# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*, | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS, | Adv. Proc. No. 13-50530 |
| Plaintiff, | |
| BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., | |
| Defendants. | |

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>                    Plaintiff,<br><br>               v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>                    Defendants. | Adv. Pro. No. 14-50971 (CSS) |

**LITIGATION TRUSTEE'S OPPOSITION TO DEFENDANTS
YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN
ALLIANCE (PARALLEL) FUND I, L.P.'S MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011(a)
<u>WITHDRAWING THE REFERENCE OF ADVERSARY PROCEEDINGS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

BACKGROUND ................................................................................................. 3

      A.    Estate Claims ................................................................................ 3

      B.    Lender Action ............................................................................... 4

ARGUMENT ...................................................................................................... 5

  I.    YUCAIPA'S WITHDRAWAL MOTION IS UNTIMELY ........................................ 5

  II.    THERE IS NO "CAUSE" FOR WITHDRAWAL OF THE REFERENCE ...................... 7

      A.    Judicial Economy Is Enhanced By Leaving the Claims in Bankruptcy Court ..... 7

          1.    Presence of Non-Core Claims Does Not Warrant Withdrawal ................... 8

          2.    The Remaining Claims Are Distinct from the Claims Being Appealed .... 11

      B.    Denial of the Motion Will Discourage Forum Shopping .................................... 13

      C.    Yucaipa Is Not Entitled to a Jury Trial on Any of the Remaining Claims ......... 14

CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*400 Walnut Assocs., L.P. v. 4th Walnut Assocs., L.P.*,
    2015 WL 390455 (E.D. Pa. Jan. 28, 2015) ................................................................... 7-8

*Feldman v. ABN AMRO Mortg. Grp. Inc.*,
    515 B.R. 443 (E.D. Pa. 2014) ........................................................................................6, 14

*Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*,
    106 B.R. 367 (D. Del. 1989) ...............................................................................................10

*In re AgFeed USA, LLC*,
    565 B.R. 556 (D. Del. 2016) ..........................................................................................7, 10

*In re Allegheny Health Educ. & Rsch. Found.*,
    2006 WL 3843572 (W.D. Pa. Dec. 19, 2006) ....................................................................6

*In re Allied Sys. Holdings, Inc.*,
    556 B.R. 581 (D. Del. 2016),
    *aff'd sub nom. In re ASHINC Corp.*, 683 F. App'x 131 (3d Cir. 2017) ...................13 n.29

*In re Big V Holding Corp.*,
    2002 WL 1482392 (D. Del. July 11, 2002) .................................................................7, 14

*In re Childs*,
    342 B.R. 823 (M.D. Ala. 2006) ....................................................................................6 n.15

*In re Inacom Corp.*,
    2005 WL 2148563 (D. Del. Sept. 6, 2005) ........................................................................15

*In re Nortel Networks, Inc.*,
    539 B.R. 704 (D. Del. 2015) ...............................................................................................12

*In re Pa. Gear Corp.*,
    2008 WL 2370169 (Bankr. E.D. Pa. Apr. 22, 2008) ....................................................9 n.20

*In re Portnoy*,
    2017 WL 3141186 (E.D. Pa. July 24, 2017).........................................................8 n.18, 14

*In re Pruitt*,
    910 F.2d 1160 (3d Cir. 1990)..........................................................................................7, 14

*In re Schlein*,
　　188 B.R. 13 (E.D. Pa. 1995) ...........................................................................6

*In re Smith Corona Corp.*,
　　205 B.R. 712 (D. Del. 1996).....................................................................3 n.6

*In re Stage Presence, Inc.*,
　　592 B.R. 292 (Bankr. S.D.N.Y. 2018).....................................................9 n.20

*In re Wash. Mut., Inc.*,
　　461 B.R. 200 (Bankr. D. Del. 2011),
　　*vacated in part on other grounds*, 2012 WL 1563880 (Bankr. D. Del. Feb 24, 2012) .....13

*In re W.J. Bradley Mortg. Cap., LLC*,
　　598 B.R. 150 (Bankr. D. Del. 2019) .......................................................8 n.19

*Kingdom Fresh Produce, Inc. v. Delta Produce, LP*,
　　2015 WL 869240 (W.D. Tex. Feb. 27, 2015)....................................................10

*Laine v. Gross*,
　　128 B.R. 588 (D. Me. 1991) ...................................................................6 n.15

*Microbilt Corp. v. Fid. Nat'l Info. Servs., Inc.*,
　　2014 WL 6804465 (D.N.J. Dec. 3, 2014)..........................................................15

*Young v. Snider*,
　　1994 WL 81955 (E.D. Pa. Mar. 11, 1994).....................................................5, 6

*Yucaipa Am. Alliance Fund I, LP v. SBDRE LLC*,
　　2014 WL 5509787 (Del. Ch. Oct. 31, 2014) ...........................................14 n.30

## Rules & Statutes

Fed. R. Bankr. P. 7016 .........................................................................................9

28 U.S.C. § 157 ....................................................................................... 1, 5, 7, 10

## PRELIMINARY STATEMENT[1]

A motion to withdraw the reference to the Bankruptcy Court may be granted only "on *timely* motion" and "for *cause* shown." *See* 28 U.S.C. § 157(d). Yucaipa's Withdrawal Motion fails on both grounds.

**The Motion is Untimely.** Yucaipa makes no attempt to argue, nor could it credibly argue, that its Withdrawal Motion is timely. This alone is dispositive. The Withdrawal Motion seeks to withdraw the reference in two Adversary Proceedings: the Estate Action and the Lender Action. The Bankruptcy Court has been presiding over the Adversary Proceedings for over 8 ½ years. Throughout this time, Yucaipa never once sought to withdraw the reference in the Estate Action. With respect to the Lender Action, it sought withdrawal more than six years ago and lost, with this Court holding that "it makes more sense to have the entire dispute resolved in the first instance by Judge Sontchi."[2] The time for Yucaipa to seek withdrawal of the reference in both matters expired long ago. Its Motion is untimely under any standard. (*See* Part I).

