**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*, | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS, | Adv. Proc. No. 13-50530 |
| Plaintiff, | |
| BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., | |
| Defendants. | |

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent, | Adv. Pro. No. 14-50971 (CSS) |

                         Plaintiff,

                              v.

CATHERINE E. YOUNGMAN [...]

YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,

                         Defendants.

**LITIGATION TRUSTEE'S OPPOSITION TO DEFENDANTS
YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN
ALLIANCE (PARALLEL) FUND I, L.P.'S MOTION FOR STAY OF
<u>PROCEEDINGS PURSUANT TO BANKRUPTCY RULE 8007(e)</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................... ii

PRELIMINARY STATEMENT ......................................................................1

ARGUMENT ..............................................................................................3

    I.    THE COURT RETAINS JURISDICTION TO ADJUDICATE THE REMAINING CLAIMS.............3

        A.    The Appeal Will Not Overlap With The Remaining Claims................................3

            1.    *The Preferential Transfer Claim Will Not be Tried*......................................4

            2.    *The Previously Decided Breach of Contract Claims and the Implied Covenant of Good Faith and Fair Dealing Claim Do Not Overlap*...........4

            3.    *Equitable Subordination Claims Are Not Duplicative of Claims on Appeal*....................................................5

            4.    *There **is** No Risk of Duplicative Review on the Breach of Fiduciary Duty and Implied Covenant Claims*...........................6

        B.    There is No Factual Overlap Between the Claims on Appeal and Those That Remain.........................................................7

    II.    A DISCRETIONARY STAY IS UNWARRANTED....................................................8

        A.    There is Not a Strong Likelihood that Yucaipa Will Prevail on Appeal..............9

        B.    Yucaipa Will Not Suffer Irreparable Harm Absent a Stay..................................9

        C.    The Trustee Will Be Prejudiced By A Stay.......................................................10

        D.    A Stay is Not in the Public Interest..................................................................11

    III.    YUCAIPA CAN ADDRESS ANY CONCERNS RAISED BY STAYING ITS APPEALS.............12

CONCLUSION...........................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Dana Corp. v. Fireman's Fund Ins. Co.*,
  1997 WL 135595 (N.D. Ohio Mar. 11, 1997) .........................................................10 n.19

*Faulkner v. N.M. Child., Youth & Fams. Dep't*,
  2016 WL 9818609 (D.N.M. Nov. 3, 2016) ..............................................................11 n.23

*In re Decade. S.A.C., LLC*,
  2020 WL 1623632 (Bankr. D. Del. Mar. 18, 2020)................................................ 3-4 n.10

*In re Green Field Energy Servs., Inc.*,
  2017 WL 2729065 (Bankr. D. Del. June 23, 2017)...........................................10 n.20, 11

*In re Nw. Mo. Holdings, Inc.*,
  2015 WL 3638000 (D. Del. June 11, 2015).......................................................................12

*In re Pursuit Cap. Mgmt., LLC*,
  2017 WL 2537234 (Bankr. D. Del. June 9, 2017)........................................ 3 n.7, 3-4 n.10

*In re Revel AC, Inc.*,
  802 F.3d 558 (3d Cir. 2015).........................................................................................2 n.6, 9

*In re Revstone Indus., LLC*,
  2019 WL 2929328 (D. Del. July 8, 2019) ..................................................................7 n.15

*In re Trans World Airlines, Inc.*,
  2001 WL 1820019 (Bankr. D. Del. Mar. 16, 2001)...........................................................8

*In re Tribune Co.*,
  472 B.R. 223 (Bankr. D. Del. 2012),
  *vacated in part on other grounds*, 2014 WL 2797042 (D. Del. June 18, 2014)............3 n.7

*In re VII Holdings Co.*,
  362 B.R. 663 (Bankr. D. Del. 2007) ............................................................................3 n.8

*In re Wash. Mut., Inc.*,
  461 B.R. 200 (Bankr. D. Del. 2011),
  *vacated in part on other grounds*, 2012 WL 1563880 (Bankr. D. Del. Feb 24, 2012) .1 n.4

*In re Whispering Pines Ests., Inc.*,
  369 B.R. 752 (B.A.P. 1st Cir. 2007) .....................................................................3 nn.7, 9

*In re Winstar Commc'ns, Inc.*,
     2007 WL 1232185 (D. Del. Apr. 26, 2007),
     *aff'd in part, modified in part*, 554 F.3d 382 (3d Cir. 2009) .............................................6

*Rep. of Phil. v. Westinghouse Elec. Corp.*,
     949 F.2d 653 (3d Cir. 1991).......................................................................................... 8-9

*Robles v. Domino's Pizza, LLC*,
     2019 WL 6482232 (C.D. Cal. July 30, 2019) ..........................................................11 n.23

*Vine v. PLS Fin. Servs., Inc.*,
     2019 WL 4257108 (E.D. Tex. Sept. 9, 2019) ..........................................................11 n.23

## Rules & Statutes

FED. R. BANKR. P. 5011(c) ......................................................................................................10

FED. R. BANKR. P. 8007(e) ................................................................................................ 1, 2, 8

## Other Authorities

5 AM. JUR. 2D *Appellate Review* § 359 (2021) ........................................................................1 n.4

## PRELIMINARY STATEMENT[1]

Yucaipa's Motion for a Stay of Proceedings Pursuant to Bankruptcy Rule 8007(e) (the

"**Third Stay Motion**")[2] seeks to halt the Adversary Proceedings and trial of the remaining

claims — potentially for *years* — by recycling arguments previously rejected by this Court in

denying Yucaipa's earlier motion to stay enforcement of the Judgment (the "**Initial Stay**

**Motion**").[3] There is no reasoned basis for the Court to reconsider its prior holdings or halt the

upcoming trial set to commence on February 7, 2022.

