# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC CORPORATION, *et al.*, | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS, | Adv. Proc. No. 13-50530 (CSS) |
| Plaintiff, | |
| BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., | |
| Defendants. | |

2116205.1

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>    Plaintiff,<br><br>    v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>    Defendants. | Adv. Proc. No. 14-50971 (CSS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ARGUMENT, EVIDENCE, AND TESTIMONY THAT THE JCT DEAL WAS SUFFICIENTLY CERTAIN TO SUPPORT AN AWARD OF DAMAGES, AND <u>REQUEST FOR JUDICIAL NOTICE</u>**

# TABLE OF CONTENTS

**Page**

| | | |
|---|---|---|
| **I.** | **PRELIMINARY STATEMENT** | 1 |
| **II.** | **STATEMENT OF FACTS** | 2 |
| **III.** | **LEGAL STANDARD** | 3 |
| **IV.** | **ARGUMENT** | 4 |
| **V.** | **CONCLUSION** | 7 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bobby v. Bies*
  556 U.S. 825 (2009) ............................................................................................................... 4

*Burlington N. R. Co. v. Hyundai Merch. Marine Co.*
  63 F.3d 1227 (3d Cir. 1995) .................................................................................................. 4

*Farmer v. Potteiger*
  2012 WL 5398626, at *6 (M.D. Pa. Sept. 28, 2012) ......................................................... 5, 6

*Johns Hopkins Univ. v. Alcon Lab'ys Inc.*
  2018 WL 4178159, at *1 (D. Del. Aug. 30, 2018) ............................................................ 3, 4

*Laufen Int'l, Inc. v Larry J. Lint Floor & Wall Covering, Co., Inc.*
  2012 WL 1458209, at *1 (W.D. Pa. Apr. 27, 2012) ............................................................. 3

*Leonard v. Stemtech Health Scis., Inc.*
  981 F. Supp. 2d 273 (D. Del. 2013) ...................................................................................... 4

*Mote v. Murtin*
  2020 WL 864138, at *4 (M.D. Pa. Jan. 23, 2020), *aff'd*, 816 F. App'x
  635 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1099 (2021) ................................................... 4

*Mugno v. Casale*
  1997 WL 152793, at *6 (E.D. Pa. Mar. 28, 1997) ................................................................ 4

*Oshop v. United States*
  1993 WL 643357, at *3 (W.D. Pa. Dec. 8, 1993) ................................................................. 4

*Palmieri v. Defaria*
  88 F.3d 136 (2d Cir. 1996) .................................................................................................... 4

*Peloro v. United States*
  488 F.3d 163 (3d Cir. 2007) .................................................................................................. 5

*Walsh v. Quinn*
  359 Fed. Appx. 273 (3d Cir. 2009) .................................................................................... 5, 6

*Yucaipa Am. All. Fund I, L.P. v. Ehrlich*
  204 F. Supp. 3d 765 (D. Del. 2016) ...................................................................................... 3

Defendants Yucaipa American Alliance Fund I, L.P., and Yucaipa American Alliance (Parallel) Fund I, L.P., (collectively "Yucaipa"), through their undersigned counsel, hereby submit this brief in support of their Motion *in Limine* to Exclude Argument, Evidence, and Testimony that the JCT Deal was Sufficiently Certain to Support an Award of Damages (the "Motion").

## I.    PRELIMINARY STATEMENT

1. Plaintiff Catherine E. Youngman, in her capacity as Litigation Trustee ("Plaintiff") and as successor to BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 Ltd., and Spectrum Investment Partners, L.P. (collectively, "BD/S") will argue and attempt to introduce evidence at trial that Yucaipa allegedly scuttled an all-but-certain deal worth tens of millions of dollars to the Debtors' estates and BD/S.[1] However, in a prior action filed by Yucaipa, BD/S took the opposite position and convinced the Delaware District Court that this very same deal was too uncertain—subject to too many closing conditions and contingencies—to support a claim for damages. Now, because certainty of the deal is an essential element of Plaintiff's claim for damages against Yucaipa, she has self-servingly switched BD/S' positions and asks the Court to arrive at the opposite conclusion—namely, that the JCT negotiations resulted in a deal sufficiently certain to form the basis for a claim for damages. The doctrine of collateral estoppel bars Plaintiff, while standing in the shoes of BD/S, from arguing and introducing evidence and testimony at trial contrary to the ruling of the District Court in the prior action.