**No Cause Shown.** Nor does Yucaipa come close to establishing cause for withdrawal of the Adversary Proceedings from the Bankruptcy Court. The Withdrawal Motion strains to establish cause by giving the false impression — as Yucaipa attempted to do in its prior motions to stay enforcement of the Judgment — that Yucaipa never consented to Bankruptcy Court

---

[1]    Yucaipa's Motion for an Order Withdrawing the Reference of Adversary Proceedings (13-50530, D.I. 845; 14-50971, D.I. 625) is referred to as the "**Withdrawal Motion**." Abbreviations and citation conventions used in the Trustee's prior briefing are used again here. For the Court's convenience, an appendix of additional abbreviations used in this Opposition is attached as **Appendix A**. The Trustee incorporates by reference all evidence, arguments, and authorities set forth in (1) the summary judgment briefing, (2) oral argument on summary judgment held on February 4, 2021, (3) the Trustee's Responses to Yucaipa's Objections, (4) the Initial Stay Motion Opposition, (5) oral argument on Yucaipa's initial stay motion held on July 6, 2021, and (6) the Initial Stay Motion Opposition.

[2]    *See In re ASHINC Corp., et al.*, 1:15-mc-00232-SLR (D. Del.) (D.I. 20); *see also id.* D.I. 21 (1/6/16 Order denying Yucaipa's motion for clarification regarding same).

adjudication of the Estate Claims, and that the claims remaining for trial are somehow inextricably intertwined with issues on appeal.  But Judge Sontchi correctly held that Yucaipa consented to entry of final orders and judgments in the Estate Action, concluding that there is "no question in [his] mind that the history of the case indicates that [Yucaipa] numerous time have taken actions that would … impl[y] consent" to the Bankruptcy Court's "entry of a final order."[3]  Judge Sontchi also correctly held that the claims and issues remaining for trial really "don't cross-contaminate in any way" with issues on appeal.[4]

Yucaipa's claim that its right to a jury trial will somehow be impeded if the reference is not withdrawn also rings hollow.  It waived any jury trial right with respect to the remaining Lender Claim (for breach of the implied covenant), which can be addressed through proposed findings and conclusions if needed,[5] and the Bankruptcy Court is within its authority to issue a final judgment without a jury trial on the two remaining Estate Claims (for equitable subordination and breach of fiduciary duty).  (*See* Part II).

Yucaipa's Withdrawal Motion is a transparent ploy to delay the impending trial of the Trustee's three remaining claims.  Those claims are narrow in scope and are scheduled for trial in early 2022.  After nearly a decade presiding over the Adversary Proceedings, the Bankruptcy Court is fully familiar with the remaining claims and issues and is well-suited to bring them to

---

[3]     13-50530 D.I. 864 (the "**7/6/21 Hearing**") at 30:2-9.

[4]     *Id.* at 33:2-8 ("[T]he pool of facts that are relevant to what is left to try versus … what the Court has already decided really do not cross — it's a Venn diagram that doesn't meet … [or] cross-contaminate in any way.").

[5]     Should the Trustee prevail on the Estate Claim for breach of fiduciary duty in connection with Yucaipa torpedoing the JCT deal in 2011-2012, the remaining Lender Claim for breach of the implied covenant is rendered academic because the Trustee has never sought duplicative damages.  Additionally, the Trustee will not be trying any counts — such as its preference claims — that were already decided or subsumed in light of the summary judgment Opinion and Order.

conclusion. Yucaipa should not be allowed to use an untimely withdrawal motion as a vehicle for further delay.[6] The Withdrawal Motion should be denied.

## BACKGROUND

### A.    Estate Claims

On April 1, 2013, Yucaipa filed its operative Answer to the Estate Claims.[7] That Answer does not contain a jury demand nor has Yucaipa ever sought to withdraw the reference on the Estate Action. In fact, at the time Yucaipa filed its Answer to the Estate Action, there was already an agreed-upon scheduling order setting it for a trial before Judge Sontchi. That Scheduling Order made clear that Yucaipa's former co-defendant (Mark Gendregske) was agreeing without prejudice to his "rights to request severance, demand a jury trial, and/or move to withdraw the reference."[8] However, no comparable reservation language was included by Yucaipa.[9] Yucaipa was also actively seeking to have the related NY Action heard by the Bankruptcy Court at that time, arguing that it implicated that Court's "exclusive jurisdiction."

These were among *many* acts over the course of the years whereby Yucaipa manifested its consent to the Bankruptcy Court entering orders and judgment in the Estate Action. These acts were addressed more fully in the Trustee's Oppositions to Yucaipa's Initial Stay Motion (before Judge Sontchi) and the Second Stay Motion (before this Court), which are incorporated herein.

After Judge Sontchi issued a detailed 117-page Opinion and an Order on the parties'

---

[6]    *See, e.g., In re Smith Corona Corp.*, 205 B.R. 712, 714 (D. Del. 1996) (permissive withdrawal cannot become an "'escape hatch' through which most bankruptcy matters could routinely be removed to the district court").

[7]    13-50530, D.I. 95.

[8]    *Id.*, D.I. 28.

[9]    *See id.*, D.I. 26 (Certification of Counsel), 28 (Scheduling Order).

cross-motions for summary judgment, the Bankruptcy Court entered a $132.4 million Judgment

on Estate Claim 5 (Breach of Contract) and Estate Claims 10 (Constructive Fraudulent

Transfers), 11 (Constructive Fraudulent Transfers), and 13 (Disallowance of Claims).  The

remaining Estate Claims for trial are Estate Claim 1 (Equitable Subordination) and Estate Claim

7 (Breach of Fiduciary Duty).  The Opinion and Order are clear that the remaining disputed

factual issues for trial on these claims relate to Yucaipa's conduct masquerading as Requisite

Lender, including its "conduct in the JCT Negotiations" and whether it "caused Allied to commit

events of default under the FLCA."  (Opinion at 109).  As discussed below, these factual issues

were not decided in the Opinion.  Rather, the Opinion was decided as a matter of law on

undisputed facts.  Judge Sontchi was clear on this point when denying Yucaipa's Initial Stay

Motion, stating that "[e]very fact that is the underpinning of the judgment was undisputed."[10]

## B.    Lender Action

The Lender Action was commenced on November 19, 2014.  On February 10, 2015,

Yucaipa moved to withdraw the reference and for a determination of the core/non-core status of

claims.[11]  Shortly thereafter, Yucaipa filed its Answer and Counterclaims to the Lender Action[12]

which, unlike its Answer to the Estate Action, included a statement that Yucaipa did not consent

to the Bankruptcy Court's jurisdiction, and included a jury demand.  Thus, Yucaipa was well

aware of the need to assert these positions but opted not to do so in the Estate Action.