**This Court is Not Divested of Jurisdiction.** The divestiture rule Yucaipa purports to

rely on is clear that courts are not divested of jurisdiction "to decide issues and proceedings

different from and collateral to those involved in [an] appeal."[4] Yucaipa's latest Stay Motion,

like the last one Your Honor rejected, strains to create the illusion of overlap in the claims

remaining for trial and those on appeal. But as Your Honor previously held, "the pool of facts

that are relevant to what is left to try versus … what the Court has already decided really do not

cross" with the remaining issues; "it's like a Venn diagram that doesn't meet … [or] cross-

---

[1]    Abbreviations and citation conventions used in the Trustee's prior briefing are used again here. For the Court's convenience, an appendix of the Trustee's abbreviations relied on since summary judgment briefing is attached as **Appendix A**. The Trustee incorporates by reference all evidence, arguments, and authorities set forth in (1) the summary judgment briefing, (2) oral argument on summary judgment held on February 4, 2021, (3) the Trustee's Responses to Yucaipa's Objections, (4) the Initial Stay Motion Opposition, (5) oral argument on Yucaipa's Initial Stay Motion held on July 6, 2021, and (6) the Initial Stay Motion Opposition.

[2]    13-50530. D.I. 891; 14-50971, D.I. 626.

[3]    13-50530, D.I. 845; 14-50971, D.I. 583.

[4]    *In re Wash. Mut., Inc.*, 461 B.R. 200, 219 (Bankr. D. Del. 2011), *vacated in part on other grounds*, 2012 WL 1563880 (Bankr. D. Del. Feb 24, 2012); *see also* 5 AM. JUR. 2D *Appellate Review* § 359 (2021) ("Matters which are independent and distinct from the judgment on appeal remain within the jurisdiction of the trial court.").

contaminate in any way."[5]  Because the claims remaining to be tried do not involve facts or

damages that overlap with those on appeal, Yucaipa's appeals do not divest this Court of

jurisdiction.  (*See* Part I).

      **A Discretionary Stay is Unwarranted.**  The same standard under which the Court

denied Yucaipa's Initial Stay Motion also applies to the discretionary stay Yucaipa seeks here

under Fed. R. Bankr. P. 8007(e).  As before, Yucaipa must show that: (1) it is likely to prevail

on the merits, (2) it will suffer irreparable harm in if the court denies the stay, (3) the Trustee will

not be harmed by imposition of the stay, and (4) granting the stay will serve the public interest.[6]

As before, Yucaipa cannot make this showing.  Yucaipa's arguments fare no better on this

Motion than on its unsuccessful Initial Stay Motion, and the Trustee should not be forced to

endure more strategic delay caused by Yucaipa.  (*See* Part II).

      **Yucaipa Can Address Any Supposed Concerns By Staying the Appeals.**  If Yucaipa

were truly concerned about inconsistent rulings from this Court and the District Court, it could

simply stay briefing of its appeals — which has not yet begun — pending adjudication of the

remaining claims at trial.  Yucaipa has not posted any bond and would suffer no financial

prejudice from a stay of its appeals pending final adjudication of all claims.  And, given that

briefing on Yucaipa's appeals has not even started, and the District Court's limited familiarity

with these cases, there is a strong likelihood that this Court may resolve the remaining claims at

trial before the District Court even *begins* its review.  Yucaipa's failure to explore this obvious

solution reveals its intent to cause even more unwarranted delay.  (*See* Part III).

---

[5]      13-50530, D.I. 864 (the "**7/6/21 Hearing**") at 33:2-8.

[6]      *See In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

## ARGUMENT

### I.    THE COURT RETAINS JURISDICTION TO ADJUDICATE THE REMAINING CLAIMS

Yucaipa's broad statement of the divestiture rule omits the key aspect of the rule that, "[a]s long as the matters in front of the lower court would not alter the appealed order, <u>the trial court is not divested of jurisdiction</u>."[7]  Accordingly, a bankruptcy court retains jurisdiction "to decide issues and proceedings different from and collateral to those involved in [an] appeal."[8] The bankruptcy court must determine whether the appeal and other pending matters are "so closely related" that retention of jurisdiction by the lower court on the matter would "impermissibly interfere[ ] with the [party's] rights in its appeal."[9]  As this Court previously ruled, the remaining claims here — Estate Claims for equitable subordination and breach of fiduciary duty and a Lender Claim for breach of the implied covenant — "don't cross-contaminate in any way" with the claims being appealed.  None of Yucaipa's arguments disturbs this Court's prior finding.[10]

### A.    The Appeal Will Not Overlap With The Remaining Claims

In arguing that the remaining claims are "inextricably tied" to the claims on appeal

---

[7]    *In re Pursuit Cap. Mgmt., LLC*, 2017 WL 2537234, at *6 (Bankr. D. Del. June 9, 2017). *See also In re Tribune Co.*, 472 B.R. 223, 231 (Bankr. D. Del. 2012) ("The application of a broad rule that a bankruptcy court may not consider any request filed while an appeal is pending has the potential to severely hamper a bankruptcy court's ability to administer its cases in a timely manner.") (quoting *In re Whispering Pines Ests., Inc.*, 369 B.R. 752, 758 (B.A.P. 1st Cir. 2007)), *vacated in part on other grounds*, 2014 WL 2797042 (D. Del. June 18, 2014).