---

[1] Plaintiff Catherine E. Youngman (the "Trustee") stepped into the shoes of BD/S and is prosecuting their claims and the estate's claims in this adversary proceeding pursuant to § 5.11(a) and § 5.13 of the Debtors' Modified First Amended Joint Chapter 11 Plan of Reorganization dated December 3, 2015 (12-11564, D.I. 3360-1) and the Court's Confirmation Order (12-11564, D.I. 3383).

1

2. For these reasons, set forth more fully below, Yucaipa brings this motion *in limine*, for an order precluding Plaintiff from arguing or introducing of any argument, evidence, or testimony that the JCT deal was sufficiently certain to support BD/S' claim for damages.

## II.     STATEMENT OF FACTS

3. Plaintiff alleges that in 2011 and 2012 Yucaipa and BD/S were engaged in negotiations with Jack Cooper Transport Company Inc. ("JCT") to sell their respective debt holdings in Allied Systems Holdings, Inc. ("Allied"). Adv. Proc. No. 12-11564, D.I. 2703 at ¶ 16. Plaintiff's claim for damages, the allegations of her complaint, and the report of her own damages expert makes clear that, in Plaintiff's claim hinges on the critical assumption that, JCT's offer to purchase the debt holdings of the first lien lenders, including Yucaipa and BD/S (the "JCT Deal"), was *certain* to have been finalized, and that the only reason the deal fell through was Yucaipa's alleged wrongdoing. Indeed, Plaintiff claims that Yucaipa, in its position as the purported requisite lender, "scuttle[d] a transaction with [JCT] that would have provided full payment on the First Lien Debt to the First Lien Lenders." Adv. Proc. No. 12-11564, D.I. 2703 at ¶ 13.

4. As a direct consequence of the JCT Deal failing, Plaintiff, on behalf of the Debtors' estates and BD/S, claims to be damaged in an amount equal to the difference between their assumed net proceeds from JCT's December 19, 2011 offer that would have gone to the first lien lenders and the actual net proceeds from JCT's purchase of Allied in 2013 out of bankruptcy. *See* Declaration of Laura Davis Jones ("Jones Decl."), Exh. A at ¶ 137 (Expert Witness Report of Jeffrey Risius). Plaintiff's damages expert, Jeffrey Risius, submitted a 19-page rebuttal report to defend his damages calculations. In it, he devotes nearly three (3) pages to a defense of the premise underlying his damages opinions: "but-for Yucaipa's actions, [the] transaction with JCT would have been consummated prior to Allied's involuntary bankruptcy". *See* Jones Decl., Exh. B at 11-13 (Rebuttal Expert Report of Jeffrey Risius).

5. However, the JCT Deal has already been litigated by the parties and adjudicated uncertain by the Delaware District Court. *Yucaipa Am. All. Fund I, L.P. v. Ehrlich*, 204 F. Supp. 3d 765 (D. Del. 2016). In 2015, Yucaipa filed a complaint in the District Court against BD/S asserting, among other claims, a RICO cause of action (the "RICO Complaint"). *See* Jones Decl., Exh. C at ¶¶ 151-201 (RICO Complaint). Yucaipa alleged that it was BD/S' wrongful conduct that interfered with Yucaipa's sale of its debt holdings to JCT, preventing the closure of the deal, and causing damages to Yucaipa to the tune of millions in lost profits. *Id.* at ¶ 200. BD/S moved to dismiss the RICO Complaint, arguing that Yucaipa's RICO Complaint failed to allege a concrete financial loss. In support of this argument, BD/S argued, as a matter of law, that "the JCT deal was dependent on numerous contingencies, which made closing the deal ***uncertain***." *See* Jones Decl., Exh. E at 11 (emphasis added) (BD/S' Reply ISO Mot. To Dismiss the RICO Complaint).