On November 13, 2015, District Judge Robinson denied Yucaipa's motion to withdraw

while also denying Yucaipa's motion for an interlocutory appeal of Judge Sontchi's earlier grant

---

[10]    7/6/21 Hearing at 31:21-32:11.

[11]    14-50947, D.I. 1 at 7-10.

[12]    *See id.*, D.I. 19 (Feb. 19, 2015 Answer).

of partial summary judgment.  In her Order, Judge Robinson "conclude[d] that it makes more

sense to have the entire dispute resolved in the first instance by Judge Sontchi, with this court

taking one comprehensive review of the dispute rather than attenuated glances."[13]  The case was

referred back to the Bankruptcy Court for all defendants at that time — including Mark

Gendregske and the other individual defendants — on all counts through summary judgment.

Since that time, the parties stipulated to dismissal of all claims against the individual

defendants — including Lender Claim 4 (Tortious Interference With Contract) — following a

late 2020 settlement.[14]  Moreover, summary judgment was granted on Lender Claim 2 (Breach of

Contract) after Judge Sontchi rejected Yuciapa's legal argument that the claim was time barred.

Thus, only Lender Claim 3 (Breach of the Covenant of Good Faith and Fair Dealing) remains.

As a practical matter, this claim, like all Lender Claims in the case, is subsumed by the Estate

Claims which seek recovery on behalf of a broader class of Allied stakeholders.  Critically, as

discussed below, Yucaipa has also expressly waived any right to a jury trial on this remaining

Lender Claim under the operative First Lien Credit Agreement.  As such, there is no reasoned

basis why it should not be tried with the remaining Estate Claims before Judge Sontchi.

## **ARGUMENT**

### I.    **Yucaipa's Withdrawal Motion Is Untimely**

District courts may withdraw a proceeding referred to the bankruptcy court "on *timely*

motion of any party, for cause shown."  *See* 28 U.S.C. § 157(d).  Thus, a threshold inquiry is

whether the motion for withdrawal is timely.  *See, e.g.*, *Young v. Snider*, 1994 WL 81955, at *2

(E.D. Pa. Mar. 11, 1994) ("[A]s an initial matter, the Court must determine whether the motion

---

[13]    Order, *In re ASHINC Corp.*, No. 1:15-mc-00232-SLR (D. Del.), D.I. 20 at 3.

[14]    Yucaipa's suggestion that the tortious interference claim was "abandoned" by the Trustee
(Withdrawal Motion at 5 n.9) is incorrect.

for withdrawal has been made timely."); *see also In re Allegheny Health Educ. & Rsch. Found.*, 2006 WL 3843572, at *2-3 (W.D. Pa. Dec. 19, 2006) (denying motion to withdraw in light of "unjustified, and lengthy, delay" of approximately 10 months).[15]

A withdrawal motion is timely if it is filed "as soon as possible after the moving party has notice of the grounds for withdrawing the reference or at the first reasonable opportunity." *Young*, 1994 WL 81955, at *2.  *See also In re Schlein*, 188 B.R. 13, 14 (E.D. Pa. 1995) (same). Here, Yucaipa waited over 8½ years to seek withdrawal of the reference in the Estate Action, even as its former co-defendant did so months after the case was filed.[16]  Further, nearly 6 years have passed since Judge Robinson denied Yucaipa's earlier motion to withdraw the reference in the Lender Action.  During this time, Yucaipa has actively litigated the Adversary Proceedings without questioning whether claims would be heard in the first instance by the Bankruptcy Court.  Notably, in support of its Second Stay Motion in July of this year, Yucaipa argued that the Bankruptcy Court would, in fact, resolve the remaining claims:

> The facts and findings made by the Bankruptcy Court concerning the Third and Fourth Amendments bear directly on the claims for equitable subordination, breach of fiduciary duty and breach of the covenant of good faith and fair dealing <u>that are to be tried before the Bankruptcy Court.</u>[17]

Yucaipa's changed position — a transparent effort to avoid an expeditious trial of the remaining claims in what it evidently believes to be an unfavorable forum — should be rejected. *See, e.g.*, *Feldman v. ABN AMRO Mortg. Grp. Inc.*, 515 B.R. 443, 453 (E.D. Pa. 2014) (motion

---

[15]    *See also, e.g.*, *In re Childs*, 342 B.R. 823, 827-28 (M.D. Ala. 2006) ("Before any inquiry can be made concerning 'cause' the court must first deal with the threshold issue of timeliness."); *Laine v. Gross*, 128 B.R. 588, 589 (D. Me. 1991) (motion for withdrawal of the reference was untimely given that it was filed after the alleged necessity became apparent).

[16]    *See* 13-50530, D.I. 111.

[17]    21-00994 and 21-00995, D.I. 4 at 16.

untimely in light of "significant period of time during which the Trustee willingly litigated her claims in bankruptcy court without making a jury demand or moving to withdraw").