[8]    *In re VII Holdings Co.*, 362 B.R. 663, 666 n.3 (Bankr. D. Del. 2007).

[9]    *Whispering Pines*, 369 B.R. at 759.

[10]    Yucaipa relies on *In re Decade. S.A.C., LLC*, 2020 WL 1623632 (Bankr. D. Del. Mar. 18, 2020) (Sontchi, C.J.) (cited at Stay Motion ¶¶1, 15), but that case makes clear that this Court could not issue a stay even if it were warranted (which it is not).  In *Decade*, Your Honor held that where an appeal divests a bankruptcy court of jurisdiction to adjudicate the issues remaining in the case — in light of overlap between the remaining issues and those on appeal — it also divests the court of jurisdiction to grant a stay of proceedings.  *Id.* at *3.  Thus, the relief Yucaipa seeks here is

3

because they "will be impacted directly – and could very well be mooted – by the outcome of"

the appeal (Third Stay Motion ¶17), Yucaipa mischaracterizes the nature of the remaining claims

as well as the upcoming trial.

**1.** **_The Preferential Transfer Claim Will Not be Tried_**.

Contrary to Yucaipa's assertion, the Trustee is not pursuing claims at trial that have been

subsumed by Estate Claims already decided, including preferential transfers.  The Court awarded

the Trustee the damages sought on her fraudulent transfer and disallowance claims.  No

additional proof is required.

**2.** **_The Previously Decided Breach of Contract Claims and the Implied_**
**_Covenant of Good Faith and Fair Dealing Claim Do Not Overlap_**.

Yucaipa argues that the breach of the implied covenant of good faith and fair dealing

claim would be "rendered moot" if the District Court upholds the Court's findings with respect

to the Trustee's breach of contract claims.  (Third Stay Motion ¶19).  The argument is meritless

because the two claims arise from two different breaches and seek separate damages.  The Court

found that Yucaipa breached the Third Amendment by failing to make its required capital

contribution to Allied on or before August 31, 2009, and awarded as damages the value of the

capital contribution that Yucaipa failed to make.  (Opinion at 30-33).  In contrast, the Trustee's

implied covenant claim is not premised on this breach, but on Yucaipa's subsequent campaign of

bad faith by masquerading as Requisite Lender, which ultimately resulted in the First Lien

Lenders recovering a fraction of their loans upon consummation of the JCT 363 Sale.[11]

Accordingly, the damages the Trustee seeks for this claim arise from the unconsummated JCT

---

unavailable.  In any event, unlike in _Decade_, the matters remaining for trial here are "different
from and collateral to those involved in the appeal," and therefore this Court is "not divested of
jurisdiction to decide" them.  _Id._ (quoting _Pursuit_, 2017 WL 2537234, at *6).

[11]     _See_ 14-50971, D.I. 1 ¶130.

deal, which are distinct from the damages awarded in the Judgment.[12]

Yucaipa also argues that if the District Court holds that the Lenders' breach of contract claim is untimely, "a trial on [the implied covenant] claim would have been unnecessary" because it is subject to the same untimeliness defense. (Third Stay Motion ¶20). But the presence or absence of the implied covenant claim at trial will not affect the nature of the evidence presented. As the Court stated in the Opinion, the factual issues remaining to be tried concern Yucaipa's conduct when masquerading as Requisite Lender, including its "conduct in the JCT Negotiations" and whether it "caused Allied to commit events of default under the FLCA." (Opinion at 109). These facts underlie each of the Trustee's remaining claims for equitable subordination and breach of fiduciary duty, as well as breach of the implied covenant. Accordingly, after receiving the Court's proposed findings as to this claim, the District Court can determine whether it is timely — and enter final judgment on it — following a *de novo* review. Yucaipa can identify no cogent reason to delay the trial until the District Court decides this issue, and none exists.

### 3. *Equitable Subordination Claims Are Not Duplicative of Claims on Appeal*.

Yucaipa wrongly asserts that the Trustee's equitable subordination claims remaining for trial involve "the very subject of Estate Claim 2 that is included in the Judgment" (Third Stay Motion ¶21). Estate Claim 2 was not included in the Judgment. (*See* Judgment at 4). Yucaipa's breach of the Third Amendment, which was addressed in the Judgment with respect to the Trustee's breach of contract claims, is one of *many* examples of Yucaipa's inequitable conduct underlying the Trustee's equitable subordination claims. The Court denied summary judgment

---

[12]     These damages are the same for the Trustee's remaining breach of fiduciary duty claim. As previously noted, however, the Trustee is not seeking duplicative damages on both counts.

as to other aspects of Yucaipa's inequitable conduct, including "Yucaipa's conduct in the JCT

Negotiations" and "caus[ing] Allied to commit events of default under the FLCA," and left the

determination of these factual issues for trial.  (Opinion at 109).  At trial, the Trustee will present

evidence proving these facts so that this Court can conclude the extent to which Yucaipa's

claims will be equitably subordinated.[13]  Again, there is no overlap between the matters

addressed in the Judgment which are now on appeal, and the matters remaining to be tried.