6. The Delaware District Court agreed with BD/S' argument and issued an opinion dismissing Yucaipa's RICO Complaint (the "2016 Dismissal Ruling"), ruling that the JCT Deal was, as a matter of law, "speculative" and "subject to multiple closing conditions including funding contingencies." *See* Jones Decl., Exh. F at 16 (2016 Dismissal Ruling). Further, the Court ruled that Yucaipa "could not satisfy proximate cause in light of the numerous conditions and contingencies attendant to the JCT Deal." *Id.* at 17.

### III. LEGAL STANDARD

7. "A motion *in limine* is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Laufen Int'l, Inc. v Larry J. Lint Floor & Wall Covering, Co., Inc.*, 2012 WL 1458209, at *1 (W.D. Pa. Apr. 27, 2012) (citations omitted). The motion *in limine* serves to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Johns*

3

*Hopkins Univ. v. Alcon Lab'ys Inc.*, 2018 WL 4178159, at *1 (D. Del. Aug. 30, 2018), quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). The burden is on the moving party to demonstrate "that the evidence is inadmissible on any relevant ground …." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

8. Collateral estoppel, also called issue preclusion[2], derives from the principle that "later courts should honor the first actual decision of a matter that has been actually litigated." *Burlington N. R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231 (3d Cir. 1995). Principles of collateral estoppel "compel" a later court to honor an earlier decision of a matter that was actually litigated." *Mote v. Murtin*, 2020 WL 864138, at *4 (M.D. Pa. Jan. 23, 2020), *aff'd*, 816 F. App'x 635 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1099 (2021).

9. Because it can limit the facts at issue, collateral estoppel is appropriate to and "frequently is the subject of a motion *in limine*." *Mugno v. Casale*, 1997 WL 152793, at *6 (E.D. Pa. Mar. 28, 1997). If "collateral estoppel precludes consideration of a factual issue, that issue is not a fact to be determination [*sic*] at trial …." *Id; see also Oshop v. United States,* 1993 WL 643357, at *3 (W.D. Pa. Dec. 8, 1993) (granting a motion *in limine* on the basis of collateral estoppel).

## IV.   ARGUMENT

10. The ruling of the Delaware District Court in the 2016 Dismissal Ruling collaterally estops Plaintiff, standing in the shoes of BD/S, from relitigating whether the JCT Deal was sufficiently certain to support a claim for damages. Plaintiff should therefore be precluded from arguing or introducing evidence at trial that the JCT Deal was not "uncertain" and "subject to multiple closing conditions" or can supports BD/S' claim for damages.

---

[2] *See Bobby v. Bies*, 556 U.S. 825, 829 n. 1 (2009) ("the term issue preclusion . . . encompasses the doctrines called 'collateral estoppel' and 'direct estoppel.'")

4

11. Collateral estoppel or issue preclusion applies when "1) the issue sought to be precluded is the same as that involved in the prior action; 2) that issue was actually litigated; 3) it was determined by a final and valid judgment; and 4) the determination was essential to the prior judgment." *Walsh v. Quinn*, 359 Fed. Appx. 273, 275 (3d Cir. 2009) (quoting *Peloro v. United States*, 488 F.3d 163, 174-75 (3d Cir. 2007).

12. Here, the doctrine applies and precludes Plaintiff from relitigating that the JCT Deal was uncertain because all four elements of the test are met.

13. *First*, in the present action, Plaintiff intends to argue at trial and present a damages expert that will testify "but-for Yucaipa's actions, [the] transaction with JCT would have been consummated prior to Allied's involuntary bankruptcy." *See* Jones Decl., Exh. B at 11-13 (Rebuttal Expert Report of Jeffrey Risius). In the Delaware District Court action, in moving to dismiss Yucaipa's RICO Complaint, BD/S expressly argued that "the JCT deal was dependent on numerous contingencies, which made closing the deal ***uncertain***." *See* Jones Decl., Exh. E at 11 (BD/S' Reply ISO Mot. To Dismiss the RICO Complaint) (emphasis added). In fact, Mr. Risius cites Yucaipa's RICO Complaint as evidence for Plaintiff's current contention that the JCT Deal "would have been consummated." *See* Jones Decl., Exh. B at 12 n. 33 (Rebuttal Expert Report of Jeffrey Risius). This is the same issue.