## II.   THERE IS NO "CAUSE" FOR WITHDRAWAL OF THE REFERENCE

A district court may withdraw a proceeding from the bankruptcy court only for "cause shown."  28 U.S.C. § 157(d).  Although the statute does not define cause, the Third Circuit has identified several factors for consideration: (1) promoting uniformity in bankruptcy administration, (2) reducing forum shopping and confusion, (3) fostering the economical use of the debtors' and creditors' resources, and (4) expediting the bankruptcy process.  *See In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).  Other factors include the nature of the proceedings, judicial economy, and whether the parties have requested a jury trial.  *See In re Big V Holding Corp.*, 2002 WL 1482392, at *3 (D. Del. July 11, 2002).   The movant bears the burden of establishing "cause," which is "present in only a narrow set of circumstances."  *In re AgFeed USA, LLC*, 565 B.R. 556, 563 (D. Del. 2016).

As discussed below, Yucaipa fails to meet its burden of demonstrating "cause."  Rather, consideration of the factors decidedly favors allowing the remaining claims to be tried early next year by the Bankruptcy Court, as scheduled.

### A.   Judicial Economy Is Enhanced By Leaving the Claims in Bankruptcy Court

Judicial economy concerns weigh heavily against withdrawal when the bankruptcy court "has already expended invaluable time and energy familiarizing itself with the facts and issues surrounding the [case]."  *Big V Holding*, 2002 WL 1482392, at *4.  Here, Judge Sontchi has presided over these cases for over 8 years and is intimately familiar with the facts, operative documents, and key issues in these cases.  Withdrawing these cases now "would be a waste of the Bankruptcy Court's familiarity with the underlying facts and legal issues."  *400 Walnut*

7

*Assocs., L.P. v. 4th Walnut Assocs., L.P.*, 2015 WL 390455, at *4 (E.D. Pa. Jan. 28, 2015).[18]  It

would also require this Court to absorb the factual and procedural background of these cases, in

the first instance, posing additional burdens on the judicial system and unwarranted delay.

None of Yucaipa's contrary arguments supports this factor weighing in its favor.

### 1.    Presence of Non-Core Claims Does Not Warrant Withdrawal

Yucaipa's principal argument is that the presence of non-core claims warrants withdrawal

of the reference.  According to Yucaipa, "three of the five" claims remaining in this case "are

non-core claims that cannot be finally adjudicated by the bankruptcy court" and, therefore, the

District Court should address all claims now.  (*See* Withdrawal Motion at 12).  The argument is

exaggerated and unavailing for at least three reasons:

*First*, there are not 5 claims remaining to be tried as a practical matter.  (*See id.*).  Estate

Claim 9 (Aiding and Abetting Breach of Fiduciary Duty) was alleged only in the event it was

held that Yucaipa did not owe fiduciary duties to Allied.[19]  Given that it is undisputed that

Yucaipa owes a fiduciary duty directly to Allied, the aiding and abetting claim is superfluous and

requires no additional proof at trial.  (*See* Opinion at 75) ("It is undisputed that Yucaipa owed a

fiduciary duty to Allied.").  Further, Judge Sontchi awarded the Trustee damages on Estate

Claims 10, 11, and 13 (Fraudulent Transfer and Disallowance).  As a result, the Trustee will not

---

[18]     *See also id.* at *3-4 (judicial economy advanced by leaving case with bankruptcy court that
had presided over case for <u>less than two years</u>; even in that time, "the Bankruptcy Court ha[d]
developed an impressive command of the factual background and legal issues presented in the
underlying action"); *In re Portnoy*, 2017 WL 3141186, at *5 (E.D. Pa. July 24, 2017) (bankruptcy
court's "intimate[] familiar[ity] with the facts, parties, and issues involved in the consolidated
adversary proceeding," <u>pending less than 3 years</u>, put it "in the better position to ensure uniformity
across the bankruptcy case and the consolidated adversary proceeding.").

[19]     *See, e.g.*, *In re W.J. Bradley Mortg. Cap., LLC*, 598 B.R. 150, 174 (Bankr. D. Del. 2019)
("It is possible that upon further discovery, it may be proved that one or more of the Defendants
did not have any fiduciary duties …. In such a case, the aiding and abetting claim may be viable.").

be trying Estate Claim 12 (Preferential Transfers) seeking a subset of those damages.  Thus, the 17 causes of action have effectively been whittled down to 3 claims, and only one non-core Lender Claim remains on which Judge Sontchi can enter proposed findings.  For clarity, the remaining claims are:

- **Estate Claim 1/Lender Claim 1:**  Equitable Subordination.

- **Estate Claim 7:**  Breach of Fiduciary Duty.

- **Lender Claim 3:**  Breach of the Covenant of Good Faith and Fair Dealing.

*Second*, the Bankruptcy Court has authority to enter final judgment with respect to the two remaining Estate Claims.  On July 6, 2021, Judge Sontchi held that Yucaipa's "repeated actions" over the long history of the Estate Action demonstrated its clear consent to his issuing final judgments.  (7/6/21 Hearing at 7:14-22).  Yucaipa's present cry of convenience that it "has not, and will not" provide this consent (Withdrawal Motion at 10) comes far too late and is irrelevant given the Bankruptcy Court's determination that Yucaipa consented to final orders and judgments.  *See* FED. R. BANKR. P. 7016 (the Bankruptcy Court shall decide whether "(1) to hear and determine the proceeding" or "(2) to hear the proceeding and issue proposed findings of fact and conclusions of law"); FED. R. BANKR. P. 7016 advisory committee's note to 2016 amendment (the rule "provides for the bankruptcy court to enter final orders and judgment" and "leaves the decision as to the appropriate course of proceedings to the bankruptcy court").  To the extent Yucaipa purports to be withdrawing its *consent* to the Bankruptcy Court's authority to enter final judgments, it cannot do so now.[20]  As such, the Bankruptcy Court can finally

---

[20]     *See, e.g.*, *In re Pa. Gear Corp.*, 2008 WL 2370169, at *5 (Bankr. E.D. Pa. Apr. 22, 2008) (admission to jurisdiction "accords irrevocable consent to a bankruptcy court to determine the proceeding."); *see also In re Stage Presence, Inc.*, 592 B.R. 292, 296-97 (Bankr. S.D.N.Y. 2018) ("[C]onsents to final determinations by a bankruptcy court would be rendered meaningless if they

adjudicate Estate Claim 1 and Estate Claim 7 regardless of their core or non-core status. *See Kingdom Fresh Produce, Inc. v. Delta Produce, LP*, 2015 WL 869240, at *4 (W.D. Tex. Feb. 27, 2015) ("[B]ecause the parties have consented to the bankruptcy court's jurisdiction in adjudicating this case, … the preference for withdrawing the reference in non-core proceedings is inapplicable.").[21]