Finally, Yucaipa repeats its familiar argument that equitable subordination damages will

duplicate the breach of contract damages awarded in the Judgment.  (Third Stay Motion ¶22).

Yucaipa's concern remains overstated.  As the Trustee has noted, this Court is more than capable

of ensuring the proper measure of damages, relying on a flexible standard.  *In re Winstar*

*Commc'ns, Inc.*, 2007 WL 1232185, at *5 (D. Del. Apr. 26, 2007) ("[T]he Third Circuit has

opined that the doctrine of equitable subordination was intended by Congress to allow for

flexible application by the courts."), *aff'd in part, modified in part*, 554 F.3d 382 (3d Cir. 2009).

### 4.    *There is No Risk of Duplicative Review on the Breach of Fiduciary Duty and Implied Covenant Claims*.

As explained above, contrary to Yucaipa's assertion, the damages from its breaches of

fiduciary duty and breach of the implied covenant of good faith and fair dealing do not "arise out

of the same conduct and alleged harm that form the basis of the [Estate's] breach of contract

claim." (Third Stay Motion ¶23).  The Trustee seeks different measures of damages arising out

of different conduct on each of these claims.  For Yucaipa's breach of contract, the Trustee

---

[13]    Should the District Court overturn final judgment for the Trustee on the Lenders' breach
of contract claim, it would be based on Yucaipa's *legal* arguments that the claim is untimely or
that the Trustee has not established damages.  (*See* 9033 Objections at 12-14) (discussing
objections to the Opinion's finding with respect to the Lenders' breach of contract claim).  The
facts forming the basis of Yucaipa's breach are undisputed and *admitted to* by Yucaipa. (*See* 13-
50530, D.I. 822 at 60:4-15).  There is no need to revisit the issues at trial.

sought (and was awarded) the cash value of the capital contribution that Yucaipa failed to make by August 31, 2009.  (*See* Opinion at 32-33).  For Yucaipa's breaches of fiduciary duty and breach of the implied covenant, the Trustee seeks damages based on Yucaipa thwarting the JCT deal in 2011-2012.  If the Trustee prevails on her breach of fiduciary duty claim, the Lender Claim for breach of the implied covenant is rendered academic because the Trustee is not seeking duplicative damages.

### B.    There is No Factual Overlap Between the Claims on Appeal and Those That Remain

Yucaipa's claim that "factual issues at issue in the appeal and 9033 Objection will also be at issue in any trial of the remaining claims" (Third Stay Motion ¶24) is likewise devoid of merit because there were *no factual issues* decided in the Opinion and Order.  As Your Honor held in denying Yucaipa's Initial Stay Motion, "there was no fact finding" and "[e]very fact that is the underpinning of the judgment was undisputed."[14]  Any legal determinations the District Court may make on appeal will have no impact on the *factual* issues this Court will need to resolve at trial.[15]

Similarly, nothing in the Opinion "limits the facts and defenses that Yucaipa will be permitted to argue at trial," as Yucaipa maintains.  (Third Stay Motion ¶24).  As explained previously and above, the damages sought at trial are distinct from the damages awarded in the Judgment.  The defenses Yucaipa points to — "whether Allied suffered damages" from Yucaipa's failure to make a capital contribution, "whether the Third Amendment required

---

[14]    *See* 7/6/21 Hearing at 31:21-32:11.

[15]    *See In re Revstone Indus., LLC*, 2019 WL 2929328, at *4 (D. Del. July 8, 2019) (no factual issues were decided on summary judgment: "Contrary to Defendant's assertions, the Bankruptcy Court did not weigh any evidence or determine the truth of any matter.  Rather, the Bankruptcy Court determined that Defendant failed to present anything in rebuttal to the Motions other than conclusory, self-serving, and hedged statements unsupported by any evidence.").

Yucaipa to make any cash contributions," and "whether Yucaipa would ever have elected to make a cash contribution" (*id*.) — pertain to the claims and damages relating to Yucaipa's breach of the Third Amendment as of August 31, 2009. The claims remaining for trial pertain to later events and seek different damages, and will be unaffected even if Yucaipa were to convince the District Court that such defenses apply.[16]

Yucaipa's repeated reference to District Judge Robinson's 2015 remarks remains inapposite. (Third Stay Motion ¶26.) As an initial matter, Yucaipa takes the District Court's remarks out of context. By "overlapping" issues, District Judge Robinson was referring to the relationship between the Estate Claims and the Lender Claims as they existed in 2015 — not the relationship between the claims resolved in the Judgment and those remaining for trial. As the Trustee has noted, the parties and claims at issue have been whittled down by settlements and voluntary dismissals.[17] None of the claims that remain to be tried overlap with any on appeal.

## II.    A DISCRETIONARY STAY IS UNWARRANTED

This Court has discretion to grant or deny a motion to stay under FED. R. BANKR. 8007(e). *See, e.g.*, *In re Trans World Airlines, Inc.*, 2001 WL 1820019, at *1 (Bankr. D. Del. Mar. 16, 2001). In exercising this discretion, Bankruptcy Courts consider the traditional factors for injunctive relief: (1) the likelihood that the movant will prevail on the merits, (2) whether the movant will suffer irreparable harm if the court denies the stay, (3) that non-movant will not be harmed if the stay is imposed and (4) granting the stay will serve the public interest. *Rep. of*

---

[16]    Similarly, the "extent of value Allied received" in connection with Yucaipa's fraudulent transfers (Third Stay Motion ¶24) is also unrelated to the remaining claims and associated damages arising from the failed JCT deal.