14. *Second,* the JCT Deal's certainty was "actually litigated" in the Delaware District Court on BD/S' Rule 12(b) motion against Yucaipa's RICO Complaint. An issue is "actually litigated" if it is argued before a prior court and ruled upon. *See*, e.g., *Farmer v. Potteiger*, 2012 WL 5398626, at *6 (M.D. Pa. Sept. 28, 2012). In *Farmer*, on a motion to dismiss, the court reviewed the allegations of a prior lawsuit and arguments in the parties' papers on a motion to dismiss that prior lawsuit, and compared them to that of the new underlying matter between the same parties. *Id.* The

5

parties' contentions as enunciated in their briefing in the prior case and the issues raised in the new case were substantially similar enough for the Court to determine that the issues had been "fully litigated, and adjudicated, in the earlier case." *Id*. The court applied collateral estoppel to preclude relitigation of the same issues. *Id.*

15.     Here, the same is true. BD/S's expressly argued in its 12(b) Motion papers against Yucaipa's RICO complaint that the JCT Deal's uncertainty and conditionality precluded an award of damages, and the District Court adopted BD/S's position in its ruling. As a result, the parties, including Plaintiff as successor to BD/S in this matter, have "actually litigated" the issue of whether the JCT Deal was sufficiently certain to support a claim for damages. As the District Court ruled, it is not. *See* Jones Decl., Exh. F at 16 (2016 Dismissal Ruling).

16.     *Third*, it is indisputable that the 2016 Dismissal Ruling was a final judgment on the merits in a prior suit. A grant of a motion to dismiss constitutes final judgment on the merits. *See e.g., Walsh*, 359 F. App'x at 275.

17.     *Fourth*, the District Court's ruling that the JCT Deal was uncertain and "subject to multiple closing conditions including funding contingencies" was necessary to the Court's decision to dismiss the RICO Complaint. The Court was assessing whether the loss of the JCT Deal was sufficiently "concrete" or certain enough to support standing, proximate cause, and damages. *See* Jones Decl., Exh. F at 16-17 (2016 Dismissal Ruling). Yucaipa alleged that it had lost profits from the failure to close the JCT Deal, but the Court found that the deal was, as a matter of law, insufficiently certain because Yucaipa's "losses arising from a failure to close the JCT Deal, if any, are not clear and definite." *Id.* at 16. On these grounds, the District Court ruled that Yucaipa had "failed to allege a concrete financial loss, and count I of the complaint will be dismissed for lack of [RICO] standing." *Id.* at 19.

6

18. Because all four requirements are satisfied here, Plaintiff is collaterally estopped from relitigating the fact that the JCT Deal was too uncertain and contingent to form the basis for a claim for damages. She must live with the ruling from the prior case, which held that there was "no plausible basis for asserting" that the JCT Deal would close. *Id.* at 17.

## V. CONCLUSION

19. For the foregoing reasons, Yucaipa respectfully requests that the Court grants this Motion *in Limine*, precluding Plaintiff from arguing or introducing any evidence or testimony at trial demonstrating that the JCT Deal was sufficiently certain to support an award of damages.

| | |
|---|---|
| Dated: February 15, 2022 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Laura Davis Jones*<br>Laura Davis Jones (DE Bar No. 2436)<br>David M. Bertenthal (CA Bar No. 167624)<br>Peter J. Keane (DE Bar No. 5503)<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Fax: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>    dbertenthal@pszjlaw.com<br>    pkeane@pszjlaw.com<br><br>-and-<br><br>GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP<br>Patricia L. Glaser (*admitted pro hac vice*)<br>Gali Grant (*admitted pro hac vice*)<br>Matthew P. Bernstein (*admitted pro hac vice*)<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 553-3000<br>Fax: (310) 556-2920<br>Email: pglaser@glaserweil.com<br>    ggrant@glaserweil.com<br>    mbernstein@glaserweil.com<br><br>*Counsel for Yucaipa* |