 *Third*, the presence of a single non-core Lender Claim does not support withdrawal. Even when a bankruptcy court lacks authority to issue a final judgment, it "is given the power to submit proposed findings of fact and conclusions of law to the district court." *AgFeed USA*, 565 B.R. at 564 (citing 28 U.S.C. § 157(c)(1)). Accordingly, "the mere fact [a] Complaint asserts non-core claims does not mandate withdrawal." *Id.*; *see also Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989) ("Proceedings should not be withdrawn for the sole reason that they are non-core.").[22]

 Moreover, Judge Robinson's Order denying Yucaipa's motion to withdraw the reference in the Lender Action envisioned Judge Sontchi hearing core and non-core claims alike. While noting that "some of Judge Sontchi's decisions will be in the form of proposed findings of fact and conclusions of law," Judge Robinson nonetheless concluded that "it makes more sense to have the <u>entire dispute</u> resolved in the first instance by Judge Sontchi."[23] This reasoning applies even more strongly now, given the Bankruptcy Court's extensive familiarity with the issues

---

could be withdrawn because a party does not like the way a litigation is progressing …. Good cause to revoke a consent requires something much more than a mere change of heart ….").

[21] Yucaipa also concedes that Equitable Subordination is a core claim that the Bankruptcy Court has the authority to finally adjudicate in any event. (Withdrawal Motion at 4 n.7).

[22] Yucaipa's citation to cases outside this Circuit are inapposite. (*See* Withdrawal Motion at 11-12).

[23] *See* Order, *In re ASHINC Corp.*, No. 1:15-mc-00232-SLR (D. Del. Nov. 13, 2015), D.I. 20 at 3 & n.1.

following 6 additional years of litigation between the parties and its recent resolution of the cross-motions for summary judgment.

<h3 style="text-align:center">2.    <u>The Remaining Claims Are Distinct from the Claims Being Appealed</u></h3>

Recycling arguments raised in its unsuccessful motion to stay enforcement of the Judgment, Yucaipa also maintains that efficiency concerns favor withdrawal because the remaining claims "arise out of substantially the same facts as, and seek remedies that are largely duplicative of, the claims that are presently on appeal." (Withdrawal Motion at 9). These arguments fare no better on this Motion and should be rejected.

**Overlapping Factual Issues, If Any, Are Insignificant.** Contrary to Yucaipa's assertion, the remaining claims are not "premised largely upon the same allegations with respect to which the Bankruptcy Court rendered detailed findings of fact and conclusions of law in its Opinion." (*Id.* at 15). As Judge Sontchi explained when denying Yuciapa's Initial Stay Motion, the Bankruptcy Court did not make *any* factual findings in the Opinion and the facts forming the basis of the Judgment were undisputed. (7/6/21 Hearing at 31:21-32:11 ("Every fact that is the underpinning of the judgment was undisputed ….")). Notably, Yucaipa *admitted* that it breached the Third Amendment's capital contribution requirement,[24] and it does not purport to dispute the transfers forming the basis of the Judgment on Estate Claims 10, 11, and 13.

As stated in the Opinion, the *factual issues* remaining to be tried concern Yucaipa's conduct when masquerading as Requisite Lender, including its "conduct in the JCT Negotiations" and whether it "caused Allied to commit events of default under the FLCA." (Opinion at 109). These facts underlie the Trustee's remaining claims for trial, and Yucaipa's appeals do not address these facts or the legal claims underlying them.

---

[24]    *See* 13-50530, D.I. 822 (2/4/21 Summary Judgment Tr.) at 59:25-60:15.

Additionally, while Yucaipa warns of an "absurd situation" involving contradictory factual findings, it does not provide any basis to conclude this is likely to occur or any credible scenarios of how this would occur.  (Withdrawal Motion at 16).  The concern is speculative and fails to support withdrawal of the reference.  *See In re Nortel Networks, Inc.*, 539 B.R. 704, 711 (D. Del. 2015) (holding that movant's concern for contradictory factual findings is "overstated" and "speculative" and "at most affects only a small subset of the factual issues in this case").

**There Are No Overlapping Damages.** Yucaipa also fails to demonstrate duplicative remedies would result from the Bankruptcy Court's adjudication of the remaining claims.  The Trustee is seeking a distinct measure of damages attributable to the remaining claims.  For Yucaipa's breach of contract, the Trustee sought (and the Bankruptcy Court awarded) the cash value of the capital contribution that Yucaipa was required to make by August 31, 2009.  (Opinion at 32-33).  In contrast, the Trustee measures damages for Yucaipa's breaches of fiduciary duty as the difference between the proceeds the Estate should have received from a sale to JCT in late 2011 to 2012, and the proceeds it actually received as a result of Yucaipa's fiduciary breaches.[25]

At most, Yucaipa observes that equitable subordination damages are inappropriate when damages have already been awarded on a related claim.  (Withdrawal Motion at 7).  As addressed in the Trustee's Opposition to the Second Stay Motion, however, the doctrine of equitable subordination is intended to allow for a flexible application and Judge Sontchi is more than capable of fashioning appropriate damages on this claim that are distinct from the damages awarded in the Judgment.[26]

---

[25]     *See* 13-50530, D.I. 710 (Singer Decl.), Ex. 103 thereto (Risius Report) at ¶¶91-100.

[26]     *See* 21-0094 and 21-0095, D.I. 10 at 12-13.