[17]    13-50530, D.I. 836; 14-50971, D.I. 574 (Trustee's Responses to 9033 Objections and Questions from the Court) at 13 n.25 (explaining the nature of the overlap that District Judge Robinson was likely referring to).

*Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).  The "most critical factors" in this test "are the first two."  *Revel*, 802 F.3d at 568.

Ignoring this Court's conclusion that Yucaipa had "fail[ed] on all four factors rather significantly," Yucaipa simply repeats arguments from the Initial Stay Motion with respect to each factor.  (7/6/21 Hearing at 29:19-21; *see also id.* at 35:18-20 (Yucaipa "fail[s] to fulfill any of the elements, let alone all four")).  The same conclusion this Court reached on the Initial Stay Motion is mandated here.

### A.    There is Not a Strong Likelihood that Yucaipa Will Prevail on Appeal

To establish this critical factor, Yucaipa relies on arguments advanced in the Initial Stay Motion, which the Court rejected at the July 6 hearing.  (Third Stay Motion ¶33).  Among other things, this Court held that Yucaipa's Constitutional argument was "baseless," that there was "no fact finding [in the Opinion] that went beyond the summary judgment standard," and that claims and issues remaining for trial really "don't cross-contaminate in any way" with issues on appeal.[18]  Yucaipa offers no grounds to depart from these findings.

### B.    Yucaipa Will Not Suffer Irreparable Harm Absent a Stay

"To establish irreparable harm, a stay movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent."  *Revel*, 802 F.3d at 571.  Yucaipa once again fails to satisfy this burden.

**Constitutional Concerns or Risk of Duplicative Litigation.**  Yucaipa's arguments that Constitutional concerns and/or the "risk of duplicative litigation" somehow constitute irreparable harm (Third Stay Motion ¶¶35-37) were already considered and rejected.  (*See* 7/6/21 Hearing at 32:18-21 ("Having found the Constitutional argument baseless, the Court certainly can't find that

---

[18]    7/6/21 Hearing at 32:12-33:8.

there's irreparable injury somehow not being able to pursue a baseless argument."); 32:22-33:8 ("I don't think there's irreparable injury" caused by "some sort of cross-contamination fact finding at trial")).[19]

**Untimely Motion to Withdraw.**  Yucaipa's contention that its decision to move for withdrawal of these proceedings — over 8½ years after commencement of the Estate Action — leads to irreparable harm absent a stay is baseless.  (Third Stay Motion ¶¶37-38).  Tellingly, Yucaipa moved for a stay of the Adversary Proceedings, and not just a stay pending resolution of its motion to withdraw.  *Compare* FED. R. BANKR. P. 5011(c) (providing for a stay "pending disposition of [a withdrawal] motion" "on such terms and conditions as are proper").  Yucaipa's decision to seek a stay of all proceedings before this Court reveals its intent to delay adjudication of the remaining claims for as long as possible.  In any event, Yucaipa's withdrawal motion is unlikely to succeed for multiple reasons, including the untimeliness of its filing with respect to the Estate Action,[20] and the fact that Judge Robinson previously concluded that "it makes more sense to have the entire dispute resolved in the first instance by Judge Sontchi, with this court taking one comprehensive review of the dispute rather than attenuated glances."[21]

## C.    The Trustee Will Be Prejudiced By A Stay

Yucaipa's contention that "[t]he Trustee would not be harmed by a stay of the Adversary

---

[19]    Yucaipa's reliance on *Dana Corp. v. Fireman's Fund Insurance Co.*, 1997 WL 135595, at *1 n.1 (N.D. Ohio Mar. 11, 1997) (Third Stay Motion ¶35) to prove that a "risk of duplicative litigation" constitutes irreparable harm is misplaced.  *Dana Corp.* involved a host of lawsuits filed in multiple jurisdictions that all required the interpretation of the same agreement against the same defendant.  That is not the case here.

[20]    *See, e.g.*, *In re Green Field Energy Servs., Inc.*, 2017 WL 2729065, at *2 (Bankr. D. Del. June 23, 2017) (Withdrawal motion unlikely to succeed because "Defendants waited four months … to seek the withdrawal of the reference.  Certainly, the Withdrawal Motion was not timely filed.").

[21]    Order, *In re ASHINC Corp.*, No. 1:15-mc-00232-SLR (D. Del.), D.I. 20 at 3.

Proceedings pending appeal" is meritless.  (Third Stay Motion ¶39).  As this Court is aware, Yucaipa's scorched earth litigation tactics have forced the parties to litigate issues with respect to the Third Amendment and purported Fourth Amendment across multiple jurisdictions and appellate courts for nearly a decade.[22]  A stay of all proceedings pending resolution of the appeals "will serve to carry on the delays that [Yucaipa] has been so successful in achieving to date, to the immediate and irreparable detriment of [Allied's] creditors and [] estate."  *Green Field Energy*, 2017 WL 2729065, at *3.[23]  Further, a stay will not "preserv[e] the parties' and the Court's resources," as Yucaipa claims.  (Third Stay Motion ¶40).  On the contrary, it would deplete them.  The parties and the Court are highly familiar with the facts, operative documents, and issues of this case as a result of the recent cross-motions for summary judgment.  Trial should be held now so that the parties and the Court are not forced to relearn these topics after a potential delay of multiple years.