**The Bankruptcy Court Is Not Divested of Jurisdiction.** Because there are no overlapping factual issues or damages, Yucaipa's assertion that the Bankruptcy Court is somehow divested of jurisdiction as a result of Yucaipa's appeal of the Judgment is meritless. Courts are not divested of jurisdiction "to decide issues and proceedings different from and collateral to those involved in [an] appeal." *In re Wash. Mut., Inc.*, 461 B.R. 200, 219 (Bankr. D. Del. 2011), *vacated in part on other grounds*, 2012 WL 1563880 (Bankr. D. Del. Feb 24, 2012). As discussed above, and in the Opposition to the Second Stay Motion, the remaining claims involve distinct factual issues and seek different damages than the claims on which the Judgment was issued. Judge Sontchi was clear on this, holding that: "the pool of facts that are relevant to what is left to try versus the pool of facts that are relevant to what the Court has already decided really do not cross."[27] Yucaipa's conclusory assertions do not prove otherwise.

## B.    Denial of the Motion Will Discourage Forum Shopping

Yucaipa's Withdrawal Motion is a thinly veiled attempt at forum shopping. Throughout the history of the Adversary Proceedings and related cases, Yucaipa has routinely sought out new forums when existing ones become inhospitable. For example, when Yucaipa became concerned that it might lose the NY Action, it supported efforts to have the disputes regarding the validity of the Fourth Amendment and its purported Requisite Lender status decided in the Bankruptcy Court.[28] Later, after Judge Sontchi granted partial summary judgment in the Estate Action,[29] Yucaipa filed an action in the Delaware Chancery Court seeking, among other things, a

---

[27]    7/6/21 Hearing at 33:2-8.

[28]    *See* 21-0094 and 21-0095, D.I. 10 (Opposition to Second Stay Motion) at 3-4.

[29]    *See* 13-50530, D.I. 280 (holding, among other things, that: (i) the Fourth Amendment was void *ab initio*, (ii) the Third Amendment was validly enacted, and (iii) BD/S are Requisite Lenders), *aff'd In re Allied Sys. Holdings, Inc.*, 556 B.R. 581 (D. Del. 2016), *aff'd sub nom. In re ASHINC Corp.*, 683 F. App'x 131 (3d Cir. 2017).

declaration that it is the rightful holder and entitled to recompense on account of its First Lien

Debt.  After noting that it was "at least the sixth court to become involved in th[e] controversy"

the Chancery Court held that the Third Amendment barred Yucaipa from bringing several

claims, and that the remaining should be stayed in light the Adversary Proceedings pending

before the Bankruptcy Court.[30]

Now, on the heels of Judge Sontchi's grant of partial summary judgment for the Trustee,

the Judgment, and Yucaipa's unsuccessful motions to stay enforcement of the Judgment, it seeks

to withdraw the reference to prevent an upcoming, scheduled trial.  This bears all the hallmarks

of a classic forum shopping attempt that should not be permitted.  *See, e.g.*, *Portnoy*, 2017 WL

3141186, at *6 ("[P]ermitting withdrawal after the bankruptcy court has already ruled on a

number of disputes would encourage a party to seek withdrawal only after receiving unfavorable

rulings."); *Feldman*, 515 B.R. at 452 (seeking withdrawal after receiving unfavorable rulings

weighs against withdrawal).

### C.    <u>Yucaipa Is Not Entitled to a Jury Trial on Any of the Remaining Claims</u>

In addition to the *Pruitt* factors, "[t]he right to a jury trial" has been considered "an

important factor in determining a motion to withdraw the reference."  *Big V Holding*, 2002 WL

1482392, at *4.  This factor weighs strongly against withdrawal because Yucaipa has no right to

have the remaining claims heard by a jury.

Remarkably, Yucaipa is demanding a jury trial "on the non-core claims asserted in the

Estate Action" for the very first time in this Motion.  (Withdrawal Motion at 14).  As discussed,

Yucaipa does not (and cannot) justify doing so 8½ years post-commencement.  Given the long

---

[30]    *See Yucaipa Am. Alliance Fund I, LP v. SBDRE LLC*, 2014 WL 5509787, at *1 (Del. Ch. Oct. 31, 2014).

and arduous history of these cases, and Yucaipa's involvement every step of the way, its delay is inexcusable.  *See, e.g.*, *In re Inacom Corp.*, 2005 WL 2148563, at *4 (D. Del. Sept. 6, 2005) (delay of more than 2 years is excessive); *Microbilt Corp. v. Fid. Nat'l Info. Servs., Inc.*, 2014 WL 6804465, at *6 (D.N.J. Dec. 3, 2014) (delay of more than 2½ years is excessive).

With respect to Lender Claim 3, Yucaipa demanded a jury trial despite unambiguously waiving the right to one in the First Lien Credit Agreement.  Section 10.16 of that agreement provides, in relevant part that:

> **EACH OF THE PARTIES HERETO HEREBY AGREES TO WAIVE ITS RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING HEREUNDER OR UNDER ANY OF THE OTHER CREDIT DOCUMENTS OR ANY DEALINGS BETWEEN THEM RELATING TO THE SUBJECT MATTER OF THIS LOAN TRANSACTION OR THE LENDER/BORROWER RELATIONSHIP THAT IS BEING ESTABLISHED.  THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS.**  [Emphasis in original.]

Given this clear waiver, in addition to never having sought a jury trial on the Estate Claims, Yucaipa is really proposing a bench trial before the District Court rather than before Judge Sontchi.  This makes little sense at this late stage given Judge Sontchi's deep familiarity with these cases, Yuciapa's consent to his jurisdiction for the Estate Claims, and the presence of a core equitable subordination claim.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny Yucaipa's Motion.