### D.    A Stay is Not in the Public Interest

As this Court previously held, there is no public interest at stake in this commercial dispute between financial players, notwithstanding Yucaipa's Constitutional challenge.  (7/6/21 Hearing at 35:15-17 ("[T]he public doesn't care, nor should the public care, and I don't think the

---

[22]    *See* 13-50530, D.I. 836; 14-50971, D.I. 574 (Trustee's Responses to 9033 Objections and Questions from the Court) at 11.

[23]    *See also Robles v. Domino's Pizza, LLC*, 2019 WL 6482232, at *5 (C.D. Cal. July 30, 2019) ("[D]elaying an action that has already been pending for several years is prejudicial to Plaintiff.  Plaintiff has a strong interest in the timely resolution of litigation."); *Vine v. PLS Fin. Servs., Inc.*, 2019 WL 4257108, at *9 (E.D. Tex. Sept. 9, 2019) (plaintiffs "have been waiting for more than *three years* since they initially filed suit. … This constitutes sufficient harm to the non-moving party, as it increases the difficulty they already face presenting their case.") (emphasis in original); *Faulkner v. N.M. Child., Youth & Fams. Dep't*, 2016 WL 9818609, at *5 (D.N.M. Nov. 3, 2016) ("[A]ny delay caused by a stay pending appeal would substantially injure Plaintiffs.  This case has already been significantly delayed, and a stay would cause substantial, potentially years-long delay.")

Constitutional argument changes that analysis at all, given that I just don't think it's valid.")). There is also no public interest to eliminate "inconsistent rulings and unnecessary and duplicative proceedings" here (Third Stay Motion ¶42), given that the Court has already held that there is no overlap between the adjudicated and unadjudicated claims. Moreover, "as a general matter, there is always a strong public interest in having lawsuits move forward to resolution as speedily as possible." *In re Nw. Mo. Holdings, Inc.*, 2015 WL 3638000, at *3 (D. Del. June 11, 2015). Yucaipa has successfully forestalled recovery to the Litigation Trust Beneficiaries on account of its wrongful conduct for over a decade. The Stay Motion offers no justification to prevent this long overdue recovery any longer.

### III.    YUCAIPA CAN ADDRESS ANY CONCERNS RAISED BY STAYING ITS APPEALS

No briefing schedule has been set for Yucaipa's appeals in the District Court in light of the parties' forthcoming mediation scheduled for November 10, 2021. As such, briefing on those appeals will likely not be completed until *after* the remaining claims are tried before this Court. The Trustee would be willing to continue the stay of the appeals pending resolution of the limited remaining claims at trial. This would permit the District Court to take a "comprehensive review" of all disputes at one time, as District Judge Robinson advocated, and neatly address Yucaipa's purported desire to "avoid a substantial risk of duplicative" proceedings and "inconsistent rulings," without further prejudicing the Trustee and depleting judicial resources. (Third Stay Motion ¶2).

### CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny Yucaipa's request for a stay of the proceedings pending exhaustion of its appellate rights.

Dated: November 1, 2021

**FOX ROTHSCHILD LLP**

By:        */s/ Seth A. Niederman*
        Seth A. Niederman (DE Bar No. 4588)
        Citizens Bank Center
        919 N. Market Street, Suite 300
        Wilmington, DE 19801
        Tel.: (302) 654-7444
        Fax: (302) 656-8920
        sniederman@foxrothschild.com

        -and-

**JOSEPH HAGE AARONSON LLC**

        Gregory P. Joseph
        Douglas J. Pepe
        Gila S. Singer
        485 Lexington Avenue, 30th Floor
        New York, NY 10017
        Telephone: (212) 407-1200
        gjoseph@jhany.com

        -and-

**ZAIGER LLC**

        Jeffrey H. Zaiger
        Judd A. Lindenfeld (*pro hac vice forthcoming*)
        2187 Atlantic Street, 9th Floor
        Stamford, CT 06902
        Telephone: (917) 572-7701
        jzaiger@zaigerllc.com