Dated: November 1, 2021

**FOX ROTHSCHILD LLP**

By:    _/s/ Seth A. Niederman_
                Seth A. Niederman (DE Bar No. 4588)
                Citizens Bank Center
                919 N. Market Street, Suite 300
                Wilmington, DE 19801
                Tel.: (302) 654-7444
                Fax: (302) 656-8920
                sniederman@foxrothschild.com

                      -and-

**JOSEPH HAGE AARONSON LLC**

                Gregory P. Joseph
                Douglas J. Pepe
                Gila S. Singer
                485 Lexington Avenue, 30th Floor
                New York, NY 10017
                Telephone: (212) 407-1200
                gjoseph@jhany.com

                      -and-

**ZAIGER LLC**

                Jeffrey H. Zaiger
                Judd A. Lindenfeld (_pro hac vice forthcoming_)
                2187 Atlantic Street, 9th Floor
                Stamford, CT 06902
                Telephone: (917) 572-7701
                jzaiger@zaigerllc.com

_Counsel for the Litigation Trustee and Plan Administrator_

**Appendix A**

**Abbreviations and Defined Terms Relied on in Trustee's Briefing Since May 1, 2020**

| | |
|---|---|
| **13-50530** or **Estate Action** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Adv. Proc. No. 13-50530 (Bankr. D. Del.) |
| **14-50971** or **Lender Action** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Adv. Proc. No. 14-50971 (Bankr. D. Del.) |
| **21-994** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Civ. No. 21-cv-00994 (CFC) (D. Del.) |
| **21-995** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Civ. No. 21-cv-00995 (CFC) (D. Del.) |
| **2005 Bankruptcy** | *In re Allied Holdings, Inc., et al.*, Case Nos. 05-12515 through 05-12526 and 05-12528 through 05-12537 (Bankr. N.D. Ga.) |
| **7/6/21 Hearing** | Transcript of Hearing on Defendants' Motion for Stay Pending Appeal, dated July 6, 2021 (13-50530, D.I. 864) |
| **9033 Objections** | Yucaipa's Objections to the Bankruptcy Court's May 4, 2021 Summary Judgment Opinion and Order [Federal Rule of Bankruptcy Procedure 9033], dated May 18, 2021 (13-50530, D.I. 828; 14-50971, D.I. 566) |
| **Active** | Active Carhaul |
| **Adversary Proceedings** | The Estate Action (13-50530) and Lender Action (14-50971) |
| **Agent** | The Agent to the Lenders Under the First Lien Credit Agreement. |
| **Allied Adversary Proceeding** | *ASHINC Corp. v. AMMC VIII, Ltd. et al.*, Adv. Proc. No. 12-50947-CSS (Bankr. D. Del) |
| **Allied** or the **Company** | ASHINC Corp.(formerly known as Allied Systems Holdings, Inc.) and related Debtors |
| **Amended Plan** | Debtors' Modified First Amended Joint Chapter 11 Plan of Reorganization dated December 3, 2015 (Case No. 12-11564, D.I. 3360-1) |
| **Answer** | Answer and Affirmative Defenses of Yucaipa to Plaintiff's Amended Complaint, dated April 1, 2013 (13-50530, D.I. 95) |
| **Bankruptcy** | *In re ASHINC Corp., et al.*, Case No. 12-11564 (CSS) (Bankr. D. Del). |
| **BD/S** | Black Diamond and Spectrum |
| **Black Diamond** | BDCM Opportunity Fund II, LP and Black Diamond CLO 2005-1 Ltd. |
| **Board** | Allied's Board of Directors |
| **Burkle** | Ronald Burkle |
| **CIT** | CIT Group/Business Credit, Inc. |
| **ComVest** | ComVest Investment III, L.P. |
| **Covenant Not to Sue** | Covenant not to sue at § 2.7(f) of the First Lien Credit Agreement (Ex. 9) |

1

| | |
|---|---|
| **Credit Agreements** | Allied's First Lien Credit Agreement and Second Lien Credit Agreement |
| **D. Del. Compl.** | *Yucaipa Am. All. Fund I, L.P. et al. v. Richard A. Ehrlich et al.*, No. 15-cv-373 (D. Del. May 8, 2015), ECF No. 1 |
| **Direct Lender Claims** | Claims brought on behalf of the lenders under Allied's first lien credit facility asserted in Adv. Proc. No. 14-50971 |
| **Ehrlich Decl.** | The Declaration of Richard Ehrlich, dated December 18, 2020 |
| **Entities Opposition** or **Entities Opp.** | Litigation Trustee's Opposition to the Motion for Summary Judgment by Yucaipa American Alliance Fund I, LP and Yucaipa American Alliance (Parallel) Fund I, LP, dated July 17, 2020 |
| **Estate Claims** | Claims brought on behalf of the Allied Estates asserted in Adv. Proc. No. 13-50530. |
| **Ex. (as used in summary judgment briefing and this appendix)** | Exhibits to the first Declaration of Gila S. Singer, dated May 1, 2020 (13-50530, D.I. 713; 14-50971, D.I. 466); Second Declaration of Gila S. Singer, dated August 21, 2020 (13-50530, D.I. 772; 14-50971, D.I. 516); and the accompanying Third Declaration of Gila S. Singer |
| **First Lien Credit Agreement or "FLCA"** | Amended and Restated First Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement, dated as of May 15, 2007 (Ex. 9) |
| **Gendregske Br.** | Defendant Mark Gendregske's Opening Brief in Support of his Motion for Summary Judgment, dated May 1, 2020 (13-50530, D.I. 708) |
| **Georgia Action** | *Allied Systems Holdings, Inc., et al. v. The CIT Group/Business Credit, Inc.*, Civil Action No. 2009-CV-177574 (Super. Ct. Fulton Cnty.) |
| **Harris Decl.** | The accompanying Declaration of Adam C. Harris, dated December 18, 2020 |
| **Indiv. Br.** | Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Defendants Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner (13-50530, D.I. 699; 14-50971, D.I. 456) |
| **Individual Defendants** | Defendants Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner |
| **Individuals Opposition** or **Indiv. Opp.** | Litigation Trustee's Opposition to the Motion for Summary Judgment by the Individual Defendants, dated July 17, 2020 |
| **Initial Stay Motion**[1] | Yucaipa's Motion for a Stay of the Effectiveness and Enforcement of Judgment Pending Appeal Pursuant to Bankruptcy Rule 7062 and 8007(a), dated June 25, 2021 (13-50530, D.I. 845; 14-50947, D.I. 583) |

---

[1]    Previously abbreviated "**Stay Motion**" in the Initial Stay Motion Opposition.