        *Counsel for the Litigation Trustee and Plan Administrator*

840028

**Appendix A**

**Abbreviations and Defined Terms Relied on in Trustee's Briefing Since May 1, 2020**

| | |
|---|---|
| **13-50530** or **Estate Action** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Adv. Proc. No. 13-50530 (Bankr. D. Del.) |
| **14-50971** or **Lender Action** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Adv. Proc. No. 14-50971 (Bankr. D. Del.) |
| **21-994** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Civ. No. 21-cv-00994 (CFC) (D. Del.) |
| **21-995** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Civ. No. 21-cv-00995 (CFC) (D. Del.) |
| **2005 Bankruptcy** | *In re Allied Holdings, Inc., et al.*, Case Nos. 05-12515 through 05-12526 and 05-12528 through 05-12537 (Bankr. N.D. Ga.) |
| **7/6/21 Hearing** | Transcript of Hearing on Defendants' Motion for Stay Pending Appeal, dated July 6, 2021 (13-50530, D.I. 864) |
| **9033 Objections** | Yucaipa's Objections to the Bankruptcy Court's May 4, 2021 Summary Judgment Opinion and Order [Federal Rule of Bankruptcy Procedure 9033], dated May 18, 2021 (13-50530, D.I. 828; 14-50971, D.I. 566) |
| **Active** | Active Carhaul |
| **Adversary Proceedings** | The Estate Action (13-50530) and Lender Action (14-50971) |
| **Agent** | The Agent to the Lenders Under the First Lien Credit Agreement. |
| **Allied Adversary Proceeding** | *ASHINC Corp. v. AMMC VIII, Ltd. et al.*, Adv. Proc. No. 12-50947-CSS (Bankr. D. Del) |
| **Allied** or the **Company** | ASHINC Corp.(formerly known as Allied Systems Holdings, Inc.) and related Debtors |
| **Amended Plan** | Debtors' Modified First Amended Joint Chapter 11 Plan of Reorganization dated December 3, 2015 (Case No. 12-11564, D.I. 3360-1) |
| **Answer** | Answer and Affirmative Defenses of Yucaipa to Plaintiff's Amended Complaint, dated April 1, 2013 (13-50530, D.I. 95) |
| **Bankruptcy** | *In re ASHINC Corp., et al.*, Case No. 12-11564 (CSS) (Bankr. D. Del). |
| **BD/S** | Black Diamond and Spectrum |
| **Black Diamond** | BDCM Opportunity Fund II, LP and Black Diamond CLO 2005-1 Ltd. |
| **Board** | Allied's Board of Directors |
| **Burkle** | Ronald Burkle |
| **CIT** | CIT Group/Business Credit, Inc. |
| **ComVest** | ComVest Investment III, L.P. |
| **Covenant Not to Sue** | Covenant not to sue at § 2.7(f) of the First Lien Credit Agreement (Ex. 9) |

| **Credit Agreements** | Allied's First Lien Credit Agreement and Second Lien Credit Agreement |
|---|---|
| **D. Del. Compl.** | *Yucaipa Am. All. Fund I, L.P. et al. v. Richard A. Ehrlich et al.*, No. 15-cv-373 (D. Del. May 8, 2015), ECF No. 1 |
| **Direct Lender Claims** | Claims brought on behalf of the lenders under Allied's first lien credit facility asserted in Adv. Proc. No. 14-50971 |
| **Ehrlich Decl.** | The Declaration of Richard Ehrlich, dated December 18, 2020 |
| **Entities Opposition** or **Entities Opp.** | Litigation Trustee's Opposition to the Motion for Summary Judgment by Yucaipa American Alliance Fund I, LP and Yucaipa American Alliance (Parallel) Fund I, LP, dated July 17, 2020 |
| **Estate Claims** | Claims brought on behalf of the Allied Estates asserted in Adv. Proc. No. 13-50530. |
| **Ex. (as used in summary judgment briefing and this appendix)** | Exhibits to the first Declaration of Gila S. Singer, dated May 1, 2020 (13-50530, D.I. 713; 14-50971, D.I. 466); Second Declaration of Gila S. Singer, dated August 21, 2020 (13-50530, D.I. 772; 14-50971, D.I. 516); and the accompanying Third Declaration of Gila S. Singer |
| **First Lien Credit Agreement** or **"FLCA"** | Amended and Restated First Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement, dated as of May 15, 2007 (Ex. 9) |
| **Gendregske Br.** | Defendant Mark Gendregske's Opening Brief in Support of his Motion for Summary Judgment, dated May 1, 2020 (13-50530, D.I. 708) |
| **Georgia Action** | *Allied Systems Holdings, Inc., et al. v. The CIT Group/Business Credit, Inc.*, Civil Action No. 2009-CV-177574 (Super. Ct. Fulton Cnty.) |
| **Harris Decl.** | The accompanying Declaration of Adam C. Harris, dated December 18, 2020 |
| **Indiv. Br.** | Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Defendants Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner (13-50530, D.I. 699; 14-50971, D.I. 456) |
| **Individual Defendants** | Defendants Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner |
| **Individuals Opposition** or **Indiv. Opp.** | Litigation Trustee's Opposition to the Motion for Summary Judgment by the Individual Defendants, dated July 17, 2020 |
| **Initial Stay Motion[1]** | Yucaipa's Motion for a Stay of the Effectiveness and Enforcement of Judgment Pending Appeal Pursuant to Bankruptcy Rule 7062 and 8007(a), dated June 25, 2021 (13-50530, D.I. 845; 14-50947, D.I. 583) |

---

[1]     Previously abbreviated "**Stay Motion**" in the Initial Stay Motion Opposition.