| | |
|---|---|
| **Initial Stay Motion Opposition** | Litigation Trustee's Memorandum of Law in Response to Yucaipa's Motion for Stay of the Effectiveness and Enforcement of Judgment Pending Appeal, dated July 2, 2021 (13-50530, D.I. 855; 14-50971, D.I. 591) |
| **Jack Cooper** or **JCT** | Jack Cooper Transport |
| **JCT 363 Sale** | Purchase by JCT of substantially all of Allied's assets for $135 million following an auction for Debtors' assets under 11 U.S.C. §363, which closed on December 27, 2013 |
| **JCT Negotiations** | Negotiations concerning JCT's desire to acquire Allied in late 2011 through 2012 |
| **Joint Procedural History** | Joint Procedural History, dated July 25, 2019 (13-50530, D.I. 599; 14-50971, D.I. 365) |
| **Judgment** | Judgment, dated June 23, 2021 (13-50530, D.I. 841; 14-50971, D.I 579) |
| **Kasowitz** | Kasowitz Benson Torres LLP |
| **Latham** | Latham & Watkins LLP |
| **LPA** | Loan Purchase Agreement between Yucaipa and ComVest, dated August 21, 2009 (Ex. 43) |
| **MMSA** | Monitoring and Management Services Agreement, dated May 29, 2007 (Scolnick Ex. 32) |
| **NY Action** | *BDCM Opportunity Fund II, LP, et al. v. Yucaipa American Alliance Fund I, L.P., et al.*, Index No. 650150/2012 (N.Y. Sup. Ct. N.Y. Cnty.) |
| **Objections** | 9033 Objections and Proposed Judgement Objections |
| **Opinion** | Opinion, dated May 4, 2021 (13-50530, D.I. 825; 14-50971, D.I. 563) |
| **Opposition** or **Opp.** | Opposition to the Litigation Trustee's Motion for Summary Judgment by Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P., Ronald Bukle, Ira Tochner, Derex Walker, Jos Opdeweegh, and Jeff Pelletier |
| **Order** | Order, dated May 4, 2021 (13-50530, D.I. 826; 14-50971, D.I. 564) |
| **Plan** | Second Amended Joint Plan of Reorganization, *In re Allied Holdings, Inc.*, No. 05-12515 (CRM) (Bankr. N.D. Ga.), D.I. 2802 (Ex. 11) |
| **Proposed Judgment Objections** | Objection to Entry of Judgment and Additional Objections to the Proposed Form of Judgment Submitted by the Litigation Trustee; Request for Stay in the Alternative, dated May 18, 2021 (13-50530, D.I. 830; 14-50971, D.I. 568) |
| **Requisite Lenders** | As defined in Allied's First Lien Credit Agreement (Ex. 9 at 41) |

| Rule 2004 Motion | Trustee's Motion for an Order Pursuant to Bankruptcy Rule 2004 and/or Sections 105(a) and 542(e) of the Bankruptcy Code Authorizing the Taking of Document Discovery and Deposition Testimony from the Yucaipa Funds, dated July 31, 2020 (12-11564, D.I. 4086) |
|---|---|
| Scolnick Ex. | Exhibits to the Declaration of Kahn A. Scolnick, dated May 1, 2020 (13-50530, D.I. 721; 14-50971, D.I. 457) |
| Scolnick Opp. Ex. | Exhibits to the Declaration of Kahn A. Scolnick, dated August 21, 2020 (13-50530, D.I. 767; 14-50971, D.I. 511) |
| SDNY Compl. | *Yucaipa Am. All. Fund I, L.P. et al. v. Richard A. Ehrlich et al.*, No. 15-cv-916 (S.D.N.Y. Feb. 6, 2015), ECF No. 1 |
| Second Lien Credit Agreement | Second Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement, dated as of May 15, 2007 |
| Spectrum | Spectrum Investment Partners, L.P. |
| Stay Motion or Second Stay Motion | Emergency Motion of Appellants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.'s Motion for Stay of Effectiveness and Enforcement of Judgment Pending Appeal Pursuant to Bankruptcy Rules 7062 and 8007 (21-994, D.I. 4; 21-995, D.I. 4) |
| Tender Offer | February 4, 2009 tender offer by Yucaipa for Allied first lien debt (Ex. 30) |
| Third Amendment | Amendment No. 3 to First Lien Credit Agreement and Consent, dated as of April 17, 2008 |
| Third Stay Motion | Yucaipa's Motion for Stay of Proceedings Pursuant to Bankruptcy Rule 8007(e), dated October 4, 2021 (13-50530, D.I. 891; 14-50971, D.I. 626) |
| Troutman | Troutman Sanders LLP |
| Trustee or Litigation Trustee | Plaintiff Catherine E. Youngman, as Litigation Trustee for ASHINC Corp. (formerly known as Allied Systems Holdings, Inc.) and related Debtors |
| Trustee Brief | Litigation Trustee's Memorandum in Support of Motion for Partial Summary Judgment, dated May 1, 2020 (13-50530, D.I. 706; 14-50971 D.I. 463) |
| Trustee Responses | Trustee's Memorandum in Response to: (1) Yucaipa's Objections to Summary Judgment Opinion and Order, Entry of Judgment, and Proposed Form of Judgment, and (2) Questions from the Court, dated June 22, 2021 (13-50530, D.I. 836; 14-50947, D.I. 574) |
| UVTA | Uniform Voidable Transactions Act |
| Withdrawal Motion | Yucaipa's Motion for Entry of an Order Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a) Withdrawing the Reference of Adversary Proceedings, dated October 4, 2021 (13-50530, D.I. 890; 14-50971, D.I. 625) |
| Yucaipa | Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. |

| | |
|---|---|
| **Yucaipa Br.** | Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P., dated May 1, 2020 (13-50530, D.I. 697; 14-50971, D.I. 454) |
| **Yucaipa Directors** | Defendants Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner |
| **Yucaipa-ComVest Transaction** | Yucaipa's August 21, 2009 purchase of ComVest's $145.1 million (principal face amount) of Allied First Lien Debt for approximately $43 million pursuant to the LPA |