| | |
|---|---|
| **Initial Stay Motion Opposition** | Litigation Trustee's Memorandum of Law in Response to Yucaipa's Motion for Stay of the Effectiveness and Enforcement of Judgment Pending Appeal, dated July 2, 2021 (13-50530, D.I. 855; 14-50971, D.I. 591) |
| **Jack Cooper** or **JCT** | Jack Cooper Transport |
| **JCT 363 Sale** | Purchase by JCT of substantially all of Allied's assets for $135 million following an auction for Debtors' assets under 11 U.S.C. §363, which closed on December 27, 2013 |
| **JCT Negotiations** | Negotiations concerning JCT's desire to acquire Allied in late 2011 through 2012 |
| **Joint Procedural History** | Joint Procedural History, dated July 25, 2019 (13-50530, D.I. 599; 14-50971, D.I. 365) |
| **Judgment** | Judgment, dated June 23, 2021 (13-50530, D.I. 841; 14-50971, D.I 579) |
| **Kasowitz** | Kasowitz Benson Torres LLP |
| **Latham** | Latham & Watkins LLP |
| **LPA** | Loan Purchase Agreement between Yucaipa and ComVest, dated August 21, 2009 (Ex. 43) |
| **MMSA** | Monitoring and Management Services Agreement, dated May 29, 2007 (Scolnick Ex. 32) |
| **NY Action** | *BDCM Opportunity Fund II, LP, et al. v. Yucaipa American Alliance Fund I, L.P., et al.*, Index No. 650150/2012 (N.Y. Sup. Ct. N.Y. Cnty.) |
| **Objections** | 9033 Objections and Proposed Judgement Objections |
| **Opinion** | Opinion, dated May 4, 2021 (13-50530, D.I. 825; 14-50971, D.I. 563) |
| **Opposition** or **Opp.** | Opposition to the Litigation Trustee's Motion for Summary Judgment by Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P., Ronald Bukle, Ira Tochner, Derex Walker, Jos Opdeweegh, and Jeff Pelletier |
| **Order** | Order, dated May 4, 2021 (13-50530, D.I. 826; 14-50971, D.I. 564) |
| **Plan** | Second Amended Joint Plan of Reorganization, *In re Allied Holdings, Inc.*, No. 05-12515 (CRM) (Bankr. N.D. Ga.), D.I. 2802 (Ex. 11) |
| **Proposed Judgment Objections** | Objection to Entry of Judgment and Additional Objections to the Proposed Form of Judgment Submitted by the Litigation Trustee; Request for Stay in the Alternative, dated May 18, 2021 (13-50530, D.I. 830; 14-50971, D.I. 568) |
| **Requisite Lenders** | As defined in Allied's First Lien Credit Agreement (Ex. 9 at 41) |

| | |
|---|---|
| **Rule 2004 Motion** | Trustee's Motion for an Order Pursuant to Bankruptcy Rule 2004 and/or Sections 105(a) and 542(e) of the Bankruptcy Code Authorizing the Taking of Document Discovery and Deposition Testimony from the Yucaipa Funds, dated July 31, 2020 (12-11564, D.I. 4086) |
| **Scolnick Ex.** | Exhibits to the Declaration of Kahn A. Scolnick, dated May 1, 2020 (13-50530, D.I. 721; 14-50971, D.I. 457) |
| **Scolnick Opp. Ex.** | Exhibits to the Declaration of Kahn A. Scolnick, dated August 21, 2020 (13-50530, D.I. 767; 14-50971, D.I. 511) |
| **SDNY Compl.** | *Yucaipa Am. All. Fund I, L.P. et al. v. Richard A. Ehrlich et al.*, No. 15-cv-916 (S.D.N.Y. Feb. 6, 2015), ECF No. 1 |
| **Second Lien Credit Agreement** | Second Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement, dated as of May 15, 2007 |
| **Spectrum** | Spectrum Investment Partners, L.P. |
| **Stay Motion** or **Second Stay Motion** | Emergency Motion of Appellants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.'s Motion for Stay of Effectiveness and Enforcement of Judgment Pending Appeal Pursuant to Bankruptcy Rules 7062 and 8007 (21-994, D.I. 4; 21-995, D.I. 4) |
| **Tender Offer** | February 4, 2009 tender offer by Yucaipa for Allied first lien debt (Ex. 30) |
| **Third Amendment** | Amendment No. 3 to First Lien Credit Agreement and Consent, dated as of April 17, 2008 |
| **Third Stay Motion** | Yucaipa's Motion for Stay of Proceedings Pursuant to Bankruptcy Rule 8007(e), dated October 4, 2021 (13-50530, D.I. 891; 14-50971, D.I. 626) |
| **Troutman** | Troutman Sanders LLP |
| **Trustee** or **Litigation Trustee** | Plaintiff Catherine E. Youngman, as Litigation Trustee for ASHINC Corp. (formerly known as Allied Systems Holdings, Inc.) and related Debtors |
| **Trustee Brief** | Litigation Trustee's Memorandum in Support of Motion for Partial Summary Judgment, dated May 1, 2020 (13-50530, D.I. 706; 14-50971 D.I. 463) |
| **Trustee Responses** | Trustee's Memorandum in Response to: (1) Yucaipa's Objections to Summary Judgment Opinion and Order, Entry of Judgment, and Proposed Form of Judgment, and (2) Questions from the Court, dated June 22, 2021 (13-50530, D.I. 836; 14-50947, D.I. 574) |
| **UVTA** | Uniform Voidable Transactions Act |
| **Withdrawal Motion** | Yucaipa's Motion for Entry of an Order Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a) Withdrawing the Reference of Adversary Proceedings, dated October 4, 2021 (13-50530, D.I. 890; 14-50971, D.I. 625) |
| **Yucaipa** | Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. |

| Yucaipa Br. | Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P., dated May 1, 2020 (13-50530, D.I. 697; 14-50971, D.I. 454) |
|---|---|
| Yucaipa Directors | Defendants Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner |
| Yucaipa-ComVest Transaction | Yucaipa's August 21, 2009 purchase of ComVest's $145.1 million (principal face amount) of Allied First Lien Debt for approximately $43 million pursuant to the LPA |